UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDREA SCHMITT, on her own behalf, and on behalf of all similarly situated individuals,

Plaintiff,

v.

KAISER FOUNDATION HEALTH PLAN OF WASHINGTON; KAISER FOUNDATION HEALTH PLAN OF WASHINGTON OPTIONS, INC.; KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST; and KAISER FOUNDATION HEALTH PLAN, INC.,

Defendants.

NO. 2:17-cv-1611

COMPLAINT
(CLASS ACTION)

**I.   PARTIES**

1.   *Andrea Schmitt.*  Plaintiff Andrea Schmitt is diagnosed with hearing loss. Schmitt is insured under a Kaiser Foundation Health Plan of Washington insured health plan that was issued and delivered in King County, Washington. Schmitt's health coverage is through her employment at Columbia Legal Services, which is headquartered in Seattle, Washington.

COMPLAINT (CLASS ACTION) – 1

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

2. ***Kaiser.*** Defendants Kaiser Foundation Health Plan of Washington, Kaiser Foundation Health Plan of Washington Options, Inc. and Kaiser Foundation Health Plan of the Northwest are health care service carriers that do business in the state of Washington. Kaiser Foundation Health Plan of Washington and Kaiser Foundation Health Plan of Washington Options do business in King County, Washington. Based on information and belief, all three are wholly-owned subsidiaries of Kaiser Foundation Health Plan, Inc., a California nonprofit corporation. For the purpose of this Complaint, all are referred to as a single defendant, "Kaiser."

## II. JURISDICTION AND VENUE

3. This action arises under the Patient Protection and Affordable Care Act ("Affordable Care Act" or "ACA") §1557, 42 U.S.C. §18116.

4. Jurisdiction of this Court also arises pursuant to 28 U.S.C. §§1331, 1343.

5. Venue is proper under 28 U.S.C. §1391(b)(1) and (2), because, *inter alia*, a defendant resides or may be found in this district and a substantial part of the events giving rise to the claim occurred in King County.

## III. NATURE OF THE CASE

6. Plaintiff seeks to end Kaiser's standard discriminatory practice of categorically excluding all benefits for treatment of hearing loss, except for cochlear implants. Specifically, Kaiser's insured health plans in Washington contain the following benefit exclusion:

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

| Hearing Examinations and Hearing Aids | Preferred Provider Network | Out of Network |
|---|---|---|
| Hearing aids including hearing aid examinations. | Not covered; *Member pays 100%* of all charges | Not covered; *Member pays 100%* of all charges |
| **Exclusions:** *Programs or treatments for hearing loss* or hearing care including, but not limited to, externally worn hearing aids or surgically implanted hearing aids and the surgery and services necessary to implant them other than for cochlear implants; hearing screening tests including but not limited to non-cochlear hearing aids (externally worn or surgically implanted) and the surgery and services necessary to implant them other than for cochlear implants; hearing screening tests required under Preventive Services. | | |

(emphasis in original and added).  (In this Complaint, the condition is referred hereafter to as "Hearing Loss" and Kaiser's exclusion as the "Hearing Loss Exclusion.")  Kaiser excludes benefits for Hearing Loss even when the treatment is medically necessary to treat qualified individuals with disabilities such as the named Plaintiff.  Kaiser applies its Hearing Loss Exclusion even though it covers the same benefits for other health conditions, including coverage of outpatient office visits and durable medical equipment or prosthetic devices.

7. By categorically excluding insureds with Hearing Loss from all medical treatment related to their disability (except for cochlear implants), Kaiser engages in illegal disability discrimination.  The Affordable Care Act prohibits discrimination on the basis of disability by covered entities, including health insurers like Kaiser.  *See* 42 U.S.C. §18116.  Specifically, Section 1557 provides that "an individual shall not, on the ground prohibited under … Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. §794) be excluded from participation in, *denied the benefits of* or be subjected to discrimination under *any health program* or activity…." 42 U.S.C. §18116(a)

COMPLAINT (CLASS ACTION) – 3

(emphasis added); 45 C.F.R. §92.101(a)(1); *see also* 45 C.F.R. §92.207(b)(2) ("A covered entity shall not, in providing or administering health-related insurance or other health related coverage … have benefit designs that discriminate on the basis of … disability."). As the federal regulators state, "an explicit, categorical (or automatic) exclusion or limitation of coverage for all health services related to [race, gender, age or disability] is unlawful on its face." 81 Fed. Reg. 31429.

8.  Kaiser is a covered "health program or activity" that must comply with the Affordable Care Act's §1557.

9.  Kaiser violates §1557 and engages in illegal discrimination on the basis of disability by designing its health plans to include a blanket Hearing Loss Exclusion.

10. This lawsuit seeks remedies under the Affordable Care Act arising out of Kaiser's failure to comply with §1557. It seeks a court order declaring Kaiser's blanket exclusion of benefits for Hearing Loss void and unenforceable, enjoining Kaiser from continuing to apply the Hearing Loss Exclusion and requiring corrective notice to all Kaiser insureds concerning its required coverage of Hearing Loss. It also seeks damages stemming from Kaiser's deliberate discriminatory exclusion of medically necessary care that, but for the application of its Exclusion, would otherwise be covered.

