UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
ANDREA SCHMITT, )
) No. C17-1611RSL
Plaintiff, )
v. ) ORDER GRANTING MOTION
) TO AMEND COMPLAINT
KAISER FOUNDATION HEALTH PLAN OF )
WASHINGTON, *et al.*, )
)
Defendant. )
_____)

This matter comes before the Court on "Plaintiff's Motion for Leave to File a Second Amended Complaint." Dkt. # 20. Plaintiff claims disability discrimination pursuant to the Patient Protection and Affordable Care Act §1557, codified at 42 U.S.C. §18116, based on the Kaiser defendants (hereinafter "Kaiser") near-blanket exclusion of hearing loss from its insurance coverage. Plaintiff seeks to add putative class member Elizabeth Mohundro as a second named plaintiff to address standing.[1]

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a "strong policy in favor of allowing amendment." Royal Ins. Co. of Am. v.

---

[1] Plaintiff Andrea Schmitt did not submit a claim for coverage of hearing loss treatment to Kaiser. She claims she has standing because submission of such a claim would have been futile, as Kaiser does not dispute it would have denied such a claim. Elizabeth Mohundro is a similarly situated Kaiser insured who has submitted a claim for hearing loss treatment to Kaiser and was denied.

ORDER GRANTING MOTION
TO AMENDED COMPLAINT

Sw. Marine, 194 F.3d 1009, 1016–17 (9th Cir. 1999) (internal quotation omitted). The underlying purpose of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (internal quotation omitted). "Courts may decline to grant leave to amend only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,[2] undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc." Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1117 (9th Cir. 2013) (internal quotation marks and alterations omitted).

Kaiser argues that the proposed amendment should be rejected as futile. If a proposed amendment would be immediately subject to dismissal when challenged under Rule 12(b)(6), there is no reason to put defendants through the unnecessary expense and delay of responding to the amendment. Nordyke v. King, 644 F.3d 776, 787 n.12 (9th Cir. 2011), aff'd on reh'g en banc, 681 F.3d 1041 (9th Cir. 2012). Kaiser has a pending Rule 12(b)(6) motion to dismiss attacking plaintiff's claims both for lack of standing and on the merits. Dkt. #17. The proposed amendment goes to a disputed standing issue and is, therefore, not futile. The Court will properly address the argument on the merits of the discrimination claim in the context of the motion to dismiss. Allowing plaintiff to address a perceived standing issue at this stage in the proceedings facilitates judicial efficiency and decision on the merits.

For the foregoing reasons, plaintiff's motion to file a second amended complaint is GRANTED. Plaintiff may, within seven days of the date of this Order, file and serve a second amended complaint substantially in the form of Appendix A (Dkt. #20-1) adding putative class member Elizabeth Mohundro as a second named plaintiff.

---

[2]Plaintiffs amended their complaint as of right prior to this motion. Dkt. #12.

1       Dated this 27th day of February, 2018.

*MWT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
TO AMENDED COMPLAINT       -3-