UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREA SCHMITT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN OF WASHINGTON, *et al.*,<br><br>Defendants. | Cause No. C17-1611RSL<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT |

This matter comes before the Court on "Defendants' 12(b)(6) Motion to Dismiss Fourth Amended Complaint." Dkt. # 72. Having reviewed the memoranda submitted by the parties[1] and construing the Fourth Amended Complaint in the light most favorable to plaintiffs, the Court finds as follows:

(1) Plaintiffs have plausibly alleged that hearing loss is a viable proxy for hearing disability, such that defendants' hearing loss exclusion raises an inference of discrimination against the protected group under Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116.

---

[1] This matter can be resolved on the papers submitted. Defendants' request for oral argument is DENIED.

ORDER DENYING DEFENDANTS' MOTION
TO DISMISS THE FOURTH AMENDED
COMPLAINT - 1

(2) Plaintiffs' "Breach of Contract and Violation of RCW 48.43.0128" claim is also plausible. Plaintiffs do not assert a cause of action directly under RCW 48.43.0128, but rather allege that the statute voids and makes unenforceable the hearing loss exclusion. *O.S.T. ex rel. G.T. v. BlueShield*, 181 Wn.2d 691, 707 (2014) (a blanket exclusion of neurodevelopmental therapies that violates the mental health parity act "is void and invalid as a matter of Washington law."); *Brown v. Snohomish Cnty. Physicians Corp.*, 120 Wn.2d 747, 753 (1993) ("[L]imitations in insurance contracts which are contrary to public policy and statute will not be enforced . . . ."); RCW 48.18.200(2) ("Any such condition, stipulation, or agreement in violation of this section shall be void . . . ."); RCW 48.18.510 ("Any insurance policy, rider, or endorsement hereafter issued and otherwise valid, which contains any condition or provision not in compliance with the requirements of this code, shall not be rendered invalid thereby, but shall be construed and applied in accordance with such conditions and provisions as would have applied had such policy, rider, or endorsement been in full compliance with this code."). While most such disputes are resolved in the context of a declaratory judgment action, a denial of coverage based on a void and unenforceable exclusion could arguably be a breach of contract under Washington law. See *O.S.T. ex rel. G.T.*, 181 Wn.2d at 695 (acknowledging breach of contract claim asserted against insurer which denied coverage based on a contractual term that was invalid, void, and unenforceable). Because plaintiffs have alleged a plausible claim of disability

ORDER DENYING DEFENDANTS' MOTION
TO DISMISS THE FOURTH AMENDED
COMPLAINT - 2

discrimination in the design and/or implementation of its hearing-related benefits, this claim may proceed.[2]

For all of the foregoing reasons, defendants' motion to dismiss (Dkt. # 72) is DENIED.

Dated this 4th day of August, 2022.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] Defendants have not shown how a regulation, such as WAC 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, could trump a statute under Washington law.

ORDER DENYING DEFENDANTS' MOTION
TO DISMISS THE FOURTH AMENDED
COMPLAINT - 3