1

The Honorable Robert S. Lasnik

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9

ANDREA SCHMITT; ELIZABETH
MOHUNDRO; and O.L. by and through her
parents, J.L. and K.L., each on their own behalf,
and on behalf of all similarly situated
individuals,

         Plaintiff,

    v.

KAISER FOUNDATION HEALTH PLAN OF
WASHINGTON; KAISER FOUNDATION
HEALTH PLAN OF WASHINGTON
OPTIONS, INC.; KAISER FOUNDATION
HEALTH PLAN OF THE NORTHWEST; and
KAISER FOUNDATION HEALTH PLAN,
INC.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 2:17-cv-1611-RSL

DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FOURTH AMENDED
COMPLAINT

10

11

12

13

14

15

16

17

18

19

20

21

    Defendants KAISER FOUNDATION HEALTH PLAN OF WASHINGTON ("KFHPW"); KAISER FOUNDATION HEALTH PLAN OF WASHINGTON OPTIONS, INC. ("KFHPWAO"); KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST ("KFHPNW"); and KAISER FOUNDATION HEALTH PLAN, INC. ("KFHP") (collectively, the "Defendants"), by and through their undersigned attorneys of record, for their answer to the Plaintiffs' Fourth Amended Complaint (Dkt. #65), state as follows:

22

23

24

25

26

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

# I.    INTRODUCTION

1.     Defendants lack information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore deny the same.

2.     Defendants lack information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore deny the same.

3.     As to Paragraph 3, Defendants deny that KFHP issues any health policies. Defendants admit that health policies issued by KFHPW, KFHPWAO and KFHPNW all cover cochlear implants and related services for hearing disabled members.  Defendants deny that all health policies issued by KFHPW, KFHPWO and KFHPNW exclude coverage for all hearing aids and related services and respond that the individual health plans speak for themselves. The remaining allegations of this Paragraph are Plaintiffs' recitation of their former allegations and this court's rulings which speak for themselves and to the extent Plaintiffs' recitation of such allegations and rulings is inconsistent or incomplete, it is denied. All remaining allegations of Paragraph 3 are denied.

4.     As to the Plaintiffs' partial recitation of the Ninth Circuit's opinion in Paragraph 4, Defendants avers the opinion speaks for itself and to the extent Plaintiffs' recitation is inconsistent or incomplete, it is denied.  Defendants deny the remaining allegations in Paragraph 4.

5.     Paragraph 5 states legal conclusions and definitional allegations to which no response is necessary. To the extent any response to the allegations in Paragraph 5 is required, Defendants deny the same.

# II.    PARTIES

6.     On information and belief, Defendants admit that Andrea Schmitt was as some time insured under a KFHPW group health plan purchased by and issued to her employer, Columbia Legal Services. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and therefore deny the same.

7.     On information and belief, Defendants admit that Elizabeth Mohundro was as some

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

time insured under a KFHPWAO group health plan purchased by and issued to her employer, World Association for Children and Parents. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 and therefore deny the same.

8.      On information and belief, Defendants admit O.L was at one time insured as a dependent of her parent under a KFHPWAO group health plan purchased by and issued to the Richmark Company, her parent's employer. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and therefore deny the same.

9.      Defendants admit the allegations in the first two sentences of Paragraph 9. The remaining allegations are denied.

### III.      JURISDICTION AND VENUE

10.     Paragraph 10 states legal conclusions and definitional allegations to which no response is necessary. To the extent any response to the allegations in Paragraph 10 is required, Defendants deny the same and deny that Plaintiffs have stated a cause of action under the ACA.

11.     Paragraph 11 states legal conclusions and definitional allegations to which no response is necessary. To the extent any response to the allegations in Paragraph 11 is required, Defendants deny the same and deny that Plaintiffs have stated a claim for breach of contract.

12.     Paragraph 12 states legal conclusions and definitional allegations to which no response is necessary. To the extent any response to the allegations in Paragraph 12 is required, Defendants admit venue is proper in this Court.

### IV.      NATURE OF THE CASE

13.     Defendants deny the allegations of Paragraph 13 and aver that each health plan speaks for itself.

14.     Defendants deny that KFHPW issued any health plan to Plaintiff Schmitt in 2020, aver that the health plan purchased by Columbia Legal Services speaks for itself and deny all remaining allegations of Paragraph 14, including references to an Appendix.

