The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ANDREA SCHMITT; ELIZABETH MOHUNDRO; and O.L. by and through her parents, J.L. and K.L., each on their own behalf, and on behalf of similarly situated individuals,<br><br>                Plaintiffs,<br><br>     v.<br><br>KAISER FOUNDATION HEALTH PLAN OF WASHINGTON; KAISER FOUNDATION HEALTH PLAN OF WASHINGTON OPTIONS, INC.; KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST; and KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>                Defendants. | CASE NO. 2:17-cv-1611-RSL<br><br>DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION<br><br>NOTED ON MOTION CALENDAR: FRIDAY, MARCH 3, 2023<br><br>**_ORAL ARGUMENT REQUESTED_** |

TABLE OF CONTENTS

Page

I.   INTRODUCTION AND SUMMARY OF ARGUMENT ................................................1

II.  FACTS ........................................................................................................................2

III. PROCEDURAL STATUS AND PLAINTIFFS' CLAIMS .........................................5

IV.  THE PROPOSED CLASS IS WILDLY OVER BROAD...........................................7

     A.   The Proposed Class Includes Thousands of Enrollees Who Were Never
          Subjected to the Exclusion.........................................................................................8

     B.   The Proposed Class Is Primarily Comprised of the Non-Hearing Disabled...........8

V.   CLASS CERTIFICATION SHOULD BE DENIED UNDER RULE 23 ........................11

     A.   Rule 23(a)'s Commonality and Adequacy of Representation Are Not
          Satisfied......................................................................................................................12

     B.   Plaintiffs Fail to Satisfy the "Extremely Conservative" Standard for
          Certification Under 23(b)(1)(B) ................................................................................14

     C.   The Proposed Class Cannot be Certified Under Rule 23(b)(2) as a
          "Injunctive/Declaratory Relief" Class Because the Claims Involve
          Individualized Money Damages and the Proposed Class as a Whole is Not
          Entitled to Equitable Relief......................................................................................16

          1.   Plaintiffs' Individualized Monetary Claims Require Denial of a
              Rule 23(b)(2) Class. ...................................................................................17

          2.   The Class as a Whole Is Not Entitled to Injunctive/Declaratory
              Relief........................................................................................................ 19

     D.   Certification Under Rule 23(b)(3) Should Be Denied Because
          Individualized Issues Predominate Over Common Ones and a "Damages"
          Class is Not Superior. ...............................................................................................20

          1.   Individual Issues Predominate .................................................................. 20

          2.   Superiority ................................................................................................. 22

VI.  CONCLUSION.........................................................................................................23

DEFENDANTS' RESPONSE TO
CLASS CERTIFICATION MOTION - i
CASE NO. 17-cv-1611 RSL
#5340200 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1

## <u>TABLE OF AUTHORITIES</u>

<u>Pages</u>

2

3

**Cases**

*Aho v. AmeriCredit Financial Services, Inc.*, No. 10-cv-1373 DMS, 2011 U.S. Dist. LEXIS 80426, 2011 WL 3047677 (S.D. Cal., July 25, 2011)...................................................... 7

*Armstrong v. Brown*, 857 F. Supp. 2d 919 (N.D. Cal. 2012)........................................................ 8

*B.K. v. Snyder*, 922 F.3d 957 (9th Cir. 2019) ........................................................................... 19

*Berry v. Transdev Servs., Inc.*, 2019 U.S. Dist. LEXIS 2678, 2019 WL 117997 (W.D. Wash. Jan. 7, 2019)........................................................................................................ 23

*Blunt v. Lower Merion Sch. Dist.*, 262 F.R.D. 481 (E.D. Pa. 2009)........................................... 8

*Brancheau v. Residential Mortg. Grp.*, 177 F.R.D. 655 (D. Min. 1997).................................. 23

*Brooks v. Pressed Juicery, Inc.*, 2022 U.S. Dist. LEXIS 135469 (E.D. Cal. June 14, 2022) ...................................................................................................................................... 8

*Castro Valley Union 76, Inc. v. Vapor Sys. Techs., Inc.*, 2012 U.S. Dist. LEXIS 151734 (N.D. Cal. Oct. 22, 2012)........................................................................................ 15

*Comcast Corp. v. Behrend*, 569 U.S. 27, 133 S. Ct. 1426, 185 L. Ed. 2d 515 (2013) ............... 11

*Corker et al. v. Costco Wholesale Corp.*, 2023 U.S. Dist. LEXIS 24167 (W.D. Wash. Feb. 13, 2023) ...................................................................................................................... 21

*Denney v. Deutsche Bank AG*, 443 F.3d 253 (2d Cir. 2005) ...................................................... 7

*Doe v. CVS Pharm., Inc.*, 982 F.3d 1204 (9th Cir. 2020)........................................................... 6

*Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304 (9th Cir. 1977) ................................ 12

*E.S. v. Regence BlueShield*, No. 2:17-cv-01609-RAJ, 2022 U.S. Dist. LEXIS 17366, 2022 WL 279028 (W.D. Wash. Jan. 31, 2022) ................................................................ 3, 9

*Ellis v. Costco Wholesale Corp.*, 657 F.3d 970 (9th Cir. 2011) .............................................. 12

*Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 131 S. Ct. 2179, 180 L. Ed. 2d 24 (2011) ................................................................................................................. 21

*Fosmire v. Progressive Max Ins. Co.*, 277 F.R.D. 625 (W.D. Wash. 2011) ............................. 17

*Green v. Occidental Petroleum Corp.*, 541 F.2d 1335 (9th Cir. 1976) .................................... 15

*Hesse v. Sprint Spectrum, L.P.*, 2007 U.S. Dist. LEXIS 115503 (W.D. Wash. May 18, 2007)......................................................................................................................... 14

In *Sepulveda v. Wal-Mart Stores, Inc.*, 464 Fed. App'x. 636 (9th Cir. 2011) ........................... 17

*La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461 (9th Cir. 1973)........................................ 14

*LaCasse v. Washington Mut., Inc.*, 198 F. Supp. 2d 1255 (W.D. Wash. 2002) ........................ 23

*Mateo v. M/K Kiso*, 805 F. Supp. 761 (N.D. Cal. 1991)............................................................ 14

*Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012) ................................................. 7

*McDonnell Douglas Corp. v. U.S. Dist. Ct.*, 523 F.2d 1083 (9th Cir. 1975)............................. 14

*Morrison v. Esurance Ins. Co.*, 2020 U.S. Dist. LEXIS 20555 (W.D. Wash. Feb. 6, 2020) .................................................................................................................................... 17

DEFENDANTS' RESPONSE TO
CLASS CERTIFICATION MOTION – ii
CASE NO. 17-cv-1611 RSL
#5340200 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods, LLC*, 31 F.4th 651 (9th Cir. 2022) .................................................................................................................... 7

*Schmitt v. Kaiser Foundation Health Plan of Washington*, 965 F.3d 945 (9th Cir. 2020) ......................................................................................... 6, 9, 18, 22

*Semenko v. Wendy's Int'l, Inc.*, 2013 U.S. Dist. LEXIS 52582 (W.D. Pa. Apr. 12, 2013) ...................................................................................................................... 21

*Smith v. City of Oakland*, 339 F.R.D. 131 (N.D. Cal. 2021) ..................................... 8

*Smith v. Masterson*, 353 F. App'x 505 (2d Cir. 2009)................................................ 10

*Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020) ............................... 20

*T.G. v. Kern Cty.*, 2020 U.S. Dist. LEXIS 99317 (E.D. Cal. June 4, 2020) .................................. 8

*Tilley v. YJX Cos.*, 345 F.3d 34 (1st Cir. 2003) ....................................................... 14

*Torres v. Mercer Canyons Inc.*, 835 F.3d 1125 (9th Cir. 2016) ................................. 7

*Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227 (9th Cir. 1996)........................... 12, 22

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 180 L. Ed.2d 374 (2011) ................................................................................. 7, 11, 13, 16, 17, 18

*Walton v. United States Marshals Serv.*, 492 F.3d 998 (9th Cir. 2007) ....................... 10

*Wit v. United Behav. Health*, 58 F.4th 1080, 2023 U.S. App. LEXIS 2039 (9th Cir. Jan. 26, 2023)........................................................................................... 12, 18, 19

