The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREA SCHMITT; ELIZABETH MOHONDRO; and O.L. by and through her parents, J.L. and K.L., each on their own behalf, and on behalf of all similarly situated individuals,<br><br>               Plaintiffs,<br><br>     v.<br><br>KAISER FOUNDATION HEALTH PLAN OF WASHINGTON; KAISER FOUNDATION HEALTH PLAN OF WASHINGTON OPTIONS, INC.; KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST; and KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>               Defendants. | NO. 2:17-cv-1611-RSL<br><br>PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION<br><br><br>**Note on Motion Calendar: March 3, 2023** |

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

# Table of Contents

I.     INTRODUCTION...................................................................................1

II.    ARGUMENT .......................................................................................1

    A.   The Class Is Appropriately Defined. ................................................1

    B.   Fed. R. Civ. P. 23(a) Is Met. ...........................................................5

        1.   Commonality.........................................................................5

            a.  All Class Members Suffer the Same Injury...........................5

            b.  The Class Is Ascertainable....................................................5

        2.   No Conflicts Between Class Members...................................6

    C.   Certification under Fed. R. Civ. P. 23(b)(1) and (b)(2) Is
Proper...............................................................................................6

        1.   Certification under Rule 23(b)(1) and (b)(2) Provides
Relief to All Class Members................................................7

        2.   No Individualized Review Is Required By the Court. ............9

        3.   The Class Does Not Seek Money Damages. .........................9

    D.   Class Certification Is Sought under Fed. R. Civ. P. 23(b)(3)
as an Alternative. ..........................................................................11

        1.   Individual Issues Do Not Predominate.................................11

    E.   Certification Is Superior.................................................................12

III.   CONCLUSION .................................................................................12

PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR CLASS CERTIFICATION – ii
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

**Table of Authorities**

**CASES**

*A.D. v. T-Mobile USA, Inc. Emple. Ben. Plan*,
  2016 U.S. Dist. LEXIS 94155 (W.D. Wash. July 18, 2016)................................4

*Alcantar v. Hobart Serv.*,
  800 F.3d 1047 (9th Cir. 2015)....................................................................2

*Amgen Inc. v. Conn. Ret. Plans*,
  568 U.S. 455 (2013) ................................................................................2

*B.K. v. Snyder*,
  922 F.3d 957 (9th Cir. 2019)................................................................6, 8

*Bax v. Doctors Med. Ctr. of Modesto, Inc.*,
  2021 U.S. Dist. LEXIS 160107 (E.D. Cal. Aug. 24, 2021)............................10

*Boyden v. Conlin*,
  341 F. Supp. 3d 979 (W.D. Wis. 2018)........................................................9

*C.P. v. Blue Cross Blue Shield of Ill.*,
  2022 U.S. Dist. LEXIS 210769 (W.D. Wash. Nov. 21, 2022) ...........................5

*C.P. v. Blue Cross Blue Shield*,
  2022 U.S. Dist. LEXIS 204480 (W.D. Wash. Nov. 9, 2022) .............................1

*C.P. v. Blue Cross Blue Shield*,
  2022 U.S. Dist. LEXIS 227832 (W.D. Wash. Dec. 19, 2022) ......................4, 7

*Castro Valley Union 76, Inc. v. Vapor Sys. Techs., Inc.*,
  2012 U.S. Dist. LEXIS 151734 (N.D. Cal. Oct. 22, 2012) ...............................8

*CIGNA Corp. v. Amara*,
  563 U.S. 421 (2011) ..............................................................................10

*Condry v. Unitedhealth Grp., Inc.*,
  2018 U.S. Dist. LEXIS 111233 (N.D. Cal. June 27, 2018)..............................4

*Crowder v. Kitagawa*,
  81 F.3d 1480 (9th Cir. 1996)....................................................................9

*D.T. v. NECA/IBEW Family Med. Care Plan*,
  2019 U.S. Dist. LEXIS 50683 (W.D. Wash. Mar. 26, 2019).......................3, 11

PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR CLASS CERTIFICATION – iii
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

*Davis v. Lab'y Corp. of Am. Holdings,*
   2022 U.S. Dist. LEXIS 96130 (C.D. Cal. May 23, 2022) ................................. 1, 2

*Defs. of Wildlife v. United States EPA,*
   420 F.3d 946 (9th Cir. 2005) .................................................................. 8

*Diaz v. United Agr. Employee Welfare Ben. Plan & Tr.,*
   50 F.3d 1478 (9th Cir. 1995) .................................................................. 4

*Doe v. CVS Pharmacy, Inc.,*
   982 F.3d 1204 (9th Cir. 2020) ................................................................ 3

*Fain v. Crouch,*
   2022 U.S. Dist. LEXIS 137083 (S.D. W. Va. Aug. 2, 2022) ........................... 1

*Fain v. Crouch,*
   2022 U.S. Dist. LEXIS 137084 (S.D. W. Va. Aug. 2, 2022) ........................... 9

