The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

ANDREA SCHMITT; ELIZABETH
MOHUNDRO; and O.L. by and through her
parents, J.L. and K.L., each on their own behalf,
and on behalf of similarly situated individuals,

        Plaintiffs,

        v.

KAISER FOUNDATION HEALTH PLAN OF
WASHINGTON; KAISER FOUNDATION
HEALTH PLAN OF WASHINGTON
OPTIONS, INC.; KAISER FOUNDATION
HEALTH PLAN OF THE NORTHWEST; and
KAISER FOUNDATION HEALTH PLAN,
INC.,

        Defendants.

CASE NO. 2:17-cv-1611-RSL

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO
FILE FIFTH AMENDED COMPLAINT

NOTED ON MOTION CALENDAR:
FRIDAY, APRIL 14, 2023

        Defendants (collectively, "Kaiser") respectfully oppose Plaintiffs' Motion for Leave to File

a Fifth Amended Complaint (Dkt. #114). Without any explanation, much less a showing of good

cause, Plaintiffs seek to add new claims against Kaiser *years* after the Court's deadline for

amending pleadings passed. Dkt. #55. When requesting this Court extend certain pretrial deadlines

on August 19, 2022, Plaintiffs did not seek to extend the already expired deadline for amendment

of pleadings. *See* Dkt. #84. Plaintiffs undisputedly had knowledge of the disparate impact claims

they now seek to belatedly add *since at least 2018.* Instead, this case has proceeded solely as a

case of intentional discrimination. The addition of the entirely new and different disparate impact

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

claims will significantly alter and enlarge the playing field, inserting new *prima facie* elements and defenses into an already complex case that Kaiser has been working to defend. The proposed amendment would prejudice Kaiser and would be futile. For each of these independent reasons, this Court should deny the motion.

## I.    FACTS

For five and a half years since this lawsuit was filed, Plaintiffs have asserted Kaiser *intentionally* discriminated against them. The last deadline for amending pleadings set by the Court was October 20, 2020.  Dkt. #55.  On November 19, 2020, Plaintiffs moved for leave to amend to add a new party, which Kaiser did not oppose, and the Court granted.  Now years after the Court's deadline, and *after* their motion for class certification has been fully briefed, they seek to add entirely new claims for disparate impact.

Plaintiffs' proposed addition of a disparate impact claim is unjustifiably late, without any good faith excuse. They filed this case in 2017. While their none of their complaints to date ever asserted a disparate impact claim, Plaintiffs and their counsel certainly knew they could have done so at least as far back as 2018. On February 2, 2018, Plaintiffs filed an opposition to Kaiser's first motion to dismiss and raised a disparate impact analysis as an argument.  *See* Dkt. #22, pp. 20-21. Kaiser objected that the claim was not pled. When the Ninth Circuit later remanded the case in July 2020, it expressly declined to decide whether ACA § 1557 allowed for disparate impact claims "because here Schmitt and Mohundro did not allege a disparate impact claim." *Schmitt v. Kaiser Foundation Health Plan of Washington*, 965 F.3d at 954 (9th Cir. 2020).  And the appellate court expressly remanded to give Plaintiffs a chance to try to "amend their pleading with details that would raise an inference of proxy discrimination or some other theory of relief[.]" *Id.* at 960 (emphasis added).

Despite all this, for whatever reason, Plaintiffs chose not to assert a disparate impact claim in their Third Amended Complaint (filed before the October 20, 2020, amendment of pleadings deadline), or the Fourth Amended Complaint (for which they sought leave and filed on

DEFENDANTS' OPPOSITION TO MOTION FOR
LEAVE TO FILE FIFTH AMENDED COMPLAINT - 2
CASE NO. 2:17-cv-01611-RSL
#5366097 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

December 15, 2020).  *See* Dkt. #65.  Moreover, in a companion case brought by Plaintiffs' counsel in this district against Regence alleging virtually identical facts based on an exclusion of hearing loss treatments and devices (*E.S. v. Regence BlueShield*, No. 2:17-cv-01609-RAJ, 2022 U.S. Dist. LEXIS 17366, 2022 WL 279028 (W.D. Wash. Jan. 31, 2022), Plaintiffs' counsel asserted a claim for disparate impact in that case over a year ago.

