The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREA SCHMITT; ELIZABETH MOHUNDRO; and O.L. by and through her parents, J.L. and K.L., each on their own behalf, and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN OF WASHINGTON; KAISER FOUNDATION HEALTH PLAN OF WASHINGTON OPTIONS, INC.; KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST; and KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>Defendants. | NO. 2:17-cv-1611-RSL<br><br>PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT<br><br>**Note on Motion Calendar:**<br> April 14, 2023 |

## I.  INTRODUCTION

"Courts may decline to grant leave to amend only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party …, [or] futility of amendment." *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (internal quotes omitted). Kaiser also argues that plaintiffs must demonstrate "good cause" under Fed. R. Civ. P. 16.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT – 1
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

Under both rules, there is good cause and no undue delay, bad faith, dilatory motive or undue prejudice to the opposing party. And, as Kaiser suggests, any harm resulting from the amendment is easily addressed by extending the case schedule, which Plaintiffs do not oppose. *See* Dkt. No. 166, p. 10.

## II.  ARGUMENT

### A.  Newly Discovered Evidence is "Good Cause" for Moving to Amend.

Plaintiffs may engage in discovery to determine whether the claims in their operative complaint should be adjusted to fit the evidence. *See Bagwell v. CBS Broad., Inc.,* 2020 U.S. Dist. LEXIS 264906, at *4 (C.D. Cal. Nov. 17, 2020); *Estate of Ratcliffe v. Pradera Realty Co.,* 2007 U.S. Dist. LEXIS 78070, at *11 (S.D.N.Y. Oct. 19, 2007)("good cause" for amendment may be based upon evidence obtained in discovery).

Due to dismissal motions and an intervening appeal, this case did not proceed past the initial pleading stage until August 2022, before which discovery had largely been on hold. As a practical matter, full discovery commenced after the Court's decision denying Kaiser's motion to dismiss Plaintiffs' Fourth Amended Complaint. Dkt. No. 81.

Plaintiffs diligently pursued discovery, sending multiple requests for written discovery, taking Kaiser's Rule 30(b)(b) deposition, and pushing, since January, to take additional fact witness depositions. Dkt. No. 115, ¶2; Supp. Hamburger Decl., ¶¶2–3, *Exhs. A–B.* Kaiser's delay in setting depositions led to the extension of the expert witness disclosure deadline, not any bad faith on plaintiffs' part. *See id.*

Discovery revealed the following:

(1) Hearing disabled insureds are denied "meaningful access" to the services and treatment required under the ACA that they need to treat their disability:

- Hearing aids meet the Kaiser plan definition of durable medical equipment ("DME") and, but for the Exclusion, would be covered under this essential

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR
LEAVE TO FILE FIFTH AMENDED COMPLAINT – 2
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

health benefit ("EHB").[1] *See* Supp. Hamburger Decl., *Exh. C*, p. 17. *See* Dkt. No. 18-2, p. 3; Supp. Hamburger Decl., *Exh. D*, p. 2; *Exh. E*, pp. 39:12–40:1.

- Hearing aids are only or nearly entirely used to treat hearing impairments. *Id., Exh. E*, pp. 56:24–58:11. In other words, the devices are not used to treat other medical conditions.

- For hearing disabled insureds who cannot be treated with CIs and BAHAs, hearing aids are overwhelmingly the DME that they require to treat their medical condition. *See id.*, pp. 55:20–56:23.

(2) Kaiser's Exclusion is the result of thoughtless or deliberate indifference:

- Kaiser's Rule 30(b)(6) witness could not testify as to the history, reasons and origin of the hearing exclusion. *See* Dkt. No. 91, *Exh. B,* p. 62:14–64:13; *See* Suppl. Hamburger Decl., *Exh. E*, p. 65:10–12.

- Kaiser has never conducted a clinical review of the medical efficacy and clinical appropriateness of hearing aids. *See id. Exh. E,* pp. 92:12–93:13. Nonetheless, Kaiser concedes that hearing aids can be medically necessary. Dkt. No. 91, *Exh. B,* pp. 36:24–38:21.

- Kaiser has not engaged in a documented "cost-benefit" analysis of whether to add coverage of hearing aids to its base benefit plan. *See Exh. E,* pp. 95:7–96:1.

- Kaiser did not analyze the cost of adding the hearing benefit until 2021. Supp. Hamburger Decl., ¶¶7–10 ; Dkt. No. 104, *Exh. 1;* Supp. Hamburger Decl., *Exh. F,* p. 3.

---

[1] Kaiser mischaracterizes the disputed benefit here as "hearing aids" rather than DME. *See* Dkt. No. 116, p. 9. In *Doe v. CVS Pharmacy, Inc.,* 982 F.3d 1204, 1210 (9th Cir. 2020), the Ninth Circuit rejected characterizing the benefit on such a granular level, instead characterizing it on a categorical level: "the prescription drug benefit as a whole." Here, the relevant benefit is ACA-mandated DME and outpatient medical services.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT – 3
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

- In 2021, Kaiser conducted two analyses, one for its own internal pricing purposes and another to address pending legislation that would mandate coverage of hearing aids. Supp. Hamburger Decl., ¶¶7–10; *Compare* Dkt. No. 104 with *Exh. F*.

