UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDREA SCHMITT, *et al.*,

    Plaintiffs,

v.

KAISER FOUNDATION HEALTH PLAN OF WASHINGTON, *et al.*,

    Defendants.

NO. C17-1611RSL

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND

This matter comes before the Court on "Plaintiffs' Motion for Leave to File Fifth Amended Complaint." Dkt. # 114. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, including defendants' sur-reply, the Court finds as follows:

The deadline for amending pleadings was October 20, 2020. Dkt. # 55. Long before that date, plaintiffs argued before the Ninth Circuit that the hearing loss exclusion at issue "is a form of disparate impact discrimination." *Schmitt v. Kaiser Found. Health Plan of Wash.*, Case No. 18-35846, Dkt. # 6 at 15 (9th Cir. Jan. 22, 2019). The Ninth Circuit declined to reach the issue, however, because plaintiffs had not alleged a disparate impact claim. *Id.* at Dkt. # 50-1 at 15. When plaintiffs filed their Third Amended Complaint on October 20, 2020 (after the case had been remanded to the undersigned for further consideration), they did not assert a disparate impact claim. Dkt. # 58. They subsequently filed an unopposed motion to add an additional

ORDER DENYING PLAINTIFFS'
MOTION FOR LEAVE TO AMEND - 1

plaintiff, and the Fourth Amended Complaint was filed on December 15, 2020. Dkt. # 65, Now, two and a half years after the amendment deadline, plaintiffs seek permission to further amend their pleading to add a claim for disparate impact.[1]

Under Fed. R. Civ. P. 16(b)(4), case management deadlines established by the Court "may be modified only for good cause and with the judge's consent." Rule 16 was amended in 1983 to require scheduling orders that govern pre-trial as well as trial procedures. The purpose of the change was to improve the efficiency of federal litigation: leaving the parties to their own devices until shortly before trial was apparently costly and resulted in undue delay. Under the 1983 amendment, once a case management schedule issues, changes will be made only if the movant shows "good cause."

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . .

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). *See also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court," good cause was not shown).

Plaintiffs have not shown that they were diligent. The disparate impact claim and a sufficient factual basis therefore were known prior to the amendment deadline. That the Ninth

---

[1] Plaintiffs also seek to modify the class definition so that it is consistent with that used in the pending motion for class certification. The parties have already briefed the class certification issue based on the revised class definition, however: that motion is now ready for consideration by the Court. There does not appear to be any procedural or substantive rule requiring plaintiffs to amend their operative pleading simply because the class definition has been adjusted during the course of litigation.

ORDER DENYING PLAINTIFFS'
MOTION FOR LEAVE TO AMEND - 2

Circuit subsequently confirmed that a disparate impact claim could be pursued under the Affordable Care Act, *see Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1211 (9th Cir. 2020), does not excuse plaintiffs' failure to assert a known and colorable claim. This is particularly true where the Ninth Circuit relied on and adopted the disparate impact analysis set forth by the Supreme Court decades earlier in *Alexander v. Choate*, 469 U.S. 287 (1985). Nor have plaintiffs identified an element of the disparate impact claim for which they had no factual basis prior to discovery. In fact, they have been arguing that the hearing loss exclusion "is a form of disparate impact discrimination[] because it denies insureds with disabling hearing loss meaningful access to otherwise covered benefits" since at least January 2019, *Schmitt*, Case No. 18-35846, Dkt. # 6 at 15, and the Court presumes that they had a Rule 11 basis for doing so. Facts and legal theories that have simply been confirmed or supported through the course of litigation do not excuse a failure to assert claims on the schedule established by the Court.

Good cause for an extension of the deadline has not been shown. Even under the more lenient standards of Rule 15, leave to amend would not be appropriate here because of plaintiffs' undue delay in asserting the disparate impact claim, the prejudice it would cause defendants if they had to re-evaluate their discovery responses and opposition to the pending class certification motion in light of a new legal theory, and the number of amendments plaintiffs have already made.

//

//

ORDER DENYING PLAINTIFFS'
MOTION FOR LEAVE TO AMEND - 3

For all of the foregoing reasons, plaintiffs' motion for leave to file a fifth amended complaint is DENIED.

Dated this 21st day of April, 2023.

Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFFS'
MOTION FOR LEAVE TO AMEND - 4