The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREA SCHMITT; ELIZABETH MOHUNDRO; and O.L. by and through her parents, J.L. and K.L., each on their own behalf, and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN OF WASHINGTON; KAISER FOUNDATION HEALTH PLAN OF WASHINGTON OPTIONS, INC.; KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST; and KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>Defendants. | NO. 2:17-cv-1611-RSL<br><br>DECLARATION OF RICHARD E. SPOONEMORE IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTIONS FOR:<br>(1) SETTLEMENT CLASS CERTIFICATION; AND<br>(2) PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT, APPROVAL OF CLASS NOTICE PACKAGE, AND TO ESTABLISH A FINAL SETTLEMENT APPROVAL HEARING AND PROCESS<br><br>**Note on Motion Calendar:**<br>**December 6, 2023** |

Richard E. Spoonemore declares under penalty of perjury and in accordance with the laws of the State of Washington and United States that:

1. I am one of the attorneys for Plaintiffs in this action. Unless otherwise stated, the facts in this declaration are based upon my personal knowledge.

2. In the six years since this case was filed, it has been aggressively litigated. The parties have exchanged thousands of pages of formal discovery, deposed thirteen

DECLARATION OF RICHARD E. SPOONEMORE – 1
[Case No. 2:17-cv-01611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

witnesses, and engaged in extensive motions practice including two motions to dismiss, an appeal to the Ninth Circuit, class certification, and cross-motions for summary judgment. When it became clear that certain legislative changes would provide access to hearing aids and related services to a significant segment of the proposed class – with other legislative and regulatory proposals advancing to address other class segments – the parties agreed that mediation made sense. Judge Charles Burdell (ret.) was retained to mediate the matter in July. With his assistance, the parties reached a tentative agreement after protracted discussions, only to have the agreement collapse in the following weeks. Despite this, the parties re-engaged with each other to revive the deal, which after several months of negotiation, eventually resulted in a short-form agreement. That agreement was codified in the long-form agreement attached to the motion for preliminary approval as *Appendix 1*. The agreement was the result of arm's-length and protracted arm's-length negotiations, and we strongly recommend that it be approved. We are unaware of any similar or comparable litigation against these defendants, and this case is the only current mechanism of which we are aware to provide compensation to the members of the proposed settlement class.

3. When addressing retrospective relief in our firms' class action health care practice, we typically model the anticipated out-of-pocket losses that will be claimed in a damages settlement. In this case, as in others, we have been assisted by data and analysis created by Frank G. Fox, Ph.D., a healthcare economist who specializes in this area. Based upon his damage analysis and our own extensive experience in health care class actions, we believe that the settlement amount of $3,000,000 will provide claimants with 100% of their out-of-pocket losses or very close to that amount. This conclusion is the result of the following factors: (1) the number of claims submitted to Kaiser by the proposed class members during the class period that were denied; (2) the anticipated number of claims that were incurred, but not submitted, to Kaiser for payment; (3) the

DECLARATION OF RICHARD E. SPOONEMORE – 2
[Case No. 2:17-cv-01611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

anticipated response rate for each of the categories (1) and (2); (4) the anticipated costs of litigation, attorney fees, notice and administrative costs; and (5) potential case contribution awards to the class representatives.  Based on data received in discovery, we anticipate that between 400 and 600 potential class members fall into the first category, with somewhere between $1M and $1.5M in denied claims.  These figures need to be adjusted down to account for the following factors (1) secondary insurance, (2) other payors, (3) provider discounts and waivers, and (4) foregone care after the receipt of the denial.  In addition, even with prepopulated claims forms and very simple ways to claim funds, the disappointing reality is that a large percentage of people do not bother to return even the most simple claim forms.  We plan to aggressively target the potential class members in category (1) using prepopulated forms, simple online verification, alternative methods of confirmation, and reminder notices during the process.  We are aiming for a 50% response rate among class members who submitted claims to Kaiser, which is aggressive. The notice aimed at class members who did not make claims to Kaiser, category (2), will result in a very low response rate, since the Class Notice will be sent to all current and former Kaiser under-age 65 enrollees in plans with hearing aid exclusions, and given that the vast majority of these insureds will not have claims.  Our modeling indicates a range, from claimants receiving a slight *pro rata* deduction from their full claim amount to the existence of significant *cy pres* funds. Historically, our models have been extremely accurate.  *See, e.g., C.S. v. Boeing*, United States District Court for the Western District of Washington, Cause No. 2:14-00574-RSM (100% paid); *A.D. v. T-Mobile USA, Inc.*, United States District Court for the Western District of Washington, Cause No. 2:15-cv-00180-RAJ (100% paid); *D.T. v. NECDA/IBEW Family Medical Care Plan, et al.*, United States District Court for the Western District of Washington, Cause No. 2:17-cv-00004-RAJ (100% paid); and *N.R. v. Raytheon Company, et al.*, United District Court for Massachusetts, Cause No. 1:20-cv-1053-RGS (100% paid).