## IV.  CLASS ALLEGATIONS

11. *Definition of Class*. The class consists of all individuals who:

> (1) have been, are or will be insured under a health insurance plan that has been, is or will be delivered, issued for delivery, or renewed by (a) Kaiser; (b) any affiliate of Kaiser; (c) predecessors or successors in interest of any of the foregoing; and (d) all subsidiaries or parent entities of any of the foregoing, at any time on or after October 30, 2014; and

COMPLAINT (CLASS ACTION) – 4

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

(2) have required, require or will require treatment for Hearing Loss other than treatment associated with cochlear implants.

12.  *Size of Class*.  The class of Kaiser insureds who have required, require or will require treatment for Hearing Loss, excluding treatment associated with cochlear implants, is expected to be so numerous that joinder of all members is impracticable.

13.  *Class Representative Schmitt.*  Named plaintiff Schmitt is an enrollee in a Kaiser insured health plan in the State of Washington.  Schmitt has Hearing Loss that requires treatment other than cochlear implants.  She is a "qualified individual with a disability" under the Affordable Care Act and Section 504 of the Rehabilitation Act.  She requires outpatient office visits (such as to a licensed audiologist) and durable medical equipment or prosthetic devices (such as hearing aids) to treat her Hearing Loss.  Kaiser denied Schmitt's previous request for coverage of her hearing aids and outpatient office visits to her audiologist because of Kaiser's blanket Hearing Loss Exclusion.  Plaintiff's claim is typical of the claims of the other members of the class.  Plaintiff Schmitt will fairly and adequately represent the interests of the class.

14.  *Common Questions of Law and Fact*.  This action requires a determination of whether Kaiser's blanket Hearing Loss Exclusion violates the requirements of the Affordable Care Act's Section 1557 and discriminates against Plaintiff and the class on the basis of their disability, Hearing Loss.  Adjudication of this issue will in turn determine whether Kaiser may be enjoined from enforcing the Hearing Loss Exclusion, and found liable under the Affordable Care Act for injunctive relief, classwide damages and other relief.

15.  *Kaiser Has Acted on Grounds Generally Applicable to the Class.*  Kaiser, by imposing a uniform, blanket exclusion of all coverage for Hearing Loss, has

COMPLAINT (CLASS ACTION) – 5

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

acted on grounds generally applicable to the class, rendering declaratory relief appropriate respecting the whole class. Certification is therefore proper under FRCP 23(b)(2).

16. *Questions of Law and Fact Common to the Class Predominate Over Individual Issues.* The claims of the individual class members are more efficiently adjudicated on a classwide basis. Any interest that individual members of the class may have in individually controlling the prosecution of separate actions is outweighed by the efficiency of the class action mechanism. Upon information and belief, there has been no class action suit filed against these defendants for the relief requested in this action. This action can be most efficiently prosecuted as a class action in the Western District of Washington, where several of the Kaiser defendants have their principal place of business, do business, and where the disputed health insurance plan was issued. Issues as to Kaiser's conduct in applying standard policies and practices towards all members of the class predominate over questions, if any, unique to members of the class. Certification is therefore additionally proper under FRCP 23(b)(3).

17. *Class Counsel*. Plaintiff has retained experienced and competent class counsel.

### V. FACTUAL BACKGROUND

18. During the relevant time periods, Schmitt and members of the class have been insured in one or more Kaiser insured plans.

19. Plaintiff Schmitt and other members of the class have been diagnosed with Hearing Loss, a physical impairment that limits a major life activity so substantially as to require medical treatment. As a result, Schmitt and other members of the class are "qualified individuals with a disability." *See* 28 C.F.R. §39.103.

COMPLAINT (CLASS ACTION) – 6

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

20.  Plaintiff Schmitt and other members of the class have required, require and/or will require medical treatment for their Hearing Loss, excluding treatment with cochlear implants.

21.  Kaiser is a "health program or activity" part of which receives federal financial assistance.  42 U.S.C. §18116; 45 C.F.R. §92.4.  As a result, Kaiser is a "covered entity" under the Affordable Care Act, Section 1557.

22.  Kaiser provided assurances to the U.S. Department of Health and Human Services that it complies with the requirements of Section 1557.  *See* 45 C.F.R. §92.5.

23.  Despite these assurances, Kaiser has designed, issued and administered Washington health plans that exclude all benefits for Hearing Loss, except for cochlear implants.  Kaiser continues to do so, to date.

24.  Kaiser designed its health benefits with the Hearing Loss Exclusion, even though it knew that its enrollees with Hearing Loss needed medical treatment for their condition, other than cochlear implants.  It did so, despite the non-discrimination assurances Kaiser provided to the federal government and its enrollees.