15.     The allegations of Paragraph 15 consist of legal conclusions and definitional

DEFENDANTS' ANSWER TO FOURTH AMENDED COMPLAINT - 3
CASE NO. 2:17-cv-01611-RSL
#5230747 v2 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1  allegations to which no response is necessary. Defendants deny all other allegations of this

2  Paragraph.

3        16.     As to Paragraph 16, Defendants admit that KFHPW, KFHPWAO and KFHPNW

4  are "covered entities" within the definitional provisions of Section 1557 of the Affordable Care

5  Act.  Defendants deny that KFHP is a covered entity. Except as expressly admitted, the remaining

6  allegations in Paragraph 16 are denied.

7        17.     Defendants deny the allegation in Paragraph 17.

8        18.     Defendants deny the allegations in Paragraph 18.

9        19.     The allegations of Paragraph 19 are a recitation of the claim and damages that

10  Plaintiffs seek in the Plaintiffs' Fourth Amended Complaint, which speaks for itself, and

11  Defendants deny that Plaintiffs are entitled to any of the relief sought in this action.

12        20.     Defendants deny any violation of RCW 48.43.0128. The remaining allegations of

13  Paragraph 20 consist of legal conclusions and arguments to which no response is necessary. To

14  the extent any response to the allegations in Paragraph 20 is required, Defendants deny the same.

15        21.     Defendants deny the allegations referenced in Paragraph 21.

16        **V.     CLASS ALLEGATIONS**

17        22.     Defendants deny that Paragraph 22 states a viable definition of a class and to the

18  extent a response is necessary, the allegations are denied.

19        23.     Defendants deny the allegations of Paragraph 23.

20        24.     As to Paragraph 24, Defendants deny that Schmitt, Mohundro, and O.L. "were at

21  all relevant times" enrolled under a Kaiser insured health plan in the State of Washington.

22  Defendants admit that Mohundro and O.L. did not seek coverage for cochlear implants or bone

23  anchored hearing aids, both of which are covered under the health plans at issue, but instead sought

24  coverage for a different type of hearing aid (air conduction), which the employers/plan sponsors

25  that bought the insurance at issue chose not to purchase. Defendants lack information sufficient to

26  form a belief as to the truth of the remaining allegations in Paragraph 24, as to the specific medical

DEFENDANTS' ANSWER TO FOURTH AMENDED COMPLAINT - 4
CASE NO. 2:17-cv-01611-RSL
#5230747 v2 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1    condition(s) for either Mohundro or O.L., and accordingly those allegations are denied. Except as

2    expressly admitted above, all remaining allegations of this Paragraph are denied.

3        25.    Paragraph 25 states legal conclusions and arguments to which no response is

4    necessary. To the extent any response to the allegations in Paragraph 25 is required, Defendants

5    deny all such allegations and deny that the law mandates coverage for the specific type of hearing

6    aids that named Plaintiffs desire, which is the determination that their lawsuit seeks.

7        26.    Defendants deny the allegations of Paragraph 26.

8        27.    Defendants admit that there has been no other class action filed against Defendants

9    seeking the relief sought in this action, and that some of the defendants have their principal place

10    of business and do business in this district. Defendants deny each and every remaining allegation

11    of Paragraph 27.

12        28.    Defendants admit the allegations of Paragraph 28.

13                          **VI.    FACTUAL BACKGROUND**

14        29.    The allegations of Paragraph 29 consist of legal conclusions and definitional

15    allegations to which no response is necessary. To the extent any response to the allegations in

16    Paragraph 29 is required, Defendants state that the state statutes referenced in Paragraph 29 speak

17    for themselves.