*Xavier v. Philip Morris USA Inc.*, 787 F.Supp. 2d 1075 (N.D. Cal. 2011) ................. 7

*Zinser v. Accuflix Research Inst., Inc.*, 253 F.3d 1180 (9th Cir. 2001) ..................... 14, 15, 20, 23

**Statutes**

29 U.S.C. § 794 (Rehabilitation Act of 1973) ........................................................ 5, 6

42 U.S.C. § 12102(1)(A)......................................................................................... 6

42 U.S.C. § 12102(2)(A)......................................................................................... 6

42 U.S.C. § 18116 ("ACA § 1557") ................................................ 5, 6, 9, 12, 19, 21

42 U.S.C. § 18116(a) ............................................................................................ 6

RCW 48.43.0128 .................................................................................. 6, 12, 21

RCW 49.60 Washington's Law Against Discrimination ("WLAD") .......................... 6

RCW 49.60.040(7)(a) ........................................................................................... 7

**Rules**

87 F.R. 50,698 (2022) ........................................................................................... 5

Fed. R. Civ. P. 23 ............................................................... 1, 2, 8, 12, 13, 26

Fed. R. Civ. P. 23(a) ................................................................................ 12, 13

Fed. R. Civ. P. 23(a)(2)........................................................................... 13, 23

Fed. R. Civ. P. 23(a)(2) & (4) ................................................................... 1, 13

DEFENDANTS' RESPONSE TO
CLASS CERTIFICATION MOTION - iii
CASE NO. 17-cv-1611 RSL
#5340200 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

Fed. R. Civ. P. 23(a)(4) ............................................................................................ 15

Fed. R. Civ. P. 23(b) ...................................................................... 1, 12, 13, 18, 19

Fed. R. Civ. P. 23(b)(1) ................................................................................ 15, 16, 17

Fed. R. Civ. P. 23(b)(1)(B) ............................................................................ 1, 15, 16

Fed. R. Civ. P. 23(b)(2) .......................................................... 1, 18, 19, 21, 22, 23, 24

Fed. R. Civ. P. 23(b)(3) ...................................................................... 2, 23, 24, 25

Fed. R. Civ. P. 23(b)(3)(D) ............................................................................ 25

**Treatises**

7A Charles Alan Wright & Arthur R. Miller & Mary Kay Kane, *Federal Practice
    and Procedure* § 1778 (2d ed. 1986) ................................................................ 22

**Regulations**

21 C.F.R. § 800.30 *et seq.* ........................................................................................ 4

29 C.F.R. § 1614.105 ............................................................................................ 13

29 C.F.R. § 1614.204 ............................................................................................ 13

5 C.F.R. § 890.105(a) ............................................................................................ 13

DEFENDANTS' RESPONSE TO
CLASS CERTIFICATION MOTION – iv
CASE NO. 17-cv-1611 RSL
#5340200 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs' Class Certification Motion (the "Motion") is based on a deceptively simplistic characterization of their claims and the factual record in a deficient attempt to meet the requirements of Rule 23. The requisite "rigorous analysis" of Plaintiffs' claim easily demonstrates that their proposed class cannot be certified.

First, although Plaintiffs base their "disability" discrimination claims on the "Exclusion,"[1] Plaintiffs seek to certify a class of Kaiser health plan enrollees in Washington who were not subject to the "Exclusion." Their class definition also does not require disability, does not require a denied claim, or even mention hearing aids. The proposed class is fatally overbroad.

Second, the named Plaintiffs' claims are not common to the proposed class and because of inherent conflicts of interest, they cannot adequately represent the class as required by Fed. R. Civ. P. 23(a)(2) & (4). Commonality is lacking because, unlike the named Plaintiffs, a huge number of proposed class members have not been subject to the Exclusion. Nor is there a common means for ascertaining whether the absent class member "requires, required, or will require" prescription hearing aids, whether such members are "disabled," and whether they have suffered "discrimination" where the proposed class has no requirement that claims have been denied under the Exclusion or even submitted. Conflicts between the Plaintiffs and the proposed class as a whole make them inadequate representatives for the class they seek to certify.

Third, Plaintiffs cannot satisfy the requirements of a certifiable class under any of the subsections of Fed. R. Civ. P. 23(b). Rule 23(b)(1)(B) does not apply because this case does not "inescapably" prejudice absent class members. Plaintiffs are not seeking an injunction-only class that fits within Rule 23(b)(2). Instead, they seek individualized monetary relief for each putative class member which cannot be certified under that subsection. The declaratory and injunctive relief they seek also will provide no benefit to many in the proposed class. Finally, class certification should be denied under Rule 23(b)(3) because individual issues would overwhelmingly

---

[1] The precise language of the hearing care exclusion (referred to herein as "Exclusion") contained in Kaiser's base benefit plan has varied over time, examples of which are found at Dkt. 92-2.

DEFENDANTS' RESPONSE TO
CLASS CERTIFICATION MOTION - 1
CASE NO. 2:17-cv-01611-RSL
#5340200 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

predominate over common issues, making the proposed class action unmanageable. Each claimant in the proposed class will necessarily need to establish unique facts such as the existence of disabling hearing loss, medical necessity for prescription hearing aids, injury due to the Exclusion, and damages, as well as address mitigation defenses and exhaustion of remedies. These individualized inquiries for Plaintiffs' proposed 4,000-10,000+ member class will easily predominate over common issues, and the class action is not a workable method for adjudicating the claims in this case.

The proposed class is overly broad, and fails to meet the requirements for certification under Fed. R. Civ. P. 23. The Motion should be denied.

## II.   FACTS

This lawsuit relates to certain fully insured health plans (**not** including Medicare Advantage plans)[2] issued by Kaiser Foundation Health Plan of Washington and Kaiser Foundation Health Plan of Washington Options (collectively referred to as "Kaiser") in Washington, which contain the "Exclusion." From as early as 2005, *all* Kaiser insured plans in Washington have covered bone anchored hearing aids ("BAHAs") as well as cochlear implants to treat hearing loss. Dkt. #92 (Hamp Deposition Transcript) 70:14-125; 71:1-12. Since at least 2014, Kaiser has offered hearing aid coverage for all large group Washington insured plans, which provide varying levels of coverage for the type of prescribed hearing aids and related treatments at issue here. *See* Bell Decl., Dkt. #19, ¶ 3; Hamp Decl., (filed herewith), ¶3. Hundreds of thousands of Kaiser enrollees insured under Washington policies have been covered on plans with hearing aid riders (which do not contain the Exclusion) from 2014 to the present. Dkt. #92-1, p. 3-4 (Suppl. Resp. to Int. #7); Hamp Decl., ¶ 3. In fact, in 2020, 79% of the total enrollees under Kaiser insured plans in Washington were covered under plans with a hearing aid rider (373,595 *with* coverage v. 81,079 *without* coverage). Dkt #92-1, p. 3-4. Plaintiffs ignore this evidence (which is attached to their own

---

[2] Plaintiffs have never indicated they believe this case includes Federal Employee Health Benefit plans sponsored by the Office of Personnel Management (OPM) for federal employees, which do not contain the "Exclusion." Jessica Hamp Decl. ¶6. Yet, they include thousands of FEHB members in their proposed class. Decl. of Medora Marisseau at ¶3-7; Decl. of Jodi Russell ¶3; Motion p. 9.

DEFENDANTS' RESPONSE TO
CLASS CERTIFICATION MOTION - 2
CASE NO. 2:17-cv-01611-RSL
#5340200 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

motion) and the testimony confirming its accuracy. Decl. of Medora Marisseau ¶¶3-7 and Exhibit 1 thereto. Instead, they misconstrue (*see* Motion p. 9) an unrelated document (Dkt. #92-4) to try to avoid the fact that thousands of their proposed class members are not subject to the Exclusion and have hearing aid coverage.[3]  *Id.*; Decl. of Jodi Russell  ¶3.

Kaiser plans without the rider (called base benefit plans) have lower premiums and are more affordable. Kaiser's base benefit plans have consistently covered cochlear implants and BAHAs, which Plaintiffs acknowledge are usually prescribed to treat the most severe or profound hearing impairments and related treatments. *See* Plaintiffs' Fourth Amended Complaint, Dkt. #65 ("FAC"), ¶¶ 64, 66, 71. The base benefit plans also cover diagnostic hearing exams, but do not cover hearing aids.