*Flack v. Wis. Dep't of Health Servs.,*
   395 F. Supp. 3d 1001 (W.D. Wis. 2019) .................................................. 9

*Fosmire v. Progressive Max Ins. Co.,*
   277 F.R.D. 625 (W.D. Wash. 2011) ........................................................ 9

*Herra v. LCS Fin. Services Corp.,*
   274 F.R.D. 666 (N.D. Cal. 2011) ............................................................ 6

*Hilton v. Wright,*
   235 F.R.D. 40 (N.D.N.Y. 2006) .............................................................. 2

*Idaho Watersheds Project v. Hahn,*
   307 F.3d 815 (9th Cir. 2002) .................................................................. 8

*K.M. v. Regence BlueShield,*
   2014 U.S. Dist. LEXIS 27685 (W.D. Wash. Feb. 27, 2014) ........................... 4

*Kling v. Cty. of L.A.,*
   633 F.2d 876 (9th Cir. 1980) .................................................................. 4

*Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas
   Sands, Inc.,*
   244 F.3d 1152 (9th Cir. 2001) ................................................................ 12

*Mangum v. Renton Sch. Dist.,*
   2011 U.S. Dist. LEXIS 125674 (W.D. Wash. Oct. 31, 2011) ......................... 4

PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR CLASS CERTIFICATION – iv
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

*Mazza v. Am. Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012)................................................................................5

*McIntyre v. Eugene Sch. Dist. 4J*,
   976 F.3d 902 (9th Cir. 2020)................................................................................4

*Melendres v. Arpaio*,
   784 F.3d 1254 (9th Cir. 2015)..............................................................................8

*Morrison v. Esurance Ins. Co.*,
   2020 U.S. Dist. LEXIS 20555 (W.D. Wash. Feb. 6, 2020)..................................9

*Parsons v. Ryan*,
   754 F.3d 657 (9th Cir. 2014)................................................................................8

*Payan v. L.A. Cmty. Coll. Dist.*,
   11 F.4th 729 (9th Cir. 2021) ................................................................................9

*Porter v. Warner Holding Co.*,
   328 U.S. 395 (1946) ...........................................................................................10

*R.H. v. Premera Blue Cross*,
   2014 U.S. Dist. LEXIS 92691 (W.D. Wash. July 7, 2014)..................................4

*Rodde v. Bonta*,
   357 F.3d 988 (9th Cir. 2004)................................................................................9

*Rodriguez v. Hayes*,
   591 F.3d 1105 (9th Cir. 2010).........................................................................6, 10

*Sangster v. United Air Lines, Inc.*,
   633 F.2d 864 (9th Cir. 1980)..............................................................................10

*Schmitt v. Kaiser Found. Health Plan of Wash.*,
   965 F.3d 945 (9th Cir. 2020)................................................................................3

*Sepulveda v. Wal-Mart Stores, Inc.*,
   464 F. App'x 636 (9th Cir. 2011) .........................................................................9

*Smith v. Barton*,
   914 F.2d 1330 (9th Cir. 1990)............................................................................11

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003)................................................................................6

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

*T.S. v. Heart of CarDon,*
2021 U.S. Dist. LEXIS 49119 (S.D. Ind. Mar. 16, 2021) ....................................................7

*Taniguchi v. Schultz,*
303 F.3d 950 (9th Cir. 2002) ....................................................4

*Tank v. State Farm Fire & Cas. Co.,*
105 Wn.2d 381, 715 P.2d 1133 (1986) ....................................................7

*Taylor v. Burlington N. R.R. Holdings, Inc.,*
193 Wn.2d 611, 444 P.3d 606 (2019) ....................................................3

*Tech. Access Found. Health Benefit Plan v. Grp. Health Coop. (In re Z.D.),*
2012 U.S. Dist. LEXIS 149610 (W.D. Wash. Oct. 17, 2012) ....................................................4, 8

*Tinnin v. Sutter Valley Med. Found.,*
2022 U.S. Dist. LEXIS 232160 (E.D. Cal. Dec. 27, 2022) ....................................................2

*United States v. Ironworkers Local 86,*
443 F.2d 544 (9th Cir. 1971) ....................................................10

*United States v. Navajo Freight Lines, Inc.,*
525 F.2d 1318 (9th Cir. 1975) ....................................................8

*Wal-Mart Stores, Inc. v. Dukes,*
564 U.S. 338 (2011) ....................................................5

*Wash. State Commc'n Access Project v. Regal Cinemas, Inc.,*
173 Wn. App. 174, 293 P.3d 413 (2013) ....................................................3

*White v. Laborers' Int'l Union,*
90 F.R.D. 368 (D. Alaska 1981), *aff'd in relevant part*, 688 F.2d 850 (9th Cir. 1982) ....................................................6

*Wit v. United Behav. Health,*
2023 U.S. App. LEXIS 2039 (9th Cir. Jan. 26, 2023) ....................................................9, 10