A few weeks ago, in early March 2023, after the parties completed briefing on Plaintiffs' pending motion for class certification (Dkt. #90), Plaintiffs' counsel suggested that the expert disclosure deadline (which was March 17, 2023) be continued for a short time along with certain other pre-trial deadlines (but *not* the deadline for amendment of pleadings). *See* the Declaration of Medora Marisseau, filed herewith (the "Marisseau Decl."). Because the deadlines under discussion could be adjusted without changing the dispositive motion and trial dates, Kaiser consented, and new expert disclosure and discovery deadlines were set by stipulated order on March 13, 2023 (Dkt. #110). Thereafter, on March 15, 2023, without warning and now on the eve of the new extended expert and discovery deadlines (and after class certification has been fully briefed), Plaintiffs' counsel advised Kaiser's counsel they would seek to add brand new claims for disparate impact. Marisseau Decl., ¶ 3. They offer no good faith excuse for this 11th hour bait and switch.

Kaiser opposes Plaintiffs' attempt to bring this untimely amendment because it is without good cause, is patently unfair, and will substantially change the legal landscape of this case and require significant further delay.  Kaiser would be prejudiced by Plaintiffs' undue delay in bringing new claims for disparate impact.  And the proposed amendment would be futile because Plaintiffs cannot establish any set of facts to support a disparate impact claim, which Judge Jones has recently rejected and dismissed.[1]  Kaiser asks this Court to deny Plaintiffs' motion.

---

[1] *See E.S. v. Regence BlueShield*, Case No. C17-01609 RAJ, 2023 U.S. Dist. LEXIS 44670 (W.D. Wash. March 16, 2023).

DEFENDANTS' OPPOSITION TO MOTION FOR
LEAVE TO FILE FIFTH AMENDED COMPLAINT - 3
CASE NO. 2:17-cv-01611-RSL
#5366097 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

## II.      ARGUMENT

**A.    Plaintiffs Fail to Show Good Cause for Their Years Long Delay**.

Because Plaintiffs' motion to amend comes years after the case scheduling order's deadline for doing so has passed, the Court must first determine whether there is "good cause" to amend the case scheduling order under Federal Rule of Civil Procedure 16(b). *Koho v. Forest Labs., Inc.*, 2014 U.S. Dist. LEXIS 89733 (W.D. Wash. July 1, 2014), *citing Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992); Fed. R. Civ. P. 16(b)(4). Rule 16(b)'s good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson,* 975 F.2d at 609. "This Court's local rules further instruct that the dates in the scheduling order are binding and that the provisions of Local Civil Rule 16 'will be strictly enforced' in order to 'accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court.'" *Koho, supra*, quoting, LCR 16(b)(4), (m). "While prejudice to the party opposing the modification may provide an additional reason for denying the motion, it is not required to deny a motion to amend under Rule 16(b)." *Id*., *citing Coleman v. Quaker Oats Co*., 232 F.3d 1271, 1295 (9th Cir. 2000) (*citing Johnson*, 975 F.2d at 609).

Only if the Court determines that Plaintiffs have shown good cause exists does it next assess whether the proposed amendment is proper under Rule 15(a). *Johnson, supra* at 608. In this analysis, the Court has discretion to deny an amendment after "considering four factors: bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). Here, Plaintiffs' motion fails under Rule 16(b) and Rule 15(a).