- Kaiser's legislative analysis was based on dubious methodology resulting in a highly inflated projected cost that Jodi Russell, Kaiser's Director of Data Reporting and Analytics for Actuarial Services, considers flawed. *See* Dkt. No. 103. It is not known if this analysis was shared with legislators.

- In contrast, the internal analysis shows that the cost of covering hearing aids and related services is quite modest. Supp. Hamburger Decl., ¶11; *Exh. F*, p. 3.

In sum, the accumulated evidence to date supports Plaintiffs' proposed disparate impact claim. Kaiser continues to apply its historic Exclusion, even though hearing aids are the essential DME required by the vast majority of hearing disabled insureds and the cost of adding the benefit is relatively low. Moreover, there is strong evidence that Kaiser's continued design and application of the Exclusion is the result of thoughtless or deliberate indifference to the needs of hearing disabled insureds.

**B.   No Undue Delay.**

Kaiser also argues that uncertainty regarding disparate impact claims under Section 1557 is not a basis for Plaintiffs alleged "delay" in moving to amend. Dkt. No. 116, p. 4–5. Not true. The resolution of the *Doe v. CVS* appeal before the Supreme Court, confirmed the existence of disparate impact disability discrimination claims under Section 1557 in the Ninth Circuit. Before *Doe*, the viability of the claim was highly uncertain. *See* Dkt. No. 114, pp. 3–5.

Plaintiffs did not amend when the *Doe* appeal was terminated because defendants' Motion to Dismiss plaintiffs' Fourth Amended Complaint was pending. *See*

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR
LEAVE TO FILE FIFTH AMENDED COMPLAINT – 4
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

Dkt. No. 81. After the Court's Order, Plaintiffs proceeded to discovery to determine whether there was sufficient evidence to support a disparate impact claim, particularly since an amendment would likely draw a renewed motion to dismiss.

**C.    There Is No Prejudice to Kaiser.**

Kaiser argues that it is prejudiced because (1) disparate impact claims are "very different" from disparate treatment claims (Dkt. No. 116, p. 5); (2) amendment of the complaint after class certification briefing has closed is unfair (*id.*, p. 8); and (3) an extension of the case schedule places Kaiser in "legal limbo." *Id.* None result in prejudice. Kaiser's objections are resolved by a reasonable extension of the case schedule.

*First,* disparate treatment and disparate impact are two related, if not intertwined, methods of demonstrating discrimination. *See e.g., McWright v. Alexander*, 982 F.2d 222, 228 (7th Cir. 1992) ("[T]he distinction between disparate treatment and disparate impact becomes fuzzy at the border" at which proxy discrimination is found.) [2]; *Brasier v. Union Pac. R.R. Co.*, 2023 U.S. Dist. LEXIS 58334, at *41 (D. Ariz. Mar. 31, 2023) (noting a "close factual nexus" between disparate-treatment and disparate-impact claims).

Litigants frequently conclude that they can demonstrate one, the other, or both, as discovery progresses. *See, e.g., Sw. Fair Hous. Council, Inc. v. Maricopa Domestic Water Improvement Dist.*, 17 F.4th 950, 973 (9th Cir. 2021) ("[A] plaintiff may provide notice of their intent to pursue either a disparate-impact or disparate-treatment claim during discovery") (internal citation omitted). Plaintiffs provided notice directly to defendant and via the proposed Fifth Amended Complaint, well before the expert witness

---

[2] Kaiser incorrectly implies that Plaintiffs are bound to demonstrate proxy discrimination based on statistics. Dkt. No. 116, p. 5. The Court must engage in a "multi-factorial" inquiry considering both direct or circumstantial evidence. *Pac. Shores Props., Ltd. Liab. Co. v. City of Newport Beach,* 730 F.3d 1142, 1158–59 (9th Cir. 2013).

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT – 5
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

deadlines and discovery cutoff. And, Plaintiffs are willing to stipulate to Kaiser's proposed four-month extension of the case schedule. Dkt. No. 116, p. 10.