DECLARATION OF RICHARD E. SPOONEMORE – 3
[Case No. 2:17-cv-01611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246


In short, while we cannot guarantee a 100% recovery, we believe it is likely that all claimants will receive close to that amount. It is also noteworthy that a 100% recovery for claimants does not include any deductions for copayments, coinsurance, or deductibles. As a result, a recovery at or near 100% of claimants' out-of-pocket costs for hearing aids and related services will likely provide them with more reimbursement that they would have received if Kaiser had paid their claims under the policies of insurance.

4. We are working with Epiq, the notice and claims administrator that we are recommending, to make the claims process as simple as possible. (We are recommending Epiq be appointed given that they were within 5% of the lowest estimate received in response to class counsel's request for proposal, and their experience in adjudicating medical claims. We had a very good experience with Epiq in connection with the claims process in our autism coverage cases.) Under the claims process, class members who previously submitted claims need only verify (online or by returning a prepaid card) that they (as opposed to secondary insurance) are out-of-pocket in the amount indicated on the pre-populated claim form. Those individuals can also file for additional reimbursement under the claims process by filling out a claim form to include charges that they may not have submitted. (Some individuals may have stopped submitting claims after denial – this process permits them to seek sums in addition to the amount on the pre-populated form.) Individuals with claims who never submitted them will be eligible for payment from the settlement fund upon submission of a claim form verifying the elements of the claim. The proposed notice and claims process is functionally identical to those approved by the Court in *Z.D. v. Grp. Health Coop.*, 2014 U.S. Dist. LEXIS 14376, at *3 (W.D. Wash. Feb. 5, 2014), and *R.H. v. Premera BlueCross*, 2014 U.S. Dist. LEXIS 108503 (W.D. Wash. Aug. 6, 2014), among others.

5. Here, Plaintiffs O.L., through her parents, Mohundro and Schmitt dedicated substantial time, effort, and risk to protect the interests of the class. Plaintiff

DECLARATION OF RICHARD E. SPOONEMORE – 4
[Case No. 2:17-cv-01611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

Schmitt was willing to pursue this case to make systemic change on behalf of insureds with hearing loss, and became one of the first plaintiffs in the country to challenge health benefit design as discriminatory under the Affordable Care Act. Schmitt, as a legal advocate for low-income consumers at Columbia Legal Services, was well aware of the time, effort and energy it takes to be part of precedent-setting litigation. Plaintiff Schmitt gladly participated in every stage of this litigation, including planning and preparing for the initial filing. She also agreed to a slightly longer release of her personal claims when such release was sought by Kaiser in order to get a deal done. At all times, Plaintiff Schmitt was willing to put the benefit of the class far ahead of her own benefit. Plaintiff Mohundro's commitment to this case is also exceedingly strong. She heard about the litigation and reached out to Class counsel to participate, because she was eager for the opportunity to make systemic change on behalf of people with hearing loss. Plaintiff Mohundro's involvement ensured that a named plaintiff had exhausted the administrative process at a critical time in the case. Similarly, Plaintiff O.L. and her parents had been monitoring the litigation, and when the Schmitt case was remanded from the Ninth Circuit, they stepped forward to join the case, representing the important developmental needs faced by class members who are children with hearing loss. All named plaintiffs were subjected to extensive written discovery and document production that required hours of plaintiffs' time and attention to respond. Plaintiffs Schmitt, Mohundro and O.L.'s mother, J.L., had lengthy and aggressive depositions taken by Kaiser. The named plaintiffs participated in the extensive negotiations, and were fully involved in every step of the settlement process. These named plaintiffs went above and beyond the requirements of class representatives, playing an active role in both the litigation and settlement process to ensure that the rights of Kaiser insureds with hearing loss would be respected and protected from discrimination. There is no conflict between the named plaintiffs and the class. The proposed case contribution

DECLARATION OF RICHARD E. SPOONEMORE – 5
[Case No. 2:17-cv-01611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

award of $15,000 is proper where, as here, the plaintiffs were involved in litigation for many years, and all plaintiffs endured a lengthy appeal to the Ninth Circuit, extensive discovery and depositions, and an exhaustive settlement process.

6. Class counsel has met and conferred with Kaiser's counsel on the form of the proposed order and Kaiser does not object to its entry.

DATED: December 6, 2023 at Seattle, Washington.

    */s/ Richard E. Spoonemore*
Richard E. Spoonemore (WSBA #21833)
SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 Western Avenue, Suite 350
Seattle, WA 98121
Tel. (206) 223-0303; Fax (206) 223-0246
Email: rspoonemore@sylaw.com

Attorneys for Plaintiffs

DECLARATION OF RICHARD E. SPOONEMORE – 6
[Case No. 2:17-cv-01611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246