25.  Based upon the Hearing Loss Exclusion, Kaiser has denied coverage of medically necessary treatment and equipment for Schmitt and other members of the class, solely because the requested treatment and equipment would treat their Hearing Loss.

26.  As a result of Kaiser's deliberate discriminatory actions, Kaiser insureds with Hearing Loss, like Schmitt, do not receive coverage for medically necessary outpatient office visits to audiologists or for medically necessary hearing aids, a type of durable medical equipment or prosthetic device.

COMPLAINT (CLASS ACTION) – 7

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

27. Kaiser excludes all coverage for outpatient office visits and durable medical equipment or prosthetic devices to treat Hearing Loss, even though it covers medically necessary outpatient office visits and durable medical equipment or prosthetic devices for other medical conditions.

28. The application of Kaiser's Hearing Loss Exclusion denies individuals with Hearing Loss the benefits and health coverage available to other insureds, based solely on their disability, Hearing Loss.

29. As a result, Plaintiff Schmitt and members of the class have paid out-of-pocket for medically necessary treatment for their Hearing Loss, including audiology examinations and hearing aids. Other class members have been forced to forgo needed medical treatment due to Kaiser's conduct.

30. In the past, Plaintiff Schmitt's pre-authorization request for coverage of hearing aids was denied by Kaiser's predecessor, Group Health Cooperative. While, any further administrative appeals would be futile, no such appeal is required before a claim may be brought under §1557. *See* 45 C.F.R. §92.301(a); 81 Fed. Reg. 31441.

### VI.   CLAIM FOR RELIEF: VIOLATION OF AFFORDABLE CARE ACT §1557, 42 U.S.C. §18116

31. Plaintiff re-alleges all paragraphs above.

32. Section 1557, 42 U.S.C. §18116, provides that "an individual shall not, on the ground prohibited under … section 504 of the Rehabilitation Act of 1973 … be excluded from participation in, *denied the benefits of*, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance…." (emphasis added).

33. Defendants receive federal financial assistance and are therefore a "covered entity" for purposes of Section 1557.

COMPLAINT (CLASS ACTION) – 8

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

34. Plaintiff is a "qualified person with a disability" under both Section 504 and Section 1557.

35. Persons like Schmitt who have hearing loss are discriminated against by Kaiser because it designed and applies the Hearing Loss Exclusion to deny coverage of medically necessary audiological examinations, a type of out-patient office visit, and coverage of medically necessary hearing aids, a type of durable medical equipment or prosthetic device. Under the Exclusion, only people with Hearing Loss, a qualifying disability, are denied access to the benefits that they require. Out-patient office visits and durable medical equipment/prosthetic devices are covered for other health conditions under Kaiser's policies.

36. Defendants have continued to impose the Hearing Loss Exclusion, despite the warning from the U.S. Department of Health and Human Services that "[a]n explicit, categorical (or automatic) exclusion or limitation of coverage for all health services related to [a particular race, gender, age or disability] is unlawful on its face." *See* 81 Fed. Reg. 31429. It has done so despite the non-discrimination assurances it gave to the federal government and its enrollees.

37. By excluding coverage of all health care related to hearing loss, (except for cochlear implants), Kaiser has intentionally discriminated, and continues to discriminate on the basis of disability, against Plaintiff Schmitt and the class she seeks to represent, in violation of Section 1557.

## VII.  DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

1. Certify this case as a class action; designate the named Plaintiff Andrea Schmitt as class representative; and designate SIRIANNI YOUTZ SPOONEMORE HAMBURGER, Eleanor Hamburger and Richard E. Spoonemore, as class counsel;

COMPLAINT (CLASS ACTION) – 9

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

2.  Enter judgment on behalf of the Plaintiff and the class due to Kaiser's discrimination on the basis of disability;

3.  Declare that Kaiser may not apply the blanket Hearing Loss Exclusion and/or other contract provisions, policies or practices that wholly exclude or impermissibly limit coverage of medically necessary treatment solely on the basis of disability;

4.  Enjoin Kaiser from applying the blanket Hearing Loss Exclusion and/or other violations of the Affordable Care Act now and in the future;

5.  Enter judgment in favor of Plaintiff and the class for damages in an amount to be proven at trial due to Kaiser's violation of Section 1557 of the Affordable Care Act;

6.  Award Plaintiff and the class their attorney fees and costs under 42 U.S.C. §1988; and

7.  Award such other relief as is just and proper.

DATED:  October 30, 2017.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER

  */s/ Eleanor Hamburger*
Eleanor Hamburger (WSBA #26478)

  */s/ Richard E. Spoonemore*
Richard E. Spoonemore (WSBA #21833)
  701 Fifth Avenue, Suite 3650
  Seattle, WA 98104
  Tel. (206) 223-0303; Fax (206) 223-0246
  Email: ehamburger@sylaw.com
         rspoonemore@sylaw.com
Attorneys for Plaintiff

COMPLAINT (CLASS ACTION) – 10

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246