18        30.    The allegations of Paragraph 30 consist of legal conclusions and definitional

19    allegations to which no response is necessary. To the extent any response to the allegations in

20    Paragraph 30 is required, Defendants state that the state statutes and website referenced in

21    Paragraph 30 speak for themselves and that the allegations are incomplete and further that they

22    expressly omit reference to the federal Over-The-Counter Hearing Aid Act of 2017 (115th

23    Congress Public Law 52, Section 709).

24        31.    The allegations of Paragraph 31 consist of legal conclusions and definitional

25    allegations to which no response is necessary. To the extent any response to the allegations in

26    Paragraph 31 is required, Defendants deny the same.

DEFENDANTS' ANSWER TO FOURTH AMENDED COMPLAINT – 5
CASE NO. 2:17-cv-01611-RSL
#5230747 v2 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

32.     The allegations of Paragraph 32 consist of legal conclusions and definitional allegations to which no response is necessary. To the extent any response to the allegations in Paragraph 32 is required, Defendants state that the statutes and regulation referenced in Paragraph 32 speak for themselves and deny Plaintiffs' legal arguments and conclusions therefrom.

33.     The allegations of Paragraph 33 consist of legal conclusions and definitional allegations to which no response is necessary. To the extent any response to the allegations in Paragraph 33 is required, Defendants states that the statute referenced in Paragraph 33 speaks for itself and deny Plaintiffs' legal arguments and conclusions therefrom.

34.     The allegations of Paragraph 34 consist of legal conclusions and definitional allegations to which no response is necessary. To the extent any response to the allegations in Paragraph 34 is required, Defendants state that the statute referenced in Paragraph 34 speaks for itself.

35.     The allegations of Paragraph 35 consist of legal conclusions and definitional allegations to which no response is necessary. To the extent any response to the allegations in Paragraph 35 is required, Defendants states that the statute referenced in Paragraph 35 speaks for itself and deny Plaintiffs' legal arguments and conclusions therefrom.

36.     The allegations of Paragraph 36 consist of legal conclusions and definitional allegations to which no response is necessary. To the extent any response to the allegations in Paragraph 36 is required, Defendants states that the regulations referenced in Paragraph 36 speak for themselves, and deny Plaintiffs' legal arguments and conclusions therefrom.

37.     The allegations of Paragraph 37 consist of legal conclusions and definitional allegations to which no response is necessary. To the extent any response to the allegations in Paragraph 37 is required, Defendants states that the state statute referenced in Paragraph 37 speaks for itself.

38.     The allegations of Paragraph 38 consist of legal arguments to which no response is necessary. To the extent any response to the allegations in Paragraph 38 is required, Defendants

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1     deny Plaintiffs' legal arguments and conclusions therefrom.

2         39.     Defendants lack information sufficient to form a belief as to the truth of the

3     allegations in Paragraph 39 and therefore deny the same.

4         40.     As to Paragraph 40, Defendants aver that hearing loss can be slight, mild, moderate,

5     severe or profound, or any combination of those. Hearing loss can occur suddenly or over a long

6     period of time. It can be temporary or permanent. Hearing loss can have many causes depending

7     on the individual, and one or more of any number of different components may be involved, which

8     could include the brain, the nerves, hair cells, middle ear bones, inner ear, ear drum, and/or ear

9     canal, as well being impacted by other issues, such as ear wax, blood pressure, age, medication,

10     exposure to loud noises, trauma, etc. Defendants deny the allegations of Paragraph 40 as

11     incomplete and to the extent inconsistent with the above.

12         41.     As to Paragraph 41, Defendants aver that the "pure-tone" test is a subjective test

13     used to identify the quietest sound a patient reports that they can hear at certain pitches and

14     decibels. To the extent the allegations of Paragraph 41 are inconsistent or incomplete, they are

15     denied.

16         42.     Defendants deny the allegations in Paragraph 42.

17         43.     Defendants aver that the 2011 article by "Lin et al." speaks for itself. Defendants

18     deny the allegations of Paragraph 43.

19         44.     Defendants deny that "Washington insured Kaiser enrollees lose their private

20     Kaiser coverage when they become Medicare eligible," and accordingly, deny the allegations of

21     Paragraph 44.

22         45.     As to Paragraph 45, Defendants admit there is a wide variation in the degree of

23     hearing loss individuals may experience, from slight to profound. Except as admitted above,

24     Defendants deny all remaining allegations of Paragraph 45 and deny that the allegations accurately

25     portray the information cited in the cited URL.

26         46.     Defendants lack information sufficient to form a belief as to the truth of the

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1  allegations in Paragraph 46 as to what "most people" believe and deny the allegations of this

2  paragraph.