The medical journal study[4] attached as Appendix B to the FAC states there are about 9.37 million people aged 12-59 in the United States with bilateral hearing loss (*i.e.* in both ears). Dkt. #65-2. Of that total "hearing loss" population, about 7.64 million (or 81.5%) have only "mild" hearing loss. Mild hearing loss means a person "may have some difficulty hearing softly voiced sounds." FAC ¶ 45. Per the FAC, examples of "soft sounds" include "a person whispering." *Id.* at ¶40, and cited reference (http://www.asha.org/public/Types-of-Hearing-Loss). The remaining population are those with "moderate" hearing loss, about 1.4 million (or 14.9%), described as "difficulty hearing speech at normal levels"; and those who have "severe" or "profound" loss, about 330,000 (or 3.5%), which is hearing almost no speech or nothing at all. FAC, Appx. B, *supra;* FAC ¶45. Plaintiffs admit that 75% of individuals with "serious" hearing loss do not obtain or use hearing aids even when they are free of charge, because they are considered "uncomfortable", "unattractive", "embarrassing" or "because they believe their hearing is adequate."  FAC ¶¶50-51; Dkt. #91-1, p. 7.

---

[3] The Declaration of Frank Fox (Dkt. #97), Plaintiffs' purported statistics expert should be stricken and disregarded, as his conclusions in paragraphs 8 and 9 misinterpret the data upon which he bases his conclusions. Marisseau Decl. ¶¶3-7; Russell Decl. ¶¶2-4.

[4] Of all the statistical deductions made by Plaintiffs, Judge Jones found only this study, which was based on a single population and a breakdown of that population by severity, to be reliable.  *E.S. v. Regence BlueShield*, No. 2:17-cv-01609-RAJ, 2022 U.S. Dist. LEXIS 17366, 2022 WL 279028, *21 (W.D. Wash. Jan. 31, 2022).

DEFENDANTS' RESPONSE TO
CLASS CERTIFICATION MOTION - 3
CASE NO. 2:17-cv-01611-RSL
#5340200 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

The FAC alleges Plaintiff Schmitt cannot hear consonant sounds in normal speech, has significant high frequency loss, and is "unable to understand speech" without hearing aids, which falls within moderate hearing loss. FAC ¶74-75. Plaintiff Schmitt has never submitted a claim for hearing aids, even though she was covered, from September 1, 2015, to February 1, 2017, under a Kaiser insured HMO policy which covered hearing aids if purchased through Kaiser. Hamp Decl. ¶¶2,4. Instead, she purchased hearing aids from an out of network provider in December 2016. Marisseau Decl. ¶8 and Ex. 2, thereto.

Plaintiff Mohundro has both high and mid-frequency hearing loss and has difficulty hearing normal speech, which is a "moderate" hearing loss. FAC ¶ 78. Mohundro was covered under a Kaiser insured Washington plan only from October 31, 2017, to April 1, 2019. Dkt. #96, p. 2.

Plaintiff O.L. has been covered under her current Kaiser insured plan since October 1, 2015. Her provider, Children's Hospital, submitted claims for hearing aids for O.L. in 2016, which Kaiser covered since Kaiser's system did not deny hearing aid claims submitted by a facility prior to 2019. Hamp Decl., ¶5. The FAC alleges O.L. has bilateral moderate to severe hearing loss. FAC ¶82.

Unlike the vast majority of individuals with hearing loss, Plaintiffs are individuals who have been diagnosed with moderate or moderate-to-severe hearing loss bilaterally (both ears), have been prescribed hearing aids by audiologists, and have been using hearing aids for a lengthy time, and their hearing is not severe enough, at least currently, to qualify for cochlear implants or BAHAs.

Since October 17, 2022, over-the-counter ("OTC") hearing aids have become available, at several thousands of dollars cheaper than prescribed hearing aids, pursuant to FDA regulation. 21 C.F.R. § 800.30 *et seq.*; 87 F.R. 50,698 (*Medical Devices; Ear, Nose, and Throat Devices; Establishing Over-the-Counter Hearing Aids, 8-17-22*). OTC hearing aids can be purchased without a hearing test, without a diagnosis, and without a prescription. *Id*. The FDA specifically

DEFENDANTS' RESPONSE TO
CLASS CERTIFICATION MOTION - 4
CASE NO. 2:17-cv-01611-RSL
#5340200 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

stated that "moderate hearing impairment" is within the scope of OTC hearing aids, which are intended to address such hearing loss. *Id.* at p. 50706.  Plaintiffs also admit that "patients with mild to moderate hearing loss may obtain hearing aids without a prescription, over-the-counter." Dkt. #90, p. 7, note 4. Plaintiffs further admit that OTC hearing aids would not meet "medically necessary" criteria under Kaiser's insured Washington health plans and that Plaintiffs' definition of "hearing aids" does not include OTC hearing aids. FAC ¶¶31, 55; *see also* Dkt. #91-5, p. 21 ("**Exclusions**: Over-the-counter drugs, supplies and **devices** not requiring a prescription under state law or regulations…") (emphasis added).

Plaintiffs agree OTC hearing aids and other non-prescription devices can work well for individuals who were previously prescribed hearing aids and they attach an article about a patient who purchased $7,000 hearing aids that caused "banging and clanging and echoes." Dkt. #91-1, p. 7-8. The patient switched to a low-cost unregulated sound amplification device and "her world was transformed." *Id*.

### III.     PROCEDURAL STATUS AND PLAINTIFFS' CLAIMS

This action was commenced in October 2017. In their original and first and second amended complaints, Plaintiffs alleged a single claim for intentional disability discrimination under 42 U.S.C. § 18116 ("ACA § 1557"). Dkt. Nos. 1, 12 & 29. In September 2018, this Court dismissed Plaintiffs' Second Amended Complaint for failure to state an ACA § 1557 claim, ruling Kaiser's Plan was not discriminatory under Rehabilitation Act § 504 precedent because it excluded treatment for "hearing loss," a condition that is not necessarily disabling, and thus applied equally to the disabled and non-disabled Plan participants alike. Dkt. #42. Plaintiffs appealed and modified their theory, arguing for the first time that the Exclusion constitutes facial discrimination by "proxy." Discrimination "by proxy" exists where a seemingly neutral exclusion is so closely aligned with a protected class that discriminatory intent can be inferred. The Ninth Circuit affirmed this Court's dismissal of the Second Amended Complaint but remanded this case to grant Plaintiffs' leave to further amend their claims and try to state a plausible proxy discrimination

DEFENDANTS' RESPONSE TO
CLASS CERTIFICATION MOTION - 5
CASE NO. 2:17-cv-01611-RSL
#5340200 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

claim. *See Schmitt v. Kaiser Foundation Health Plan of Washington*, 965 F.3d 945, 960 (9th Cir. 2020).

In their FAC, Plaintiffs have pled new allegations and statistics in an attempt to support their proxy discrimination theory. They have also alleged a new, second cause of action under Washington state law for "breach of contract and violation of RCW 48.43.0128," a new Insurance Reform Act law enacted on April 17, 2019, that prohibits disability discrimination by insurers in their benefit design.

To make a claim for disability discrimination under ACA § 1557, Plaintiffs must prove the following elements: (1) Kaiser operates "a health program or activity" that receives Federal financial assistance; (2) Plaintiffs are individuals with a disability; (3) Plaintiffs are otherwise qualified to participate in the program or activity; (4) Plaintiffs were "excluded from participation in, denied the benefits of, or subjected to discrimination" in the provision of that health program or activity; and (5) the latter occurred <u>solely</u> on the basis of disability. 42 U.S.C. § 18116(a); 29 U.S.C. § 794.

The predicate disability must be "a physical or impairment that substantially limits one or more major life activities," 42 U.S.C. § 12102(1)(A), including "hearing," *id.* § 12102(2)(A). *See Schmitt v. Kaiser Foundation Health Plan of Washington*, 965 F.3d 945, 954 (9th Cir. 2020) (hearing loss is not the equivalent of hearing disability); *Doe v. CVS Pharm., Inc.*, 982 F.3d 1204, 1210 (9th Cir. 2020). To meet the fourth and fifth elements of their claim, Plaintiffs' must prove they were "subjected to discrimination" because of a benefit design that excludes certain hearing loss services "solely" by reason of "disability." Dkt. #42 at 7:19-21 (ruling Plaintiffs were not denied the benefits of Kaiser's Plans).