*Z.D. v. Grp. Health Coop.,*
2012 U.S. Dist. LEXIS 76498 (W.D. Wash. June 1, 2012) ....................................................4, 6, 7, 8

*Zeisel v. Diamond Foods, Inc.,*
2011 U.S. Dist. LEXIS 60608 (N.D. Cal. June 7, 2011) ....................................................5

PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR CLASS CERTIFICATION – vi
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

STATUTES

2 U.S.C. § 18116(a) ...................................................................................................... 7

29 U.S.C. § 1123(a)(3) ................................................................................................ 10

29 U.S.C. § 1132(a)(1)(B) ............................................................................................ 9

29 U.S.C. § 1144(d) ...................................................................................................... 4

29 U.S.C. § 794a(a)(2) ................................................................................................ 10

RCW 48.30.300(2) ........................................................................................................ 2

RCW 48.43.0128 ....................................................................................................... 2, 7

RCW 48.43.535 ............................................................................................................. 8

RCW 49.60.030(1)(e) ................................................................................................... 2

RCW 49.60.040(7) ........................................................................................................ 3

RCW 49.60.178 ............................................................................................................. 2

REGULATIONS

29 C.F.R. § 2560.503-1(b)(5) ....................................................................................... 7

OTHER AUTHORITIES

87 Fed. Reg. 50,698 ................................................................................................... 11

PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR CLASS CERTIFICATION – vii
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

### I.   INTRODUCTION

Certification under Fed. R. Civ. P. 23(b)(1) and (b)(2) presents the "ideal case" for resolution of the key common question in this case:  Under state and/or federal law, are Kaiser's exclusions of all coverage for hearing aids and related hearing examinations (the "Exclusions") illegal disability discrimination?

Nonetheless, Kaiser asserts that the definition is vague, overbroad, and poorly worded. *See* Dkt. No. 102, pp. 2–7. Kaiser also objects to commonality and adequacy of representation. *Id.,* pp. 12–14. Finally, Kaiser claims that the requirements of Fed. R. Civ. P. 23(b) are not met. *Id.,* pp. 14–23.

Each objection is meritless. Just as in other anti-discrimination cases, class certification here is proper. *See, e.g., C.P. v. Blue Cross Blue Shield*, 2022 U.S. Dist. LEXIS 204480, at *9 (W.D. Wash. Nov. 9, 2022); *Fain v. Crouch,* 2022 U.S. Dist. LEXIS 137083, at *10 (S.D. W. Va. Aug. 2, 2022); *Davis v. Lab'y Corp. of Am. Holdings*, 2022 U.S. Dist. LEXIS 96130, at *12 (C.D. Cal. May 23, 2022).

### II.   ARGUMENT

**A.      The Class Is Appropriately Defined.**

Kaiser's objections to the class definition are easily addressed:

***First*,** the definition does not include enrollees in the Federal Employee Health Benefit plans. Those plans are not "Washington health insurance plans." *See* Dkt. No. 90, p. 4; Dkt. No. 102, p. 13 (Kaiser admits that FEHB plans are ***not*** subject to Washington law).

***Second*,** the definition properly includes members enrolled in Kaiser base plans, regardless of whether the employer purchased an additional hearing coverage rider (separate from the Kaiser base plan). All class members are subjected to discriminatory benefit design in Kaiser's base plan. Dkt. No. 91-2, pp. 63:17–22; 68:13–70:5; 89:3–24. That some employers ***ameliorate*** Kaiser's discrimination by purchasing a rider does not

PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR CLASS CERTIFICATION – 1
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

absolve Kaiser. Kaiser, not the employer, is responsible for the base plan benefit design. *Id*.

**Third,** Kaiser complains that the definition should be focused on individuals who require treatment for hearing aids, rather than merely excluding from the class definition those who need treatment for cochlear implants ("CIs") and bone anchored hearing aids ("BAHAs"). Dkt. No. 102, pp. 9–10. This is a distinction without a difference. The discovery shows that Kaiser's Exclusions have been applied to hearing aids and related services beyond diagnostic examinations. Dkt. No. 91-2, pp. 71:2–5; 86:16–20; 88:3–89:7. Should the Court prefer to describe the class as individuals who require hearing aids and the related health care services to treat their diagnosed condition of hearing loss, Plaintiffs have no objection, as the language simply describes the same class.

**Fourth,** arguing the merits, Kaiser complains that the proposed class includes non-disabled individuals with hearing loss.[1] Dkt. No. 102, pp. 8–10. Whether that is the case or not will be adjudicated on summary judgment or trial, not on class certification. *See Amgen Inc. v. Conn. Ret. Plans*, 568 U.S. 455, 465–66 (2013) ("… Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage."); *Alcantar v. Hobart Serv.*, 800 F.3d 1047, 1053 (9th Cir. 2015).