### 1.      There is No Good Faith Excuse for Plaintiffs Undue Delay.

Plaintiffs' years late amendment is the opposite of diligent.  Not only did they have multiple opportunities to timely add a disparate impact claim, which they raised in argument over 4 years ago (*see* FACTS), their excuse for not doing so is woefully deficient.  First, they suggest that the law regarding the viability of disparate impact claims was not fully settled until November 2021. They cite no authority to support the argument that legal claims cannot be alleged until the law is fully settled—which directly contradicts the federal rules (Fed. R Civ. P. 11). Moreover, this

DEFENDANTS' OPPOSITION TO MOTION FOR
LEAVE TO FILE FIFTH AMENDED COMPLAINT - 4
CASE NO. 2:17-cv-01611-RSL
#5366097 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

provides no excuse for why Plaintiffs continued to delay for more than a year *after* November 2021. Second, they vaguely mention that based on "discovery produced to date" they "conclude the addition of the claim is proper"—but Kaiser has been engaged in producing discovery in this case since 2018.  Plaintiffs do not tell the Court what discovery revealed that supposedly relates to their new disparate impact claim, when it was produced, or why, in the exercise of diligence, they could not have brought the claim earlier.  Kaiser is aware of nothing that it could have provided in discovery that would suddenly make previously (supposedly) unforeseen grounds for a disparate impact claim apparent.  Marisseau Decl., ¶ 4. Plaintiffs have failed to make the required good faith showing. The motion should be denied.

**B.     Prejudice.**

    **1.      Disparate Impact Claims Are Very Different from Intentional/Proxy Discrimination Claims**.

        Proxy discrimination and disparate impact are very different claims, require different proof, and are subject to different defenses. Proxy discrimination is a form of disparate treatment, and relies on the proxy to prove discriminatory intent:

> Proxy discrimination is a form of facial discrimination. It arises when the defendant enacts a law or policy that treats individuals differently on the basis of seemingly neutral criteria that are so closely associated with the disfavored group that discrimination on the basis of such criteria is, constructively, facial discrimination against the disfavored group.

*Pacific Shores*, 730 F.3d at 1160, n.23. "[T]o determine whether a proxy's 'fit' is 'sufficiently close' to state a claim for discriminatory plan design, the Court may look to a given policy's disproportionate effect on disabled insureds (overinclusion), ability to service the needs of similar disabled insureds (under inclusion), historical enactment, or targeted enforcement." *E.S. v. Regence BlueShield*, 2022 U.S. Dist. LEXIS 17366, *10 (W.D. Wash. Jan. 31, 2022). Establishing a proxy discrimination claim based on statistics (as Plaintiffs have framed their theory) depends on establishing that the alleged proxy is "unexplainable on grounds other than" discriminatory

DEFENDANTS' OPPOSITION TO MOTION FOR
LEAVE TO FILE FIFTH AMENDED COMPLAINT - 5
CASE NO. 2:17-cv-01611-RSL
#5366097 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

motive. *Pacific Shores*, 730 F.3d at 1142, *quoting Arlington Heights v. Metropolitan Housing Corp.*, 429 U.S. 252, 266-68, 7 S.Ct. 555, 50 L. Ed.2d 450 (1977).  Discrimination by proxy requires a showing that the challenged facially neutral criteria are "almost exclusively indicators of membership in a disfavored group." *Pacific Shores*, 730 F.3d at 1160, n.23.

Disparate impact, by contrast, requires Plaintiffs show that they were denied "meaningful access" and systematically excluded from a benefit that is freely available to others solely because of their disability.  "A facially neutral policy may support a 'disparate impact claim based on lack of meaningful access' where the 'services, programs, and activities remain open and easily accessible to others.'" *See, e.g.*, *Smith v. Walgreens Boots All., Inc.*, 2022 U.S. Dist. LEXIS 163474, *8-9 (N.D. Cal. Sept. 9, 2022), *quoting Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1211 (9th Cir. 2020), *citing Crowder v. Kitagawa*, 81 F.3d 1480, 1484 (9th Cir. 1996); *see also Payan v. Los Angeles Comm. College Dist.*, 11 F.4th 729, 738 (9th Cir. 2021).  The evidence needed to support a disparate impact claim is fundamentally different from that needed to show intentional discrimination.  Rather than establishing actual intent to discriminate or that the alleged hearing loss proxy is a sufficiently close fit with disability, Plaintiffs will need to produce evidence that hearing aids are an ACA-mandated benefit, that Kaiser covered that benefit and made it freely available to non-disabled insureds, and that Plaintiffs were denied meaningful access to that benefit solely because they are disabled.  Kaiser has conducted no investigation on these issues because they are unique to disparate impact analysis.  Marisseau Decl., ¶ 5.