***Second,*** adding a disparate impact claim does not change the proposed class definition, leaving the pending class certification motion unaffected. Still, Kaiser objects that it could have argued that a Rule 23(b)(3) class would not be proper for a claim of disparate impact discrimination because it excludes an award of money damages. *See* Dkt. No. 116, p. 8. Kaiser's argument is unavailing: (1) Plaintiffs do not seek an award of money damages but equitable relief in the form of injunction, tolling and reprocessing. Dkt. No. 107, pp. 9–10. (2) Disparate impact claims may result in the equitable remedies sought here. If the Court concludes that there is discrimination, whether pursuant to proxy discrimination or disparate impact, the class is entitled to a "do-over" to have their claims considered without discrimination. And (3) disparate impact claims under Section 504 are entirely compatible with Rule 23(b)(3), even when reprocessing is sought. *See, e.g., Huynh v. Harasz*, 2015 U.S. Dist. LEXIS 154078, at *42 (N.D. Cal. Nov. 12, 2015).[3]

***Third,*** Kaiser's claim that it is hurt by delay because of ongoing "legal limbo" rings hollow in light of its repeated requests for additional time. *See* Dkt. Nos. 59, 66, 69, 82, 98. And, Kaiser's alleged "legal limbo" (a financial risk of Kaiser's own creation) will be addressed, in part, by the Legislature's mandate of coverage for hearing aids in the large group market. *See* ESHB 1222 (2023), found at: https://app.leg.wa.gov/billsummary?BillNumber=1222&Year=2023&Initiative=false (last visited 4/12/23).

---

[3] Since class certification can be revisited at any time during the litigation, if the Court certifies a class that Kaiser concludes is incompatible with the disparate impact claim, Kaiser is free to move to decertify.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT – 6
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

### D. Futility.

Kaiser argues that there are no facts under which a disparate impact claim may be established. Dkt. No. 116, pp. 8–9. The sole basis of Kaiser's "futility" argument is its claim that hearing aids are not covered under any ACA-required EHB. *Id.* But as explained above, hearing aids meet the plan definition of DME, an ACA-required EHB. But for the Exclusion, hearing aids would be covered as DME. Thus, plaintiffs are denied "meaningful access" to the essential DME to treat their condition as a result of the hearing exclusion.

Kaiser grounds its futility claim in the decision, *E.S. v. Regence BlueShield,* 2023 U.S. Dist. LEXIS 44670 (W.D. Wash. March 16, 2023). But the *E.S.* court did not conclude that there were no set of facts under which a disparate impact claim could proceed and permitted the *E.S.* plaintiffs to amend their complaint. *Id.* at *8.[4] *See* Dkt. No. 116, p. 9. E.S. plaintiffs have done so. *See E.S.,* Case No. 2:17-cv-01609-RAJ, Dkt. No. 54, *Exh. A.*

Kaiser also errs in claiming that imposing the Exclusion on all insureds foils disparate impact claims. Dkt. No. 116, p. 9. The *Doe* court held that when a benefit design denied disabled insureds "effective treatment" for their condition, "meaningful access" was properly alleged. *Id.,* 982 F.3d at 1212. Similarly, the Exclusion blocks disabled insureds' meaningful access to the benefit—DME—as it prevents them from receiving effective treatment for disabling hearing loss.

### E. No "Bad Faith."

Kaiser implies that Plaintiffs' counsel obtained an extension of the expert witness deadline in bad faith and, after obtaining the extension, sought to amend the complaint in a "bait and switch." Dkt. No. 116, p. 3. This offensive allegation is wholly untrue.

---

[4] Plaintiffs fully expect Kaiser to move to dismiss the disparate impact claim, consistent with the federal rules. *See* Dkt. No. 116, p. 10.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT – 7
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

The sole reason for extending the expert witness deadline was Kaiser's failure to timely respond to Plaintiffs' request for deposition dates for key Kaiser employees. *See* Suppl. Hamburger Decl., ¶¶ *2–3, Exhs. A–B*. There was no "bait and switch."

Unrelatedly, Plaintiffs continued to review the extensive document production and deposition testimony. Based upon this review, on or about March 15, 2023, Plaintiffs' counsel concluded that a disparate impact claim should be added and immediately so informed Kaiser's counsel. Shortly thereafter, Plaintiffs moved to amend the complaint. Plaintiffs' counsel has acted cooperatively and with candor at all times by informing Kaiser's counsel as soon as the decision to amend the complaint was made. There is no "bad faith" in seeking the amendment.

### III.  CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion to Amend the Complaint.

DATED:  April 14, 2023.

> SIRIANNI YOUTZ
> SPOONEMORE HAMBURGER PLLC
>
>   */s/ Eleanor Hamburger*
> Eleanor Hamburger, WSBA #26478
> Richard E. Spoonemore, WSBA #21833
> Daniel S. Gross, WSBA #23992
> 3101 Western Avenue, Suite 350
> Seattle, WA 98121
> Tel. (206) 223-0303; Fax (206) 223-0246
> Email: ehamburger@sylaw.com
>         rspoonemore@sylaw.com
>         dgross@sylaw.com
>
> *I certify that the foregoing contains 2,038 words, in compliance with the Local Civil Rules.*

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT – 8
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

Of Counsel:
John F. Waldo, *Pro Hac Vice*
LAW OFFICE OF JOHN F. WALDO
2108 McDuffie Street
Houston, TX 77019
Tel. (206) 849-5009
Email:  johnfwaldo@hotmail.com

***Attorneys for Plaintiffs***

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR
LEAVE TO FILE FIFTH AMENDED COMPLAINT – 9
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246