3       47.    As to Paragraph 47, on information and belief, Defendants admit that sensorineural

4  hearing loss is a particular form of hearing loss. Defendants further admit sensorineural hearing

5  loss is the most common form of hearing loss. Without having the medical information about

6  individual patients, Defendants lack information sufficient to form a belief as to the truth of the

7  remaining allegations in Paragraph 47 and therefore deny the same.

8       48.    As to Paragraph 48, on information and belief, Defendants admit that conductive

9  hearing loss generally refers to a problem with the outer or middle ear that prevents sound from

10 reaching the inner ear.  Defendants further admit that the bone-anchored hearing aid can sometimes

11 be used for patients with conductive hearing loss but also in those with mixed and unilateral

12 sensorineural hearing loss.  Without having the medical information about individual patients,

13 Defendants lack information lack information sufficient to form a belief as to the truth of the

14 allegations in Paragraph 48 and therefore deny the same.

15      49.    Defendants lack information sufficient to form a belief as to the truth of the

16 allegations in Paragraph 49 and therefore deny the same.

17      50.    Defendants lack information sufficient to form a belief as to the truth of the

18 allegations in Paragraph 50 and therefore deny the same.

19      51.    Defendants lack information sufficient to form a belief as to the truth of the

20 allegations in Paragraph 51 and therefore deny the same.

21      52.    Defendants deny the allegations in Paragraph 52, including the improper legal

22 argument and conclusions contained therein.

23      53.    Defendants lack information sufficient to form a belief as to the truth of the

24 allegations, assumptions, and conclusions in Paragraph 53 and therefore deny the same.

25      54.    Defendants lack information sufficient to form a belief as to the truth of the

26 allegations, assumptions, and conclusions in Paragraph 54 and therefore deny the same.

DEFENDANTS' ANSWER TO FOURTH AMENDED COMPLAINT - 8
CASE NO. 2:17-cv-01611-RSL
#5230747 v2 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

55.     The allegations of Paragraph 55 consist of an incomplete hypothetical, legal conclusions and argument, and assumptions, and accordingly, Defendants lack information sufficient to form a belief as to the truth of the allegations in Paragraph 55 as to any particular individual. Accordingly, the allegations are denied.

56.     The allegations of Paragraph 56 consist of an incomplete hypothetical, legal conclusions and argument, and assumptions, and accordingly, Defendants lack information sufficient to form a belief as to the truth of the allegations in Paragraph 56 as to any particular individual. Accordingly, the allegations are denied.

57.     Defendants deny the allegations of Paragraph 57.

58.     Defendants deny the allegations of Paragraph 58.

59.     Defendants deny the allegation of Paragraph 59.

60.     Defendants deny the allegations of Paragraph 60.

61.     Defendants deny the allegations of Paragraph 61.

62.     Defendants deny the allegations in Paragraph 62.

63.     Defendants lack information sufficient to form a belief as to the truth of the allegations regarding the Medicaid program and the allegations relating thereto, which are accordingly denied.

64.     As to Paragraph 64, Defendants admit that a cochlear implant can be used to treat a certain type of hearing loss and that it consists of an external microphone, a speech processor and a small device placed under the skin near the ear, with electrodes placed in the cochlea. Defendants further aver that the article at the cited URL speaks for itself.  Except as admitted above, Defendants deny all remaining allegations of Paragraph 64 which are inconsistent or incomplete with the above.

65.     As to Paragraph 65, Defendants admit that general anesthesia is generally used for implantation of the cochlear implant. Except as admitted above, Defendants deny all remaining allegations of Paragraph 65 inconsistent with the above.

DEFENDANTS' ANSWER TO FOURTH AMENDED COMPLAINT - 9
CASE NO. 2:17-cv-01611-RSL
#5230747 v2 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

66.     As to Paragraph 66, Defendants admit cochlear implants generally benefit individuals who have hearing loss. Except as admitted above, Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66 and therefore deny the same.

67.     Defendants aver the "Lin et al." article speaks for itself and Defendants lack information sufficient to form a belief as to the truth of the allegations referenced in Paragraph 67 and therefore deny the same.

68.     Defendants lack information sufficient to form a belief as to the truth of the allegations referenced in Paragraph 68 and therefore deny the same. Defendants further states that the article referenced in Paragraph 68 speaks for itself.