Similarly, for their state law claims,[5] Plaintiffs must show that Kaiser violated RCW

---

[5] Plaintiffs' Motion refers to the state law claim as arising under Washington's Law Against Discrimination, RCW 49.60 ("WLAD"). This is misleading. Plaintiffs' claim is brought under RCW 48.43.0128, an entirely different statute in Washington's Insurance Reform Act. FAC ¶¶ 5, 20, 25, 57, 124.

DEFENDANTS' RESPONSE TO
CLASS CERTIFICATION MOTION - 6
CASE NO. 2:17-cv-01611-RSL
#5340200 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

48.43.0128,[6] which provides that a health insurer "may not . . . [i]n its benefit design or implementation of its benefits design, discriminate against individuals because of their … present or predicted disability[.]" "Disability" is defined as the presence of a sensory, mental, or physical impairment that (i) Is medically cognizable or diagnosable[.]" RCW 49.60.040(7)(a).

## IV.    THE PROPOSED CLASS IS WILDLY OVER BROAD

At the class certification stage, "a court must consider whether the possible presence of uninjured class members means that the class definition is overly broad." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods, LLC*, 31 F.4th 651, 669 n. 14 (9th Cir. 2022). "When 'a class is defined so broadly as to include a great number of members who for some reason could not have been harmed by the defendant's allegedly unlawful conduct, the class is defined too broadly to permit certification.'" *Id.* (*citing Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 596 (9th Cir. 2012)).  Moreover, to be certified, a "class must . . . be defined in such a way that anyone within it would have standing." *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125 (9th Cir. 2016), *quoting Denney v. Deutsche Bank AG*, 443 F.3d 253, 263-64 (2d Cir. 2005); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 364, 131 S. Ct. 2541, 180 L. Ed.2d 374 (2011) (acknowledging the need to exclude putative class members seeking injunctive relief who were no longer employed by Wal-Mart because those absent class members "lack[ed] standing to seek injunctive or declaratory relief against [Wal-Mart's current] employment practices"); *Aho v. AmeriCredit Financial Services, Inc.*, No. 10-cv-1373 DMS, 2011 U.S. Dist. LEXIS 80426, 2011 WL 3047677 (S.D. Cal., July 25, 2011) ("If . . . a class could include members who could not themselves bring suit to recover, [it would permit]  a windfall to those class members and allow[] . . . Rule 23 to enlarge substantive rights"); *Xavier v. Philip Morris USA Inc.*, 787 F.Supp. 2d 1075, 1089 (N.D. Cal. 2011).

---

[6] Kaiser does not concede that this Court can determine this issue, and plans to file for summary judgment dismissal of Plaintiffs' Second Cause of Action.

DEFENDANTS' RESPONSE TO
CLASS CERTIFICATION MOTION - 7
CASE NO. 2:17-cv-01611-RSL
#5340200 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

**A.      The Proposed Class Includes Thousands of Enrollees Who Were Never Subjected to the Exclusion**

Plaintiffs' proposed class broadly includes all individuals insured by a Kaiser plan in Washington (*including* those that do not contain the Exclusion) who "have required, require, or will require treatment for hearing loss other than treatment associated with cochlear implants, or with Bone Anchored Hearing Aids." Plaintiff's proposed class definition includes hundreds of thousands of enrollees who could not have been harmed by the alleged unlawful conduct. For instance, the proposed class includes enrollees who have been covered under Kaiser Washington-insured plans *with* coverage for hearing aids and related treatments, as the proposed class definition makes no mention of the "Exclusion" and includes enrollees with hearing aid riders. The number of individual enrollees in Kaiser's Washington-insured plans who have had coverage for hearing aids and related treatments in riders that their employers purchased is as follows:

| Year | Enrollees *With* Hearing Aid Coverage |
|------|---------------------------------------|
| 2014 | 130,571 |
| 2015 | 130,053 |
| 2016 | 134,586 |
| 2017 | 125,232 |
| 2018 | 122,608 |
| 2019 | 122,872 |
| 2020 | 373,595 |
| 2021 | 204,154 |
| 2022 | 190,854 |

*See* Dkt #92-1, p. 4.  Plaintiffs' proposed class, therefore, includes thousands of enrollees who could not have been harmed by the Exclusion.

**B.      The Proposed Class Is Primarily Comprised of the Non-Hearing Disabled.**

The proposed class is also hopelessly overbroad because having a hearing disability is not even part of Plaintiffs' class definition. Disability discrimination class action cases universally require disability for class membership.[7] Courts have rejected attempts by plaintiffs asserting such

---

[7] *See, e.g., Brooks v. Pressed Juicery, Inc.*, 2022 U.S. Dist. LEXIS 135469 (E.D. Cal. June 14, 2022) (certifying class of individuals who "have a disability, as that term is defined in the [ADA]"); *Smith v. City of Oakland*, 339 F.R.D. 131 (N.D. Cal. 2021) (certifying a class of renters who have "mobility disabilities"); *T.G. v. Kern Cty.*, 2020 U.S. Dist. LEXIS 99317, *70-71 (E.D. Cal. June 4, 2020) (certifying class of youth with specified "disabilities as defined by the [ACA and Rehabilitation Act Section 504]"); *Armstrong v. Brown*, 857 F. Supp. 2d 919 (N.D. Cal. 2012) (certifying class of specified "disabilities that substantially limit one or more of their major life activities").

DEFENDANTS' RESPONSE TO
CLASS CERTIFICATION MOTION - 8
CASE NO. 2:17-cv-01611-RSL
#5340200 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1  claims to certify a class without reference to disabled class members. *See Blunt v. Lower Merion*

2  *Sch. Dist.*, 262 F.R.D. 481, 488 (E.D. Pa. 2009) (for claims under IDEA, ADA and Rehabilitation

3  Act, "plaintiffs cannot seek certification of such a broad class" which consists of "students beyond

4  those with disabilities").

5          This Court and the Ninth Circuit have already ruled that "hearing loss" is not the equivalent

6  of disability. "The fact that a plan participant has 'hearing loss' or is in need of 'hearing care' does

7  not necessarily mean that he or she is disabled." Dkt. #42 at 8:1-2; *see also Schmitt*, 965 F.3d at

8  958 ("since not all hearing loss is substantial, at least some – and probably most – individuals with

9  hearing loss are not deemed disabled"). The Ninth Circuit previously ruled that Plaintiffs "define

10 'people with Hearing Loss' to include all persons with hearing loss that cannot be treated with

11 cochlear implants [or BAHAs]—not just those with disabilities—so it is impossible to infer

12 whether the exclusion primarily affects disabled persons." *Schmitt*, 965 F.3d at 959. Plaintiffs'

13 proposed class definition exacerbates the same error. By failing to limit the class to the hearing

14 disabled, and instead expanding the definition to include anyone with unspecified "hearing loss,"

15 the proposed class is predominately made up of non-disabled individuals.

16         The FAC acknowledges that more than 80% of persons age 12 to 59 with "hearing loss"

17 have only mild hearing loss that may cause some difficult in hearing soft sounds like whispering.

18 FAC Appendix B. Plaintiffs do not attempt to explain which of these groups (mild, moderate,

19 severe, profound) are included in the proposed class for purposes of their ACA § 1557 claim. This

20 District has ruled that it is reasonable to assume that people with only "mild" hearing loss are not

21 disabled. *E.S. v. Regence BlueShield*, No. 2:17-cv-01609-RAJ, 2022 U.S. Dist. LEXIS 17366,

22 2022 WL 279028 (W.D. Wash. Jan. 31, 2022). Accordingly, more than three-quarters of the

23 proposed class members are not disabled under federal law. Since putative class members under

24 Plaintiffs definition are not even required to have *diagnosed* hearing loss, a great number would

25 also not be "disabled" even under the looser state law disability definition.

26         Plaintiffs attempt to sidestep this primary issue by proposing an entirely subjective test for

27

DEFENDANTS' RESPONSE TO
CLASS CERTIFICATION MOTION - 9
CASE NO. 2:17-cv-01611-RSL
#5340200 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

disability:

> People who believe their hearing is adequate for their purposes, even if their hearing is in fact impaired, have made a determination that their own major life activities are not substantially limited by their hearing loss. They are therefore not people with disabilities within the meaning of the Section 504 and ACA irrespective of their actual degree of hearing loss. Conversely, virtually all people who seek or obtain hearing aids do so because they have experienced limitations in their own life activities, such as hearing, communicating, learning or working, which experiences make them people with disabilities under Section 504 and ACA.