Nonetheless, all proposed class members are "disabled" under state law. RCW 48.43.0128 is incorporated into the Washington Law Against Discrimination and therefore rests upon the WLAD definition of "disability. *See* RCW 49.60.030(1)(e); RCW 49.60.178; RCW 48.30.300(2). Thus, for the purpose of RCW 48.43.0128, an individual with hearing loss is "disabled" when they have any amount of hearing

---

[1] Kaiser complains that the class definition does not mention disability. *See* Dkt. No. 102, p. 10. But to include the federal definition of disability in the class definition would make it an improper "fail-safe" class. *See Tinnin v. Sutter Valley Med. Found.*, 2022 U.S. Dist. LEXIS 232160, at *18 (E.D. Cal. Dec. 27, 2022). Kaiser's claim that disability discrimination classes "universally" require disability in the class definition is false. Dkt. No. 102, p. 8, n.7; *see, e.g., Davis*, 2022 U.S. Dist. LEXIS 96130, at *6 (class defined as individuals who are legally blind); *Hilton v. Wright*, 235 F.R.D. 40, 52 (N.D.N.Y. 2006) (class based on diagnosis with Hepatitis C).

impairment.  RCW 49.60.040(7)(a)–(c); *see Wash. State Commc'n Access Project v. Regal Cinemas, Inc.*, 173 Wn. App. 174, 187, 293 P.3d 413, 421 (2013); *Taylor v. Burlington N. R.R. Holdings, Inc.,* 193 Wn.2d 611, 617, 444 P.3d 606, 609 (2019).  Accordingly, all proposed class members are "disabled" under state law because they are diagnosed with a sensory impairment of hearing loss.

On the merits, Plaintiffs will also show that all insureds diagnosed with hearing loss whose providers prescribe or recommend non-OTC hearing aids are "disabled" under federal law.[2] *See* Dkt. No. 75, pp. 9–15. Plaintiffs will demonstrate that the entire class is subject to the disputed Exclusions *because of* federal proxy or disparate impact discrimination. In other words, Plaintiffs will show that the "fit" between the Hearing Loss Exclusion and hearing disability is sufficiently close to infer that Kaiser's design and administration of the Hearing Loss Exclusion is imposed due to disability discrimination. *See Schmitt v. Kaiser Found. Health Plan of Wash.,* 965 F.3d 945, 959 (9th Cir. 2020); *Doe v. CVS Pharmacy, Inc.,* 982 F.3d 1204, 1211 (9th Cir. 2020). If, after liability is found, it comes to light that some class members are not entitled to protection from federal disability discrimination, the class definition can then be adjusted when determining the appropriate equitable relief.

*Fifth,* Kaiser complains that the word "require" is too vague. Dkt. No. 102, p. 11. Not true. The proposed definition hews closely to similar definitions approved by the Court in other health class actions, all of which used the word "require" to describe treatment prescribed or recommended by a provider for a diagnosed condition. *See, e.g., D.T. v. NECA/IBEW Family Med. Care Plan,* 2019 U.S. Dist. LEXIS 50683, at *6 (W.D. Wash. Mar. 26, 2019); *A.D. v. T-Mobile USA, Inc. Emple. Ben. Plan,* 2016 U.S. Dist. LEXIS 94155,

---

[2] Kaiser misreads the class definition to argue that it does not require (1) a diagnosis of hearing loss by a provider, and (2) a prescription or recommendation from a provider for a hearing aid that cannot be purchased over-the-counter ("OTC"). Dkt. No. 102, p. 11. Kaiser is wrong, the class definition is limited to those objective criteria. Nonetheless, Plaintiffs do not object to any clarifying language that the Court determines to be necessary.

PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR CLASS CERTIFICATION – 3
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

at *4 (W.D. Wash. July 18, 2016); *R.H. v. Premera Blue Cross,* 2014 U.S. Dist. LEXIS 92691, at *7 (W.D. Wash. July 7, 2014); *K.M. v. Regence BlueShield*, 2014 U.S. Dist. LEXIS 27685, at *35 (W.D. Wash. Feb. 27, 2014); *Z.D. v. Grp. Health Coop.,* 2012 U.S. Dist. LEXIS 76498, at *5 (W.D. Wash. June 1, 2012).

**Sixth,** class members need not have submitted claims to be part of the class. *See* Dkt. No. 102, p. 23. Under Section 504 and therefore Section 1557, there is no exhaustion requirement. *See Kling v. Cty. of L.A.*, 633 F.2d 876, 879 (9th Cir. 1980); *Mangum v. Renton Sch. Dist.,* 2011 U.S. Dist. LEXIS 125674, at *29 (W.D. Wash. Oct. 31, 2011) ("Section 504 contains no exhaustion requirement").