As for defenses, they are different too. If Plaintiffs establish a *prima facie* case of intentional discrimination, the burden of production (but not persuasion) shifts to Kaiser, to articulate a "legitimate, nondiscriminatory reason" for the challenged coverage exclusion.  *See Schmitt*, 965 F.3d at 958 ("[i]t is possible that Kaiser has a reasonable, nondiscriminatory reason for its blanket exclusion of treatment for hearing loss other than cochlear implants"); *see also Smith v. Barton,* 914 F.2d 1330, 1340 (9th Cir. 1990); *Lucero v. Hart,* 915 F.2d 1367, 1371 (9th Cir. 1990).  The burden then shifts back to Plaintiffs to prove that Kaiser's proffered reasons are

pretextual or "encompassed unjustified consideration" of Plaintiffs' disability. *Kim v. Potter*, 474 F. Supp. 3d 1175, 1186 (D. Haw. 2007); *Smith,* 914 F.2d at 1340.

Kaiser is prepared to defend against Plaintiffs' proxy claim based on its legitimate, nondiscriminatory reasons for adopting and administering the challenged policy.  But reasons don't matter to disparate impact analysis, which is an entirely different animal.  Defenses to disparate impact claims include that proposed modifications are not reasonable or constitute an undue financial or administrative burden or a fundamental modification of a defendant's plan or policy.  *Crowder v. Kitagawa*, 81 F.3d 1480, 1485 (9th Cir. 1996).

Kaiser had every reason to rely on the actual claims pled and on the fact that Plaintiffs' consciously omitted disparate impact claims in this case.  After all, several months ago, Plaintiffs' counsel advised the court they had done "extensive work in identifying the claims in this action [and] have far-reaching experience in health benefit cases, health care discrimination (including arising out of hearing loss) and class litigation[.]"  *See* Plaintiffs' class certification motion, Dkt. #90, p. 14.  And in the materially similar case of *E.S. v Regence BlueShield*, plaintiffs, represented by the same counsel here, alleged a disparate impact claim more than a year ago.  *See* Case No. 2:17-01609-RAJ, Dkt. # 42, ¶¶ 5, 88-92.  Plaintiffs offer no explanation for their delay in this case.

### 2.     Kaiser Would Be Prejudiced.

Kaiser for years has been preparing to defend against Plaintiffs' intentional discrimination claim, and vehemently disputes they were somehow "on notice that a disparate impact claim could be added" on the eve of trial.  Motion, p. 4.  The late attempt to add the claim now (after Kaiser's was induced to stipulate to other extended pre-trial deadlines) came as a complete surprise and will significantly alter and expand the legal issues and the nature of relevant evidence.  Marisseau Decl., Exh. A.  Kaiser would now need to litigate new issues including whether disabled enrollees are denied meaningful access to coverage available to other insureds, and whether Plaintiff can

DEFENDANTS' OPPOSITION TO MOTION FOR
LEAVE TO FILE FIFTH AMENDED COMPLAINT - 7
CASE NO. 2:17-cv-01611-RSL
#5366097 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

propose modifications to the health plans that are reasonable and not fundamental alterations, which will require detailed actuarial analysis that will take significant time and effort to develop.