69.     Defendants lack information sufficient to form a belief as to the truth of the allegations referenced in Paragraph 69 and therefore deny the same. Defendants further states that the article referenced in Paragraph 69 speaks for itself.

70.     Defendants deny the allegations of Paragraph 70.

71.     Defendants admit bone anchored hearing aids can be used to treat some conductive and mixed hearing loss, and unilateral sensorineural hearing loss and Defendants aver the article referenced in Paragraph 71 speaks for itself. Except as admitted above, Defendants deny the remaining allegations of Paragraph 71.

72.     Defendants lack information sufficient to form a belief as to the truth of the allegations referenced in Paragraph 72 and therefore deny the same. Defendants further states that the article and estimates referenced in Paragraph 72 speaks for itself.

73.     Defendants lack information sufficient to form a belief as to the truth of the allegations referenced in Paragraph 73 and therefore deny the same. Defendants further states that the publication referenced in Paragraph 73 speaks for itself.

74.     Defendants lack information sufficient to form a belief as to the truth of the allegations referenced in Paragraph 74 and therefore deny the same.

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

75.     Defendants lack information sufficient to form a belief as to the truth of the allegations referenced in Paragraph 75 and therefore deny the same.

76.     Defendants lack information sufficient to form a belief as to the truth of the allegations referenced in Paragraph 76 and therefore deny the same.

77.     Defendants lack information sufficient to form a belief as to the truth of the allegations referenced in Paragraph 77 and therefore deny the same.

78.     Defendants lack information sufficient to form a belief as to the truth of the allegations referenced in Paragraph 78 and therefore deny the same.

79.     Defendants lack information sufficient to form a belief as to the truth of the allegations referenced in Paragraph 79 and therefore deny the same.

80.     Defendants lack information sufficient to form a belief as to the truth of the allegations referenced in Paragraph 80 and therefore deny the same.

81.     Defendants lack information sufficient to form a belief as to the truth of the allegations referenced in Paragraph 81 and therefore deny the same.

82.     Defendants lack information sufficient to form a belief as to the truth of the allegations referenced in Paragraph 82 and therefore deny the same.

83.     Defendants lack information sufficient to form a belief as to the truth of the allegations referenced in Paragraph 83 and therefore deny the same.

84.     Defendants lack information sufficient to form a belief as to the truth of the allegations referenced in Paragraph 84 and therefore deny the same.

85.     Defendants lack information sufficient to form a belief as to the truth of the allegations referenced in Paragraph 85 and therefore deny the same.

86.     Defendants admit that claims for coverage of O.L.'s hearing aids and related services in 2019 and 2020 were denied, and respond that the referenced explanations of benefits speak for themselves.

87.     Defendants lack information sufficient to form a belief as to the truth of the

DEFENDANTS' ANSWER TO FOURTH AMENDED COMPLAINT - 11
CASE NO. 2:17-cv-01611-RSL
#5230747 v2 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1   allegations referenced in Paragraph 87 and therefore deny the same.

2          88.     Defendants lack information sufficient to form a belief as to the truth of the

3   allegations referenced in Paragraph 88 and therefore deny the same.

4          89.     Defendants deny the allegations in Paragraph 89.

5          90.     Defendants deny the allegations of Paragraph 90.

6          91.     Defendants lack information sufficient to form a belief as to the truth of the

7   allegations referenced in Paragraph 91 and therefore deny the same.

8          92.     Defendants admit that KFHPWAO, KFHPNW and KFHPW operate health

9   programs or activities pursuant to the legal citations, as alleged in Paragraph 92; otherwise, deny

10  the allegations in Paragraph 92.

11         93.     Defendants admit KFHPWAO, KFHPNW and KFHPW are covered entities;

12  otherwise, deny the allegations in Paragraph 93.

13         94.     As to Paragraph 94, Defendants admit that it complied with the requirements of

14  ACA § 1557.

15         95.     Defendants admit that it complies with the requirements of ACA § 1557, and that

16  it has posted and published notices of consumer civil rights confirming that fact. Defendants deny

17  the remaining allegations of Paragraph 95.

18         96.     Defendants deny the allegations of Paragraph 96.

19         97.     Upon information and belief, Defendants admit the allegations of Paragraph 97.