FAC, Dkt. # 65, ¶ 52.

Plaintiffs' proposed subjective litmus test for "disability,"[8] then, is whether an individual has sought or obtained prescription hearings aids (but not cochlear implants or BAHAs). But the class Plaintiffs seek to certify is broader still. Seeking or obtaining hearing aids *is not even a factor for membership* in Plaintiffs' proposed class. No one in the proposed class needs to seek or obtain anything, much less prescription hearing aids. There is no connection between the subjective disability formulation they argue for in their Fourth Amended Complaint and the vastly broader class definition they propose.

Instead, Plaintiffs' class definition vaguely includes those who "required, require, will require [unspecified] treatments for hearing loss." Plaintiffs admit that 75% of individuals with "serious" hearing loss do not obtain or use hearing aids even when they are free of charge, because they are considered "uncomfortable", "unattractive", "embarrassing" or "because they believe their hearing is adequate."  FAC ¶¶50-51; Dkt. 91-1, p. 7. By avoiding any reference to hearing aids in the class definition, and by not limiting the proposed class to those who sought or obtained them, under Plaintiffs' *own logic*, at least three-quarters of the individuals in the putative class would not be disabled and could not be harmed by the "Exclusion."

---

[8] This Court should refuse to certify a class based on subjective belief of disability, which Plaintiffs assert is evidenced by an individual's belief that they "require" (or "will require") "treatment." A disability discrimination class must only include people who are demonstrably disabled, determined by objective standards. *See, e.g., Walton v. United States Marshals Serv.*, 492 F.3d 998, 1006-08 (9th Cir. 2007); *Smith v. Masterson*, 353 F. App'x 505, 507 (2d Cir. 2009).

DEFENDANTS' RESPONSE TO
CLASS CERTIFICATION MOTION - 10
CASE NO. 2:17-cv-01611-RSL
#5340200 v1 / 22408-614

Even if "prescribed hearing aids" were substituted for the word "treatment" in the proposed class definition, the word "require" deceptively implies some kind of objective standard which Plaintiffs fail to identify. Does "require" include those who have "serious" hearing difficulty, but who never sought, obtained, or used a prescription hearing aid for the reasons articulated above? If so, they cannot have been harmed by the Exclusion because they do not want hearing aids. Does it include individuals with a mild hearing loss, who, by definition, do not have a substantial limitation to their hearing? The word "require" also calls into question Plaintiffs' subjective disability formulation, since Plaintiffs' own allegations and statistics show that 72% of Americans who use hearing aids do not self-report that their hearing loss is "serious."[9]  The word "require" also suggests a base level of treatment for hearing loss, which Plaintiffs' agree could be met by OTC hearing aids (expressly *not* part of Plaintiffs' lawsuit) for the overwhelming percentage of people who have moderate (15%) and mild (80%) hearing loss. Plaintiffs also fail to also explain how a proposed class based on unexpressed subjective beliefs that they "require" undefined "treatment" for hearing loss will NOT include those whose hearing loss "requires" treatment with cochlear implants or BAHAs, in the absence of objective standards, such as diagnosis and medical advice.

Plaintiffs' proposed class definition includes the presence of thousands of putative class members who could never have been harmed by the alleged disability discrimination that Plaintiffs challenge in this case. Certification should be denied.

## V.     CLASS CERTIFICATION SHOULD BE DENIED UNDER RULE 23

In addition to the overbreadth of the proposed class, Plaintiffs also cannot meet the necessary requirements of Fed. R. Civ. P. 23. The class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart*, 564 U.S. at 349. A party seeking class certification must satisfy each of the elements of Rule 23(a) and

---

[9] The FAC alleges that 2.3m people who self-report serious hearing difficulty use hearing aids, while the total number of hearing aid users is 8.3m; thus 72% of the hearing aid users do not self-report "serious" hearing loss. *See* FAC ¶¶ 50, 73.

at least one requirement of the provisions of Rule 23(b) through evidentiary proof. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33, 133 S. Ct. 1426, 185 L. Ed. 2d 515 (2013). Before certifying a class, the trial court must conduct a "rigorous analysis" to determine whether the party seeking certification has met its burden to establish each of the elements of Rule 23. *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1233 (9th Cir. 1996). As part of this analysis, the court "*must* consider the merits [of the substantive claims] if they overlap with the Rule 23(a) requirements." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (emphasis in original). While the trial court has discretion to certify a class, its discretion must be exercised within the framework of Rule 23. *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1309 (9th Cir. 1977). And, courts are forbidden from interpreting Rule 23 to expand substantive rights. *Wit v. United Behav. Health*, 58 F.4th 1080, 2023 U.S. App. LEXIS 2039, *25 (9th Cir. Jan. 26, 2023).

Here, class certification should be denied because Plaintiffs have failed to establish the commonality and adequacy requirements of Rule 23(a)(2) & (4) or that they meet any of the requirements for certification under Rule 23(b)'s class categories.

## A.   Rule 23(a)'s Commonality and Adequacy of Representation Are Not Satisfied.

Rule 23(a)(2) requires a question of law or fact "that is common to each member of the proposed class." Motion, p. 10 (emphasis added).  The Supreme Court requires not just common questions; but *how* common points of fact and law will drive or resolve the litigation. *WalMart*, 564 U.S. at 350 ("What matters to class certification ... is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation"). Under this standard, it is insufficient to merely allege any common question, for example, "did Defendant's conduct violate federal and/or state anti-discrimination law?" *See Ellis*, 657 F.3d at 981. "If there is no evidence that the entire class was subject to the same allegedly unlawful practice, there is no common question for the class." *Id.* at 983. Plaintiffs propose a class which they claim numbers in the tens of thousands, with the purported "common" question being whether Kaiser's "standard exclusion for all coverage relating

DEFENDANTS' RESPONSE TO
CLASS CERTIFICATION MOTION - 12
CASE NO. 2:17-cv-01611-RSL
#5340200 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

to hearing aids and related treatment, *e.g.* the 'Exclusion,' violates state insurance law (RCW 48.43.0128) and federal law (ACA 1557)?" Here, Plaintiffs' proposed class does not reference the Exclusion at all, and includes thousands of enrollees who *have* hearing aid coverage under hearing aid riders, and whose health plans were <u>not</u> subject to the Exclusion. For this reason alone, Plaintiffs fail to establish commonality.

The proposed class also includes thousands of enrollees under Federal Employee Health Benefit plans which also do not contain the "standard exclusion." Hamp Decl., ¶ 6; Russell Decl. ¶¶2-3;Marisseau Decl. ¶¶5-6; Motion p. 9. Further, FEHB preempts state insurance laws and Plaintiffs have no evidence that any of the mandatory prerequisites required to bring suit under FEHB plans were followed. *See* 5 C.F.R. § 890.105(a) (requiring exhaustion with OPM before seeking judicial review); 29 C.F.R. § 1614.204 (requiring class action complainant to be counseled in accordance with § 1614.105). Thus, for FEHB members, Plaintiffs' "common questions" are meaningless, and this Court lacks jurisdiction to hear them.

Finally, even if the class were limited to enrollees in insured plans that contained the Exclusion, "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Wal-Mart*, 564 U.S. at 351. Plaintiffs fail to identify a common means for ascertaining whether the absent class member "requires, required, or will require" prescription hearing aids, whether such members are "disabled" and whether they have suffered "discrimination." Whether putative class members are disabled and have suffered an "injury in fact" resulting from the Exclusion is not capable of generating common answers for the class as a whole. Commonality is not satisfied.

Plaintiffs also cannot adequately represent their proposed class due to conflicts of interest. Plaintiffs were all participants under plans with the Exclusion. They allege they obtained prescription hearing aids to treat disabling hearing loss. Yet, they seek to represent a class which includes thousands of individuals not subject to the Exclusion, including those who never obtained

DEFENDANTS' RESPONSE TO
CLASS CERTIFICATION MOTION - 13
CASE NO. 2:17-cv-01611-RSL
#5340200 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

prescription hearing aids, most with only mild hearing loss, who do not need or want hearing aids, or for whom hearing aids other than cochlear implants or BAHAs are not medically necessary. Those absentee class members would likely support Kaiser in this litigation, because if Plaintiffs were to prevail, the cost of their insurance will necessarily go up but without providing any benefit. Rule 23(a)(4) is not satisfied.