Since Plaintiffs assert no ERISA claims, none of ERISA's exhaustion requirements apply. *See McIntyre v. Eugene Sch. Dist. 4J,* 976 F.3d 902, 916 (9th Cir. 2020) (exhaustion is not required for Section 504 claim even when the lawsuit had "some articulable connection" to a different statute requiring exhaustion). Moreover, ERISA does not modify or limit Plaintiffs' rights under Section 1557. 29 U.S.C. § 1144(d); *C.P. v. Blue Cross Blue Shield*, 2022 U.S. Dist. LEXIS 227832, at *23 (W.D. Wash. Dec. 19, 2022).

Finally, there is no doubt that it would be futile for class members to submit such claims. *See Taniguchi v. Schultz,* 303 F.3d 950, 957 (9th Cir. 2002); *Diaz v. United Agr. Employee Welfare Ben. Plan & Tr.,* 50 F.3d 1478, 1485 (9th Cir. 1995); *Condry v. Unitedhealth Grp., Inc.,* 2018 U.S. Dist. LEXIS 111233, at *15 (N.D. Cal. June 27, 2018). Where, as here, plaintiffs challenge a standard exclusion that unambiguously applies to the proposed class, there is no need for class members to submit futile claims for the excluded benefit.[3] *See, e.g., Tech. Access Found. Health Benefit Plan v. Grp. Health Coop. (In re Z.D.),* 2012 U.S. Dist. LEXIS 149610, at *21 (W.D. Wash. Oct. 17, 2012).

---

[3] Kaiser complains that Plaintiff Schmitt did not use Kaiser coverage when she purchased hearing aids in 2016. Dkt. No. 102, p. 4. This case was filed on October 31, 20**17**, when Schmitt was enrolled in a Kaiser plan with an Exclusion. *See id.*; Dkt. No. 1. She continues to need hearing aids and related hearing treatment that is excluded by Kaiser. *See, e.g.,* Dkt. No. 21, *Exh. A.*

PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR CLASS CERTIFICATION – 4
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

**B.     Fed. R. Civ. P. 23(a) Is Met.**

Kaiser does not dispute numerosity[4] or typicality but objects to commonality and adequacy of representation. Dkt. No. 102, pp. 12–14. Both are easily met.

**1.     Commonality**

There is at least one common question:  Does Kaiser's design and administration of the Exclusions violate state and/or federal anti-discrimination law? *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012). The Court's adjudication of a "yes" or "no" answer to this question will determine for all class members whether Kaiser violated anti-discrimination law. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Commonality is demonstrated.

*a.     All Class Members Suffer the Same Injury.*

Kaiser complains that Plaintiffs have not shown that all members suffer from the same injury. Dkt. No. 102, p. 13. Not true. All members are injured when they are subjected to a benefit design that discriminates on the basis of disabling hearing loss. Since all members have Kaiser base plans that contain the Exclusions, and all require treatment that is excluded under that base plan, the common questions identified above will provide all members with a common answer. *See Mazza*, 666 F.3d at 589.

*b.     The Class Is Ascertainable.*

Kaiser objects that there is no way to determine whether class members "require, required or will require" hearing aids or other treatment for their hearing loss, such that the class can be ascertainable. Dkt. No. 102, p. 13. A class is sufficiently precise if it is based on "objective characteristics that would permit a consumer to identify themselves as a member of the proposed class." *Zeisel v. Diamond Foods, Inc.*, 2011 U.S. Dist. LEXIS 60608, at *21 (N.D. Cal. June 7, 2011). This is not a high bar. Where, as here, injunctive

---

[4] Kaiser's request to strike Dr. Fox's declaration should be denied. Dkt. No. 102, p. 3, n.3. Kaiser's disagreement with Dr. Fox's assumptions or conclusions is an insufficient basis to strike his declaration. *C.P. v. Blue Cross Blue Shield of Ill.*, 2022 U.S. Dist. LEXIS 210769, at *10 (W.D. Wash. Nov. 21, 2022).

PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR CLASS CERTIFICATION – 5
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

and equitable relief is sought, certification is not dependent on establishing that each individual has been harmed, but rather that all are subject to the disputed systemic practices. *B.K. v. Snyder*, 922 F.3d 957, 968–69 (9th Cir. 2019). And classes often include persons who, in the future, would be subject to the challenged conduct. *See, e.g., Rodriguez v. Hayes,* 591 F.3d 1105, 1118 (9th Cir. 2010).

Identifying class members under the class definition is simple. If an insured has been diagnosed with hearing loss and has been prescribed or recommended treatment for that diagnosis (other than CIs or BAHAs), then the individual is in the class. The word "require" here is objective. If a medical professional prescribes or recommends a treatment for a diagnosed condition of hearing loss, then the treatment is "required." The term does not rely upon the member's state of mind, but rather the objective combination of a diagnosis and prescription/recommendation for a specific type of care. Kaiser makes these determinations every day when adjudicating claims. *See Herra v. LCS Fin. Services Corp.*, 274 F.R.D. 666, 672–73 (N.D. Cal. 2011).