Plaintiffs ignore the fact that briefing on certification of class claims is closed.  And the addition of a new disparate impact claim after class certification briefing causes further prejudice. Kaiser was not given the chance to argue, for example, that a Rule 23(b)(3) damages class cannot be certified because damages are available for intentional discrimination claims but not disparate impact claims. *See Schmitt*, 965 F.3d at 954, n.6, *citing Mark H. v. Lemahieu*, 513 F.3d 922, 938 (9th Cir. 2008). The proposed amendment also raises new issues for class certification (including typicality, commonality, adequacy and the applicability of the different types of classes under Rule 23, which Kaiser was precluded from addressing.

The extended expert disclosure deadline is May 12, 2023, and the discovery cutoff is July 7, 2023.  Expert testimony would likely be needed to defend a disparate impact claim and support unique disparate impact defenses.  Kaiser will need more than a month to evaluate its defenses, locate relevant evidence and interview and retain potential experts.  Such a narrow discovery window unfairly prejudices Kaiser.  While Plaintiffs concede a willingness to agree to a reasonable extension of the trial and other deadlines, the continued delay itself would prejudice Kaiser's interest in clarifying its obligations under anti-discrimination laws as soon as possible. While this case is pending, Kaiser remains in legal limbo while its exposure to possible damages for the alleged intentional discrimination increases every day.

**C.      Plaintiffs' Amendment Is Futile**.

In addition to the inexcusable delay and unfair prejudice, the Court should also deny Plaintiffs' motion as futile.  A proposed amendment will be rejected as futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Ultrasystems Envtl., Inc. v. STV, Inc.*, 674 Fed. Appx. 645, 649 (9th Cir. 2017); *citing Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Futility of amendment, standing

DEFENDANTS' OPPOSITION TO MOTION FOR
LEAVE TO FILE FIFTH AMENDED COMPLAINT - 8
CASE NO. 2:17-cv-01611-RSL
#5366097 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

alone, can justify the denial of a motion to amend without a showing of any prejudice. *United States v. Smithkline Beecham Clinical Labs*, 245 F.3d 1048, 1052 (9th Cir. 2001).

Plaintiffs proposed amendment to assert a disparate impact claim would be futile because they can prove no set of facts to support the claim.  The Ninth Circuit analyzes disparate impact claims under ACA § 1557 pursuant to the test articulated in *Alexander v. Choate*, 469 U.S. 287, 105 S. Ct. 712, 83 L. Ed.2d 661 (1985).  *See Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1210 (9th Cir. 2020).  That is, the claim requires proof that Plaintiffs were denied "meaningful access" to an "ACA-provided benefit" that is freely available to non-disabled insureds.  *Doe*, 982 F.3d at 1211.  Unlike the benefit of "prescription drugs" at issue in *Doe*, hearing aid examinations and hearing aids are not mandated as Essential Health Benefits under the ACA.  *See* 42 U.S.C. § 18022(b)(1) (defining the ten categories of EHBs).  Moreover, there is no dispute that Kaiser's hearing loss exclusion applies equally to all insureds, whether disabled or not.  Plaintiffs' disparate impact claim therefore necessarily fails under Ninth Circuit law, which requires Plaintiffs to show "differential treatment 'solely by reason of disability[.]'"  *Doe*, 982 F.3d at 1209, *quoting Doe v. BlueCross BlueShield of Tennessee, Inc.*, 926 F.3d 235 (6th Cir. 2019).

In the related *E.S. v. Regence BlueShield* case, Judge Jones for this Court recently dismissed the plaintiffs' claim for disparate impact based on a similar health plan exclusion for failure to state a claim, explaining:

> As for Plaintiffs' disparate impact theory, the Court maintains its prior analysis that all routine hearing examinations and programs and treatments for hearing loss are excluded from coverage. Dkt. #41 at 10. Accordingly, the Court cannot conclude that the hearing loss exclusion denies Plaintiffs meaningful access to services that are easily accessible by others under the Regence plan.

2023 U.S. Dist. LEXIS 44670, *6 (W.D. Wash. Mar. 16, 2023). The present case is indistinguishable, and the same analysis should apply. Given the undisputable fact that Kaiser's hearing loss exclusion applies equally to all insureds under those health plans, it would be futile for Plaintiffs to bring a disparate impact claim.