20         98.     The allegations of Paragraph 98 consist of legal arguments and conclusions to

21  which no response is necessary. To the extent any response to those allegations is required,

22  Defendants deny such legal conclusions.

23         99.     Defendants deny the allegations of Paragraph 99.

24         100.    Defendants deny the allegations of Paragraph 100.

25         101.    Defendants deny the allegations of Paragraph 101.

26         102.    Defendants deny the allegations of Paragraph 102.

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1     103.    Defendants deny the allegations of Paragraph 103.

2     104.    Defendants deny the allegations of Paragraph 104.

3     105.    Defendants deny the allegations of Paragraph 105.

4     106.    Defendants deny the allegations of Paragraph 106.

5     107.    The allegations of Paragraph 107 consist of legal conclusions and definitional

6  allegations to which no response is necessary. To the extent any response to those allegations is

7  required, Defendants responds that the authorities referenced in Paragraph 107 speak for

8  themselves.

9                              VII.    CLAIMS FOR RELIEF

10                                   COUNT I

11    108.    Defendants reallege the responses set forth in Paragraphs 1-107, as if fully asserted

12  in response to Paragraph 108.

13    109.    The allegations of Paragraph 109 consist of legal conclusions and definitional

14  allegations to which no response is necessary. To the extent any response to those allegations is

15  required, Defendants responds that Plaintiffs have accurately quoted ACA § 1557 in part and the

16  statute speak for itself.

17    110.    Defendants admit that KFHPWAO, KFHPNW and KFHPW operate health

18  programs or activities pursuant to the legal citations, as alleged in Paragraph 110; otherwise, deny

19  the allegations of Paragraph 110.

20    111.    Defendants lacks information sufficient to form a belief as to the truth of the

21  allegations of Paragraph 111, and therefore deny the same.

22    112.    Defendants deny the allegations of Paragraph 112.

23    113.    Defendants deny the allegations of Paragraph 113.

24    114.    Defendants deny the allegations of Paragraph 114.

25    115.    Defendants deny the allegations of Paragraph 115.

26    116.    Defendants deny the allegations of Paragraph 116.

117.    Defendants deny the allegations of Paragraph 117.

118.    Defendants deny the allegations of Paragraph 118.

119.    Defendants deny the allegations of Paragraph 119.

## COUNT II

120.    In response to Paragraph 120, Defendants reallege their responses to Paragraphs 1-119 as if fully incorporated above.

121.    The allegations of Paragraph 121 consist of legal conclusions and definitional allegations to which no response is necessary.

122.    The allegations of Paragraph 122 consist of legal conclusions and definitional allegations to which no response is necessary.

123.    Defendants deny the allegations of Paragraph 123.

124.    Defendants deny the allegations in Paragraph 124.

To the extent Plaintiffs' Demand for Relief requires a response, Defendants deny that Plaintiff are entitled to any of the relief they seek.

## AFFIRMATIVE AND OTHER DEFENSES

By way of affirmative defenses to the Plaintiffs' claim, Defendants alleges as follows:

1.    The health plans at issue are bona fide benefit plans based on and consistent with state law.

2.    Plaintiffs' claims fail because Defendants had and utilized legitimate, neutral and non-discriminatory reasons, rules and principles, including reasonable medical management techniques, in adopting the challenged but justified health plan provisions.

3.    One or more of the Plaintiffs' and putative class members' claims for damages fail because they fail to comply with the terms and conditions of the health plans at issue, including whether air conduction hearing aids are medically necessary for them and/or failure to submit a claim for coverage or otherwise comply with the claim and appeal procedures under their plan, including failure to exhaust administrative remedies.

DEFENDANTS' ANSWER TO FOURTH AMENDED COMPLAINT – 14
CASE NO. 2:17-cv-01611-RSL
#5230747 v2 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1    4.    Plaintiffs' claims fail to the extent they purchased and paid for specific air

2    conduction hearing aids and related treatments and services at times when they were not covered

3    by Defendants' health plans.

4    5.    Plaintiffs' claims are barred, in whole or in part, because they failed to mitigate

5    their damages, if any.

6    6.    Plaintiffs' claims fail to the extent they failed to commence this action within the

7    time required by the applicable statute of limitations.

8    7.    Plaintiffs' claims fail, in whole or in part, to the extent they are premature and not

9    ripe for consideration.