## B. Plaintiffs Fail to Satisfy the "Extremely Conservative" Standard for Certification Under 23(b)(1)(B) .

Fed. R. Civ. P. 23(b)(1)(B) provides for class certification if the prerequisites of subdivision (a) are satisfied, and in addition, "(1) prosecuting separate actions by . . . individual class members would create a risk of: . . . (B) adjudications with respect to individual class members that *would be dispositive of the interests of the other members not parties to the individual adjudications*[.]"[10] Fed. R. Civ. P. 23(b)(1)(B) (emphasis added). Rule 23(b)(1) class absentee members receive no notice and have no right to opt out of the class. The Ninth Circuit applies an "extremely conservative" view of Rule 23(b)(1) classes. *Mateo v. M/K Kiso*, 805 F. Supp. 761, 772 (N.D. Cal. 1991). Class actions under Rule 23(b)(1)(B) are permitted only "if a ruling in the first of a series of separate actions '**inescapably will alter the substance of the rights of others having similar claims.**'" (emphasis added). *Id.*, quoting *McDonnell Douglas Corp. v. U.S. Dist. Ct.*, 523 F.2d 1083, 1086 (9th Cir. 1975)); *see also Zinser v. Accuflix Research Inst., Inc.*, 253 F.3d 1180, 1196 (9th Cir. 2001). "Though 23(b)(1)(B) classes are not limited to depleted funds, the practical impediment must be more than the mere *stare decisis* impact of the Court's decision." *See Hesse v. Sprint Spectrum, L.P.*, 2007 U.S. Dist. LEXIS 115503, *7 n.1 (W.D. Wash. May 18, 2007), *citing La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 467 (9th Cir. 1973); *see also Tilley v. YJX Cos.*, 345 F.3d 34, 42 (1st Cir. 2003) ("[w]e adopt the majority view and hold that the certification of a class under Rule 23(b)(1)(B) cannot rest solely on an anticipated

---

[10] Plaintiffs make no argument that they satisfy the alternative 23(b)(1)(B) clause ("or would substantially impair or impede their ability to protect their interests"), accordingly no class can be certified on that basis.

DEFENDANTS' RESPONSE TO
CLASS CERTIFICATION MOTION - 14
CASE NO. 2:17-cv-01611-RSL
#5340200 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

stare decisis effect"). Yet that is Plaintiffs' only rationale for 23(b)(1)(B) certification. Plaintiffs have failed to show how their individual actions will "inescapably alter" the claims of absent class members not before the Court.

The typical example of a certifiable (b)(1) class involves the case where there is a "limited fund" that would be exhausted and needs to be distributed to class members in an equitable, pro rata fashion. *Zinser*, 253 F.3d at 1196-97. Another example would be "an action attacking the reorganization of a fraternal benefit society," the resolution of which would affect all members. *See Green v. Occidental Petroleum Corp.*, 541 F.2d 1335, 1340 n. 10 (9th Cir. 1976). Neither of those justifications apply in this case.

Plaintiffs give short shrift to their Rule 23(b)(1)(B) analysis and fail to establish why their separate action would inescapably alter or prejudice the rights of other putative class members. Their only argument is that if the named Plaintiffs' injunctive relief claims are successful, that decision could be dispositive (*i.e.* a mere *stare decisis* impact) of the interests of other members not parties to the individual adjudications. *See* Motion, p. 15.  This is neither true nor enough.

Plaintiffs speculate that since "many" putative class members are covered under plans subject to ERISA, Kaiser would be required to "change its practice" if Plaintiffs are successful in obtaining injunctive relief. Motion, p. 15.  But a declaration regarding the Exclusion in Plaintiffs' separate action would be of the same effect whether a class is certified or not. And, there is no ERISA claim plead here and the fact that many putative class members are not enrolled in ERISA plans only further supports denial of class certification. Nor do Plaintiffs articulate why denial of certification under Rule 23(b)(1)(B) would leave future plaintiffs without relief. In fact, the opposite is true, since certification under Rule 23(b)(1) would deny relief to class members who are no longer covered under Kaiser-insured plans in Washington, such as Plaintiff Muhondro, who have claims for individual relief, such as damages, not injunctive relief.  *See Castro Valley Union 76, Inc. v. Vapor Sys. Techs., Inc.*, 2012 U.S. Dist. LEXIS 151734, *18 (N.D. Cal. Oct. 22, 2012).

DEFENDANTS' RESPONSE TO
CLASS CERTIFICATION MOTION - 15
CASE NO. 2:17-cv-01611-RSL
#5340200 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1    "[W]here putative class members have an individual remedy, and could pursue relief on their own

2    behalf, Rule 23(b)(1)(B) is not applicable." Plaintiffs' proposed class cannot be certified under

3    Rule 23(b)(1)(B).

4    **C.    The Proposed Class Cannot be Certified Under Rule 23(b)(2) as a
       "Injunctive/Declaratory Relief" Class Because the Claims Involve Individualized
5      Money Damages and the Proposed Class as a Whole is Not Entitled to Equitable
       Relief.**

6
7              Plaintiffs pray for classwide monetary damages for discrimination and breach of contract.

8    (*see* FAC, ¶¶ 19 & 25, Demand for Relief ¶5). Their Motion tries to avoid any mention of the fact

9    that they do indeed seek individualized "damages" on behalf of the proposed class. For the first

10   time in their Motion, they re-characterize the damages they seek as "retrospective processing of

11   claims, including those claims never submitted to Kaiser due to the Exclusions" and now

12   characterize these monetary claims as "equitable" relief under Rule 23(b)(2). Motion at 11:3-10.

13   They say that answers to common questions applicable to the proposed class will determine

14   whether "declaratory, injunctive, and other equitable relief is merited and the appropriate scope of

15   such relief" (*id.* at 11:8-10), while admitting: "Plaintiffs will also seek processing by Kaiser for

16   past claims for hearing care that were denied due to the discriminatory Exclusions, or that would

17   have been denied under the Exclusions, had the claims been submitted" as part of just "declaratory,

18   injunctive and other equitable relief." *See id.* and Motion at 3:9-12.

19             Under Rule 23(b)(2), an action may be certified if "the party opposing the class has acted

20   or refused to act on grounds that apply generally to the class, so that final injunctive relief or

21   corresponding declaratory relief is appropriate respecting the class as a whole." *Wal-Mart*, 564

22   U.S. at 345-46. As the Supreme Court ruled:

23             Rule 23(b)(2) applies only when a single injunction or declaratory judgment
              would provide relief *to each member of the class*. . . permitting the combination
24            of individualized and classwide relief in a (b)(2) class is also inconsistent with the
              structure of Rule 23(b).
25

26   *Wal-Mart*, 564 U.S. at 360-61. Plaintiffs fail to meet the requirements of Rule 23(b)(2) for two

27   reasons. First, Plaintiffs intertwine individual claims for monetary relief (now characterized as

DEFENDANTS' RESPONSE TO
CLASS CERTIFICATION MOTION - 16
CASE NO. 2:17-cv-01611-RSL
#5340200 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

"reprocessing claims") as a primary part of the relief sought under Rule 23(b)(2). Second, the proposed 23(b)(2) class, even if re-defined to address the overbreadth and lack of commonality, *see infra*, Section V.A, would include thousands of members for whom declaratory and injunctive relief would provide no relief, including Mohundro, one of the named Plaintiffs.

### 1. Plaintiffs' Individualized Monetary Claims Require Denial of a Rule 23(b)(2) Class.

If <u>any</u> individualized monetary claims are sought, regardless of whether they are characterized as equitable or legal, the claims cannot be certified under Rule 23(b)(2). *Wal-Mart*, 564 U.S. at 365 (whether individualized claims for backpay are "equitable" is irrelevant). While there was a dissent to other portions of the opinion, this holding was unanimous.

This Court has followed *Wal-Mart*'s lead. Class certification of insureds challenging claim denials is properly denied under Rule 23(b)(2) if, in order to "calculate the benefits owed to each class member, the Court would have to review individual medical files and affidavits." *See Morrison v. Esurance Ins. Co.*, 2020 U.S. Dist. LEXIS 20555, *11 (W.D. Wash. Feb. 6, 2020), *citing Fosmire v. Progressive Max Ins. Co.*, 277 F.R.D. 625, 636 (W.D. Wash. 2011).