### 2.     No Conflicts Between Class Members

Kaiser argues that there are conflicts because some absent class members "would likely support Kaiser in this litigation" to avoid increased premiums. Dkt. No. 102, pp. 13–14. This does not create a conflict. *First,* there is no conflict where absent class members prefer to have Kaiser continue to engage in illegal discrimination. *See White v. Laborers' Int'l Union*, 90 F.R.D. 368, 372 (D. Alaska 1981), *aff'd in relevant part*, 688 F.2d 850 (9th Cir. 1982). *Second,* Kaiser offers no evidence of any absent class member actually opposing coverage. *Third,* any such speculative objections do not rise to the level of a substantive "conflict of interest." *See Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003).

### C.     Certification under Fed. R. Civ. P. 23(b)(1) and (b)(2) Is Proper.

In *Z.D.*, this Court certified a class under (b)(1) and (b)(2), ordering Kaiser's predecessor to immediately halt its administration of a different exclusion, and provide

PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR CLASS CERTIFICATION – 6
[Case No. 2:17-cv-1611-RSL]

notice of the decision to all its insureds. As this Court explained, this is the quintessential

situation for certification under Rule 23(b)(1):

> ***The Court can envision few better scenarios for certification under (b)(1)(A) or (b)(1)(B).*** As a fiduciary, Group Health is bound to follow the terms of the Plan. Moreover, ERISA requires that, "where appropriate," plan provisions must be "applied consistently with respect to similarly situated claimants." ***Thus, were this Court to find that the Plan requires Defendants to act in a certain fashion, ERISA would require Group Health to act in a similar fashion toward all beneficiaries—the quintessential (b)(1)(B) scenario.***

*Z.D.,* 2012 U.S. Dist. LEXIS 76498, at \*17–\*18 (internal citations omitted, emphasis added).

Here, the class also includes ERISA insureds, and ERISA requires Kaiser to treat similarly situated insureds the same. 29 C.F.R. § 2560.503-1(b)(5). Similar fiduciary obligations are imposed on Kaiser under state law. *See Tank v. State Farm Fire & Cas. Co.,* 105 Wn.2d 381, 385–86, 715 P.2d 1133 (1986). And if Kaiser is found to violate Section 1557 or RCW 48.43.0128 when designing or administering the Exclusions in its health plans, the Court's decision will apply to ***all*** of Kaiser's activities. *See* 42 U.S.C. § 18116(a); *T.S. v. Heart of CarDon,* 2021 U.S. Dist. LEXIS 49119, at \*27 (S.D. Ind. Mar. 16, 2021); *see, e.g., C.P.,* 2022 U.S. Dist. LEXIS 227832, at \*21, \*28. Kaiser's obligation to treat all class members the same is a statutory and fiduciary obligation under federal and state laws, not just "stare decisis."

> 1.    **Certification under Rule 23(b)(1) and (b)(2) Provides Relief to All Class Members.**

Kaiser argues that certification under Rule 23(b)(1) would somehow deny class members relief who are no longer covered by Kaiser plans. Dkt. No. 102, p. 15. Not true. Certification under Rule 23(b)(1) does not preclude equitable tolling and processing of

PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR CLASS CERTIFICATION – 7
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

claims without illegal discrimination for class members who are no longer enrolled. *See, e.g., In re Z.D.*, 2012 U.S. Dist. LEXIS 149610, at *33. Such a remedy is sought here.[5]

Likewise, certification under (b)(2) will ensure equitable relief is available to the entire class:

> The present case fits this bill to a "T." Again, the first proposed class does not contemplate or require the resolution of individual issues. It requires only that the Court determine the requirements of Washington law as applied to the Plan as a whole.

*Z.D.*, 2012 U.S. Dist. LEXIS 76498, at *19; *compare* Dkt. No. 102, p. 19. Class members with past, present, and future claims subject to the Exclusions seek the same remedy—processing of their claims without the discriminatory Exclusions. An injunction prohibiting Kaiser from applying the Exclusions to past, present, and future claims for hearing aids will provide relief to all class members.[6] *B.K.*, 922 F.3d at 971; *Melendres v. Arpaio*, 784 F.3d 1254, 1264 (9th Cir. 2015); *Parsons v. Ryan*, 754 F.3d 657, 675 (9th Cir. 2014).

The Ninth Circuit has long approved of such equitable relief, even when an injunctive order requires reprocessing. *See, e.g., Defs. of Wildlife v. United States EPA*, 420 F.3d 946, 978 (9th Cir. 2005) (Typically, when an entity violates the law, "we vacate the [entity's] action and remand to the [entity] to act in compliance with its statutory obligations."); *Idaho Watersheds Project v. Hahn*, 307 F.3d 815, 823 (9th Cir. 2002) (approving injunction requiring reprocessing of 68 permits); *United States v. Navajo Freight Lines, Inc.*, 525 F.2d 1318, 1325–26 (9th Cir. 1975) (equitable remedies under anti-

---

[5] Contrary to Kaiser's claims, class certification is not barred simply because a putative class member could theoretically pursue individual claims on their own. Dkt. No. 102, pp. 20-21, citing to *Castro Valley Union 76, Inc. v. Vapor Sys. Techs., Inc.*, 2012 U.S. Dist. LEXIS 151734, at *18 (N.D. Cal. Oct. 22, 2012). Every class member of every class ever certified could theoretically pursue claims on their own.