DEFENDANTS' OPPOSITION TO MOTION FOR
LEAVE TO FILE FIFTH AMENDED COMPLAINT - 9
CASE NO. 2:17-cv-01611-RSL
#5366097 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1    In the event this Court rejects Kaiser's futility arguments and grants Plaintiffs' motion,

2  Kaiser asks the Court to expressly acknowledge that leave to amend will not prejudice Kaiser's

3  right to move for dismissal under Fed. R. Civ. P. 12(b)(6) in fairness and to provide the court the

4  benefit of a more complete development of the issues.

5                                **III.    CONCLUSION**

6    Because Plaintiffs' proposed amendment to add a disparate impact claim in unduly late,

7  without good cause, prejudicial and futile, the motion for leave to amend should be denied.  If the

8  Court is inclined to allow the amendment, it should extend all current case-scheduling deadlines,

9  including the trial date, for an additional four months, and clarify that nothing in the Court's order

10  will prejudice Kaiser's right to move for dismissal of the disparate impact claim under Fed. R.

11  Civ. P. 12(b)(6).

12    Respectfully submitted this 10th day of April, 2023.

13                          I certify that this memorandum contains 3,108
                                words, in compliance with the Local Civil Rules
14

15                          **KARR TUTTLE CAMPBELL**
                                *Attorneys for the Defendants*
16

17                          *s/ Medora A. Marisseau*
                                Medora A. Marisseau, WSBA# 23114
18                          Mark A. Bailey, WSBA #26337
                                Joshua M. Howard, WSBA #52189
19                          701 Fifth Avenue, Suite 3300
                                Seattle, Washington 98104
20                          Telephone:  206-223-1313
                                Facsimile:  206-682-7100
21                          Email: mmarisseau@karrtuttle.com
                                     mbailey@karrtuttle.com
22                                   jhoward@karrtuttle.com

23

24

25

26

27

DEFENDANTS' OPPOSITION TO MOTION FOR
LEAVE TO FILE FIFTH AMENDED COMPLAINT - 10
CASE NO. 2:17-cv-01611-RSL
#5366097 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

## CERTIFICATE OF SERVICE

I, Luci Brock, affirm and state that I am employed by Karr Tuttle Campbell in King County, in the State of Washington.  I am over the age of 18 and not a party to this action.  My business address is:  701 Fifth Avenue, Suite 3300, Seattle, Washington 98104. On this day, I caused a true and correct copy of the foregoing document to be filed with the Court and served on the parties listed below in the manner indicated.

Eleanor Hamburger
Richard E. Spoonemore
SIRIANNI YOUTZ SPOONEMORE HAMBURGER
3101 Western Avenue Ste 350
Seattle, WA 98121
206-223-0303
Fax: 206-223-0246
ehamburger@sylaw.com
rspoonemore@sylaw.com
*Attorneys for the Plaintiffs*

☒ Via U.S. Mail
☐ Via Hand Delivery
☒ Via Electronic Mail
☐ Via Overnight Mail
☒ CM/ECF via court's website

John F. Waldo
LAW OFFICE OF JOHN F WALDO
2108 McDuffie Street
Houston, TX 77019
206-849-5009
Email: johnfwaldo@hotmail.com
*Attorneys for the Plaintiffs*

☒ Via U.S. Mail
☒ Via Hand Delivery
☒ Via Electronic Mail
☒ Via Overnight Mail
☒ CM/ECF via court's website

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct, to the best of my knowledge.

Executed on this 10th day of April, 2023, at Seattle, Washington.

*s/Luci Brock*
_____
Luci Brock
Legal Assistant

DEFENDANTS' OPPOSITION TO MOTION FOR
LEAVE TO FILE FIFTH AMENDED COMPLAINT - 11
CASE NO. 2:17-cv-01611-RSL
#5366097 v1 / 22408-614

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100