10    8.    Plaintiffs' claims, and those claims they purport to bring on behalf of members of

11    the putative class, are barred in whole or in part because Plaintiffs and the putative class members

12    lack standing to assert the alleged claims, including the failure to suffer any injury in fact.

13    9.    This Court lacks personal jurisdiction over any claims on behalf of any absent

14    members of the putative class.

15    10.    Plaintiffs' claims fail because the relief they seek would fundamentally alter

16    Kaiser's programs, activities and services, and would result in an undue financial burden.

17    11.    Plaintiffs' claims fail because Defendants offer riders with coverage for hearing

18    aids and related treatments and services, and any fault for failing to obtain such coverage lies with

19    Plaintiffs, their employers or other nonparties.

20    Defendants reserves the right to amend or supplement any affirmative or other defenses,

21    and to assert any other such defenses as investigation and discovery may warrant.

22    **PRAYER FOR RELIEF**

23    WHEREFORE, Defendants requests entry of judgment in their favor and against Plaintiffs

24    as follows:

25    1.    Dismissing Plaintiffs' Fourth Amended Complaint in its entirety with prejudice;

26    2.    Denying Plaintiffs' requests for damages, costs, attorney fees, equitable relief, and

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1    all other relief Plaintiffs seek herein;

2         3.    Awarding Defendants their costs, expenses, disbursements and attorney fees as

3    permitted by law; and

4         4.    Awarding Defendants such other and further relief as the Court deems just and

5    equitable.

6         Respectfully submitted this 1st day of September 2022.

7                              **KARR TUTTLE CAMPBELL**

8                              *s/ Medora A. Marisseau*
                               Medora A. Marisseau, WSBA# 23114
9                              Mark A. Bailey, WSBA #26337
                               Joshua M. Howard, WSBA #52189
10                             701 Fifth Avenue, Suite 3300
                               Seattle, Washington 98104
11                             Telephone:  206-223-1313
                               Facsimile:  206-682-7100
12                             Email:  mmarisseau@karrtuttle.com
                               Email:  mbailey@karrtuttle.com
13                             Email:  jhoward@karrtuttle.com
                               *Attorneys for the Defendants*
14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' ANSWER TO FOURTH AMENDED COMPLAINT - 16
CASE NO. 2:17-cv-01611-RSL
#5230747 v2 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1

## CERTIFICATE OF SERVICE

2        I, Luci E. Brock, affirm and state that I am employed by Karr Tuttle Campbell in King

3    County, in the State of Washington.  I am over the age of 18 and not a party to this action.  My

4    business address is:  701 Fifth Avenue, Suite 3300, Seattle, Washington 98104. On this day, I

5    caused a true and correct copy of the foregoing document to be filed with the Court and served on

6    the parties listed below in the manner indicated.

7    Eleanor Hamburger
     Richard E. Spoonemore                                    ☒   Via U.S. Mail
8    SIRIANNI YOUTZ SPOONEMORE HAMBURGER                      ☐   Via Hand Delivery
     3101 Western Avenue Ste 350                              ☒   Via Electronic Mail
9    Seattle, WA 98121                                        ☐   Via Overnight Mail
10   206-223-0303                                             ☒   CM/ECF via court's website
     Fax: 206-223-0246
11   ehamburger@sylaw.com
     rspoonemore@sylaw.com
12   *Attorneys for the Plaintiffs*

13   John F. Waldo
     LAW OFFICE OF JOHN F WALDO                               ☒   Via U.S. Mail
14   2108 McDuffie Street                                     ☒   Via Hand Delivery
     Houston, TX 77019                                        ☐   Via Electronic Mail
15   206-849-5009                                             ☐   Via Overnight Mail
     Email: johnfwaldo@hotmail.com                            ☒   CM/ECF via court's website
16   *Attorneys for the Plaintiffs*

17        I declare under penalty of perjury under the laws of the State of Washington that the

18   foregoing is true and correct, to the best of my knowledge.

19        Executed on this 1st day of September 2022, at Seattle, Washington.

20

21                                           s/ Luci Brock
                                             Litigation Legal Assistant
22

23

24

25

26

DEFENDANTS' ANSWER TO FOURTH AMENDED COMPLAINT – 17
CASE NO. 2:17-cv-01611-RSL
#5230747 v2 / 22408-614