In *Sepulveda v. Wal-Mart Stores, Inc.*, 464 Fed. App'x. 636 (9th Cir. 2011), the Ninth Circuit affirmed the denial of a Rule 23(b)(2) class because: (1) the damages plaintiffs sought would require "highly individualized proof"; (2) fewer than half of the putative class members could benefit from injunctive relief; and (3) plaintiffs' causes of action "link monetary relief" to the request for injunctive relief. *Id*. at 637.

The same three factors exist here. First, it is clear that monetary relief is the primary focus of the relief sought by Plaintiffs.  Plaintiffs Monhundro is no longer covered under a Kaiser insured plan so any declaratory and injunctive relief would be meaningless to her. Obviously, the same is true for the many putative class members who (during the 8 year "class period") no longer have coverage under a Kaiser base benefit plan. Mohundro, like Plaintiffs O.L. and Schmitt, have all purchased hearing aids. None of the Plaintiffs have deferred treatment, so have no irreparable

DEFENDANTS' RESPONSE TO
CLASS CERTIFICATION MOTION - 17
CASE NO. 2:17-cv-01611-RSL
#5340200 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

injury. Each class member's claim for monetary relief (*e.g.* "reprocessing of claims" that were denied or never submitted) will require a unique and detailed analysis to determine injury and damages, including: the nature of the treatment "required," (including the nature of the individual's hearing loss, and whether a prescription hearing aid was medically necessary as that is defined under the individual's plan); whether treatment with a cochlear implant, BAHA, or OTC hearing aid would be effective; and whether the cost incurred for a specific hearing aid was "medically necessary" to ameliorate their disability (or a matter of convenience/preference). In addition to these individualized inquiries, there are unique defenses to each claim, including whether the individual failed to mitigate her damages (for example, Schmitt had hearing aid coverage under a Kaiser HMO, but chose to use an out of network provider).[11] *See Wal-Mart*, 564 U.S. at 366-67. Thousands of class members, like Schmitt, have been covered under Kaiser plans with hearing aid riders at some point during the proposed eight-year "class period," even if they are now under a plan with the Exclusion. Their failure to take advantage of that coverage will require individualized inquiries. Other mitigation issues include whether the member could have had their hearing loss adequately treated with OTC hearing aids, but instead are seeking payment for a prescription hearing aid. Failure to exhaust is also individualized.

Second, Plaintiffs link monetary relief to their request for injunctive relief. They seek to lull the Court into a false comfort by designating this monetary relief as a "reprocessing remedy" that the Court need not concern itself with, since Plaintiffs will seek to require Defendants to "reprocess." Motion, p. 3 Plaintiffs' new "reprocessing" argument has been directly rejected by the Ninth Circuit.

In *Wit,*, *supra*, Plaintiffs sought to certify a class of ERISA plan participants who were subjected to utilization review guidelines that the plaintiffs contended violated the medical

---

[11] Kaiser previously argued (Dkt. #17) that Schmitt lacked constitutional standing because she never submitted a claim for coverage and suffered no injury in fact. Because Plaintiffs amended their complaint to add Mohundro as a named plaintiff before the Court ruled on that motion, the Court declined to resolve the issue. *See* Dkt. # 42, p.1, n.1.

DEFENDANTS' RESPONSE TO
CLASS CERTIFICATION MOTION - 18
CASE NO. 2:17-cv-01611-RSL
#5340200 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

necessity definition of their ERISA plans and state mandated criteria. 2023 U.S. Dist. LEXIS 2039. The plaintiffs argued that the court would not be required to engage in individualized issues regarding entitlement to benefits since they sought to require the health insurer to reprocess claims, contending such relief was "equitable." The Ninth Circuit rejected both arguments. It ruled that reprocessing was "not truly the remedy that Plaintiffs' seek, it is the means to the remedy they seek." *Id*. at *26. Nor was "reprocessing" a remedy provided under the ERISA statute, upon which Plaintiffs' brought suit. Accordingly, the district court's finding "that reprocessing *itself* was an appropriate class-wide remedy for denial of benefits was an abuse of discretion." *Id.* at *26-27. The Ninth Circuit also rejected the assertion that "reprocessing" was a remedy typically available in equity, and reversed the certification order. *Id*. at *28. Nothing in the Rehabilitation Act or ACA 1557 authorizes "reprocessing" as a remedy. Tellingly, the FAC says nothing about "reprocessing"—instead it seeks "judgment in favor of Plaintiffs and the class for damages in an amount to be proven at trial." FAC VIII(5). Plaintiffs also make no mention of *Wit, supra*, and the cases they rely on predate it. And, the Section 1557 benefit design cases they cite all involved plaintiffs who wanted gender reaffirming surgery but could not get it except through their gender discrimination claims. In contrast, all three Plaintiffs already have hearing aids. Their disability discrimination claims are geared towards recovery of damages, just as their FAC states. Because Plaintiffs' Rule 23(b)(2) class impermissibly intertwines individualized monetary relief with injunctive relief, it must be denied.

## 2.     The Class as a Whole Is Not Entitled to Injunctive/Declaratory Relief.

Third, even if Plaintiffs withdraw their request for monetary relief, their (b)(2) class still fails because Rule 23(b)(2) applies "only when a single injunction or declaratory judgment would provide relief to *each member of the class*." *E.g., B.K. v. Snyder*, 922 F.3d 957, 971 (9th Cir. 2019). Here, a large number of the proposed class would get no benefit from injunctive or declaratory relief. Injunctions and equitable relief are available only where a plaintiff can establish they are

DEFENDANTS' RESPONSE TO
CLASS CERTIFICATION MOTION - 19
CASE NO. 2:17-cv-01611-RSL
#5340200 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

likely to prevail on the merits, face irreparable harm, and "the absence of an adequate remedy at law." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 842 (9th Cir. 2020). Plaintiffs assert that the injury caused to them by the "Exclusion" consists of "out of pocket" payments they made for hearing aids, for which they have an adequate remedy at law. FAC ¶ 106. Plaintiff Mohundro admits that she has not been covered under a Kaiser health plan since April 1, 2019. She, along with the thousands of other putative class members who are no longer enrolled in a Kaiser health plan which contains the Exclusion, will receive no benefit at all. Even for putative class members who are currently enrolled in a Kaiser plan with the Exclusion, Plaintiffs submit no evidence that injunctive relief in the form of eliminating the Exclusion will provide relief "to every member of the class." With OTC hearing aids as a readily available and affordable option to treat moderate (and mild) hearing loss, there is no "irreparable harm" to be relieved by Plaintiffs' proposed injunction for more than half of the proposed class who may be adequately treated with OTC hearing aids.

Denial of Plaintiffs' proposed Rule 23(b)(2) is also warranted to protect due process rights. *Wal-Mart*, 564 U.S. at 361-2. Plaintiffs' "reprocessing remedy" would disadvantage absent class members who (unlike Plaintiffs) may have deferred treatment due to the Exclusion. FAC ¶106. Those individuals (if they are somehow part of the class), might well have "damages," but "reprocessing" would be of no benefit to them. Certification under Rule 23(b)(2) should be denied.

**D. Certification Under Rule 23(b)(3) Should Be Denied Because Individualized Issues Predominate Over Common Ones and a "Damages" Class is Not Superior.**

To certify a class under Rule 23(b)(3), Plaintiffs bear the burden to show that common questions of law or fact "predominate" over individualized inquiries, and that a class action is the "superior" method of resolving the claims at issue. *Zinser v. Accuflix Research Inst., Inc.*, 253 F.3d 1180, 1188-89 (9th Cir. 2001).

**1.    Individual Issues Predominate**

"The first test under Rule 23(b)(3) finding requires an evaluation of "the relationship

DEFENDANTS' RESPONSE TO
CLASS CERTIFICATION MOTION - 20
CASE NO. 2:17-cv-01611-RSL
#5340200 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

between the common and individual issues," and is "far more demanding" than the commonality analysis of Rule 23(a)(2)." *Corker et al. v. Costco Wholesale Corp.*, 2023 U.S. Dist. LEXIS 24167, *17 (W.D. Wash. Feb. 13, 2023). When considering whether common issues predominate, the court should begin with "the elements of the underlying cause of action." *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809, 131 S. Ct. 2179, 180 L. Ed. 2d 24 (2011).