[6] Even if Kaiser concludes that some class members' claims were not medically necessary, those class members will still benefit because they will have the right to appeal to external review. *See* RCW 48.43.535; *Z.D. v. Group Health Coop.*, 2012 U.S. Dist. LEXIS 76498 at *14.

PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR CLASS CERTIFICATION – 8
[Case No. 2:17-cv-1611-RSL]

discrimination law include placing class members in the position "which they would have occupied but for the discrimination"). This is particularly true for claims brought under Section 504. *See, e.g., Payan v. L.A. Cmty. Coll. Dist.*, 11 F.4th 729, 733 (9th Cir. 2021) (affirming permanent injunctive relief based on disparate impact claim under Section 504); *Rodde v. Bonta*, 357 F.3d 988, 998 (9th Cir. 2004) (affirming preliminary injunction based on Section 504 disparate impact claim); *Crowder v. Kitagawa*, 81 F.3d 1480, 1485 (9th Cir. 1996) (permanent injunction under Section 504 affirmed).

### 2.   No Individualized Review Is Required By the Court.

The Court will not need to engage in any individualized review to determine liability or issue relief. Dkt. No. 102, p. 17.[7] Post-injunction, **Kaiser** will be required to review claims, but without the discriminatory Exclusions. *See, e.g., Fain v. Crouch*, 2022 U.S. Dist. LEXIS 137084, at *45 (S.D. W. Va. Aug. 2, 2022) (ordering injunction for violations of Section 1557); *Flack v. Wis. Dep't of Health Servs.*, 395 F. Supp. 3d 1001, 1003 (W.D. Wis. 2019) (same); *Boyden v. Conlin*, 341 F. Supp. 3d 979, 1005 (W.D. Wis. 2018) (plaintiffs have a right to pursue equitable relief under Section 1557).

### 3.   The Class Does Not Seek Money Damages.

Kaiser argues that Plaintiffs really seek money damages, not equitable relief. Dkt. No. 102, p. 16. To be clear, Plaintiffs are ***not*** seeking a cash award in a common fund.

Kaiser misreads *Wit* when it argues that claim "reprocessing" is always a form of monetary damages. Dkt. No. 102, pp. 17–18, *citing to Wit v. United Behav. Health*, 2023 U.S. App. LEXIS 2039, *28 (9th Cir. Jan. 26, 2023).[8] The *Wit* holding is limited, concluding that 29 U.S.C. § 1132(a)(1)(B), which authorizes an ERISA plan participant "to recover

---

[7] Kaiser's cases are easily distinguished because, unlike in those cases, Plaintiffs here do not seek money damages. *See* Dkt. No. 102, p. 17, *citing to Morrison v. Esurance Ins. Co.*, 2020 U.S. Dist. LEXIS 20555, at *10 (W.D. Wash. Feb. 6, 2020); *Fosmire v. Progressive Max Ins. Co.*, 277 F.R.D. 625, 636 (W.D. Wash. 2011); *Sepulveda v. Wal-Mart Stores, Inc.*, 464 F. App'x 636, 637 (9th Cir. 2011).

[8] Kaiser wrongly faults Plaintiffs for "making no mention" of the *Wit* decision, which was not issued until two weeks ***after*** Plaintiffs' Motion was filed. *See* Dkt. No. 102, p. 19.

PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR CLASS CERTIFICATION – 9
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

benefits due to him," does not provide for injunctive relief.[9] *Id.* **Plaintiffs pled no ERISA claim.** Instead, Plaintiffs' Section 1557 and breach of contract claims permit the Court to utilize the full panoply of traditional equitable powers, including, when proper, equitable tolling and reprocessing so that members' claims may be adjudicated free from unlawful discrimination.

Anti-discrimination law has always included broad equitable and injunctive relief: "There can be little doubt that where a violation of [anti-discrimination law] is found, the court is vested with broad remedial power to remove the vestiges of past discrimination and eliminate present and assure the non-existence of future barriers to the full enjoyment of equal [ ] opportunities by qualified [protected individuals]." *United States v. Ironworkers Local 86*, 443 F.2d 544, 553 (9th Cir. 1971). These remedial powers "are intended to give the courts wide discretion in exercising their equitable powers to fashion the most complete relief possible, requiring that persons aggrieved by discriminatory … practices 'be, so far as possible, restored to a position where they would have been were it not for the unlawful discrimination.'" *Sangster v. United Air Lines, Inc.*, 633 F.2d 864, 867 (9th Cir. 1980).