To prove a *prima facie* case under ACA § 1557 and RCW 48.43.0128[12] for a (b)(3) class, Plaintiffs must establish that absent class members are disabled and were subjected to discrimination "solely by reason of" disability. *Doe*, 982 F.3d at 1209-10. Determining whether each class member is a "qualified individual with a disability" alone would be highly individualized.[13] *Semenko v. Wendy's Int'l, Inc.*, 2013 U.S. Dist. LEXIS 52582, *23 (W.D. Pa. Apr. 12, 2013) (denying class certification under Rules 23(b)(2) and (b)(3) in ADA case in part because "each class member must prove that he or she is a 'qualified individual with a disability,' a highly individualized analysis which would require 'a number of individual mini-trials'").

Further, "[w]hile the need to perform individualized calculations to ascertain the amount of each class member's damages 'cannot, by itself, defeat class certification,' plaintiffs must offer some method or means by which they can show the existence of damage - and therefore liability - on a classwide basis." *Corker, supra* 2023 U.S. Dist. LEXIS at *19-*20. Plaintiffs gloss over this requirement, asserting "the precise type of hearing care received and the cost of that care is immaterial." Motion, p. 17. Yet, the sole basis for Plaintiffs' "discrimination" theory is that the precise type of hearing aids that Plaintiffs use are not covered under Kaiser's base benefit plan because of the Exclusion. Those absent class members who did not need, want, or use a prescription hearing aid do not have an injury that this lawsuit is designed to address. Thus, the "hearing care received" is a critical and individualized liability question.

---

[12] The vast majority of absent class members (including Mohundro) will have no state law claim, as the statute was not enacted until April 17, 2019.

[13] *See* Section IV *infra.*

DEFENDANTS' RESPONSE TO
CLASS CERTIFICATION MOTION - 21
CASE NO. 2:17-cv-01611-RSL
#5340200 v1 / 22408-614

Medical necessity[14] is a predominant liability issue for each potential class member. It requires individualized inquiries to determine whether the specific hearing aids prescribed (including type/quality/price), rather than OTC hearing aids, BAHAs, cochlear implants, or other medical services or devices, are/were medically necessary to ameliorate the disability (versus the individual's choice and preference). Other individualized issues also predominate: whether claims were denied for reasons other than the Exclusion; whether the absent member paid for the prescription hearing aid, or like O.L., received coverage despite the Exclusion until 2019; whether the member had coverage for hearing aids under a rider, but failed to utilize it, like Schmitt; and whether the enrollee submitted a claim and exhausted administrative remedies.

These individualized inquiries will easily predominate over the generic legal issues of whether Kaiser's benefit design violates state or federal law. *See* 7A Charles Alan Wright & Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1778, at 535-39 (2d ed. 1986). Resolving all the above issues for each individual in Plaintiffs' proposed class of many thousands will be unwieldy and unmanageable. Individual issues will easily predominate over common issues. Certification under Rule 23(b)(3) should be denied.

### 2.    Superiority

Plaintiffs also fail to establish the other required element of Rule 23(b)(3), that a class action is superior to other methods of adjudicating the putative class members' claims. In deciding whether "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy[,]" an important factor to consider is "the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3)(D). "A class action is the superior method for managing litigation if no realistic alternative exists." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-35 (9th Cir. 1996). Class action treatment is not superior where "each class member has to litigate numerous and substantial separate issues to establish his or her right to recover

---

[14] *See* Dkt. #91-5, p. 57 for the "medical necessity" definition.

DEFENDANTS' RESPONSE TO
CLASS CERTIFICATION MOTION - 22
CASE NO. 2:17-cv-01611-RSL
#5340200 v1 / 22408-614

individually." *Zinser*, 253 F.3d at 1192.

Determining who is hearing "disabled," who has been subjected to discrimination solely because of disability, and who is entitled to monetary relief and in what form, would require mini trials for every proposed class member. The resources expended on these mini trials would likely surpass the resources saved by litigating the few common issues. *See Berry v. Transdev Servs., Inc.*, 2019 U.S. Dist. LEXIS 2678, 2019 WL 117997, at *7 (W.D. Wash. Jan. 7, 2019). The Court would have to analyze each class member's individual circumstances to determine issues of disability, injury, causation and damages, and "adjudication on a class basis would 'devolve into [a] . . . thicket of individualized claims,' defying the policy of judicial economy underlying Rule 23." *LaCasse v. Washington Mut., Inc.*, 198 F. Supp. 2d 1255, 1264 (W.D. Wash. 2002) (quoting *Brancheau v. Residential Mortg. Grp.*, 177 F.R.D. 655, 663-64 (D. Min. 1997)).

Plaintiffs' proposed class would include enrollees who never submitted a claim. *See* Motion at 3:9-12. This includes claims like that of Schmitt, who failed to submit a claim even though she had HMO hearing aid coverage at the time she purchased a hearing aid, requiring a detailed review of what coverages applied and when prescription hearing aids were purchased. It also includes those who have never purchased or used a prescription hearing aid (but purportedly "require" them). Since Plaintiffs concede that 75% of those with hearing loss do not use hearing aids for multiple reasons other than costs, it will be an overwhelming task to determine whether the reason was "solely due" to the Exclusion. *See* Dkt. # 91-1, p. 7. Plaintiffs offer no method or means to determine entitlement to damages for these absent class members, much less a superior one.

## VI.   CONCLUSION

For all the compelling reasons set forth above, Plaintiffs' motion for class certification should be denied.

Respectfully submitted this 21st day of February, 2023.

I certify that this memorandum contains 8,334 words, in compliance with the Local Civil Rules

**KARR TUTTLE CAMPBELL**
*Attorneys for the Defendants*

*s/ Medora A. Marisseau*
Medora A. Marisseau, WSBA# 23114
Mark A. Bailey, WSBA #26337
Joshua M. Howard, WSBA #52189
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Telephone:  206-223-1313
Facsimile:  206-682-7100
Email: mmarisseau@karrtuttle.com
         mbailey@karrtuttle.com
         jhoward@karrtuttle.com

DEFENDANTS' RESPONSE TO
CLASS CERTIFICATION MOTION - 24
CASE NO. 2:17-cv-01611-RSL
#5340200 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1

## CERTIFICATE OF SERVICE

2        I, Luci Brock, affirm and state that I am employed by Karr Tuttle Campbell in King County,

3   in the State of Washington.  I am over the age of 18 and not a party to this action.  My business

4   address is:  701 Fifth Avenue, Suite 3300, Seattle, Washington 98104. On this day, I caused a true

5   and correct copy of the foregoing document to be filed with the Court and served on the parties

6   listed below in the manner indicated.

7
8   Eleanor Hamburger
    Richard E. Spoonemore                          ☒   Via U.S. Mail
    SIRIANNI YOUTZ SPOONEMORE HAMBURGER            ☐   Via Hand Delivery
9   3101 Western Avenue Ste 350                     ☒   Via Electronic Mail
    Seattle, WA 98121                               ☐   Via Overnight Mail
10  206-223-0303                                    ☒   CM/ECF via court's website
    Fax: 206-223-0246
11  ehamburger@sylaw.com
    rspoonemore@sylaw.com
12  *Attorneys for the Plaintiffs*

13  John F. Waldo
    LAW OFFICE OF JOHN F WALDO                     ☒   Via U.S. Mail
14  2108 McDuffie Street                            ☒   Via Hand Delivery
    Houston, TX 77019                               ☒   Via Electronic Mail
15  206-849-5009                                    ☒   Via Overnight Mail
    Email: johnfwaldo@hotmail.com                   ☒   CM/ECF via court's website
16  *Attorneys for the Plaintiffs*

17        I declare under penalty of perjury under the laws of the State of Washington that the

18  foregoing is true and correct, to the best of my knowledge.

19        Executed on this 21st day of February, 2023, at Seattle, Washington.

20

21                                        *s/Luci Brock*
                                          _____
22                                              Luci Brock
                                              Legal Assistant

23

24

25

26

27

DEFENDANTS' RESPONSE TO
CLASS CERTIFICATION MOTION - 25
CASE NO. 2:17-cv-01611-RSL
#5340200 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100