Unless a statute affirmatively restricts a court's equitable jurisdiction, and Section 1557 does not, "the full scope of that jurisdiction is to be recognized and applied." *Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946); *Rodriguez*, 591 F.3d at 1120. Specifically, under Section 504, and therefore Section 1557, all Title VI remedies are available. 29 U.S.C. § 794a(a)(2). These broad remedies include "injunctive relief and other forms of relief traditionally available in suits for breach of contract." *Bax v. Doctors Med. Ctr. of Modesto, Inc.*, 2021 U.S. Dist. LEXIS 160107, at *98–99 (E.D. Cal. Aug. 24, 2021),

---

[9] *Wit* does not foreclose reprocessing as a form of equitable relief under ERISA's 29 U.S.C. § 1123(a)(3). *See Wit*, 2023 U.S. App. LEXIS 2039, at *28. And, the Supreme Court has held that reprocessing is **not** a form of money damages. *CIGNA Corp. v. Amara*, 563 U.S. 421, 441 (2011) ("[T]he fact that this relief takes the form of a money payment does not remove it from the category of traditionally equitable relief").

PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR CLASS CERTIFICATION – 10
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

*citing to Smith v. Barton*, 914 F.2d 1330, 1338 (9th Cir. 1990). Section 1557 provides the Court with broad equitable tools to remedy illegal discrimination. *See id.*

**D.      Class Certification Is Sought under Fed. R. Civ. P. 23(b)(3) as an Alternative.**

The Court need not address certification under Rule 23(b)(3) if it certifies a class under Rule 23(b)(1) and/or (b)(2). *D.T.,* 2019 U.S. Dist. LEXIS 50683, at *25, n.2. Nonetheless, Kaiser's objections to certification under Rule 23(b)(3) are meritless. Dkt. No. 102, pp. 20–23.

**1.      Individual Issues Do Not Predominate.**

As described in § II.A. *supra*, the class will demonstrate on the merits that all members are "disabled" under both federal and state law. No individual "mini-trials" will be required.

The new federal rules governing the purchase of OTC hearing aids do not change Plaintiffs' anticipated approach. As of October 2022, adults may purchase OTC hearing aids without a prescription or recommendation from a licensed medical provider. *See* 87 Fed. Reg. 50,698. Going forward, most adults diagnosed hearing loss will have their needs met by OTC hearing aids (although some may require hearing examinations related to the OTC hearing aids). *See id.* Only children and the small portion of adults with hearing loss that cannot be treated with OTC hearing aids, CIs or BAHAs, will continue to need hearing aids prescribed or recommended by a provider and the related examinations. *Id.* Prospective relief in this case is now significantly easier and far less costly.

Kaiser argues that "absent class members who did not need, want or use a prescription hearing aid do not have an injury that this lawsuit is designed to address." Dkt. No. 102, p. 21. **First,** if an insured does not require a hearing aid, then, by definition, they are not a class member. **Second,** members who presently do not "want" or choose

PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR CLASS CERTIFICATION – 11
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

not to use a hearing aid are still injured by Kaiser's Exclusions. Should they change their minds, the Exclusions apply.

**E.      Certification Is Superior.**

Certification is superior where, as here, a court may address a systemic practice for all similarly situated individuals. *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.,* 244 F.3d 1152, 1163 (9th Cir. 2001). Moreover, since class members' multiple claims would be for relatively small amounts, most class members would likely be unable to litigate their individual claims. *Id.*

### III.  CONCLUSION

The Court should certify the proposed class and appoint Plaintiffs Schmitt, Mohundro, and O.L., by and through her parents, as the class representatives, and Ms. Hamburger, Mr. Spoonemore, and Mr. Gross of Sirianni Youtz Spoonemore Hamburger, as well as Mr. Waldo of the Law Office of John F. Waldo, as class counsel.

DATED:  March 3, 2023.

<div style="margin-left:40%;">

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC

___/s/Eleanor Hamburger_____
Eleanor Hamburger (WSBA #26478)
Richard E. Spoonemore (WSBA #21833)
Daniel S. Gross (WSBA #23992)
3101 Western Ave., Suite 350
Seattle, WA 98121
Tel. (206) 223-0303; Fax (206) 223-0246
Email: ehamburger@sylaw.com
        rspoonemore@sylaw.com
        dgross@sylaw.com

*I certify that the foregoing contains 4,040 words, in compliance with the Local Civil Rules.*

</div>

PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR CLASS CERTIFICATION – 12
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

Of Counsel:

   _/s/ John F. Waldo_____
John F. Waldo, *Pro Hac Vice*
LAW OFFICE OF JOHN F. WALDO
2108 McDuffie St.
Houston, TX 77019
Tel. (206) 849-5009
Email:  johnfwaldo@hotmail.com

*Attorneys for Plaintiffs*

PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR CLASS CERTIFICATION – 13
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246