UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREA SCHMITT; ELIZABETH MOHUNDRO; and O.L. by and through her parents, J.L. and K.L., each on their own behalf, and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN OF WASHINGTON; KAISER FOUNDATION HEALTH PLAN OF WASHINGTON OPTIONS, INC.; KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST; and KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>Defendants. | NO.  2:17-cv-01611-RSL<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR SETTLEMENT CLASS CERTIFICATION** |

This matter came before the Court on Plaintiffs' Motion for Settlement Class Certification. Plaintiffs Schmitt, Mohundro and O.L., by and through her parents, J.L. and K.L. were represented by Eleanor Hamburger, Richard E. Spoonemore and Daniel S. Gross of Sirianni Youtz Spoonemore Hamburger PLLC. Defendants Kaiser Foundation Health Plan of Washington, Kaiser Foundation Health Plan of Washington Options, Inc., Kaiser Foundation Health Plan of the Northwest and Kaiser Foundation Health Plan,

ORDER GRANTING PLAINTIFFS' MOTION
FOR SETTLEMENT CLASS CERTIFICATION – 1
[Case No. 2:17-cv-01611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

Inc. were represented by its counsel, Medora Marisseau, Mark A. Bailey and Joshua M. Howard of Karr Tuttle.

The Court has reviewed and considered Plaintiffs' Motion for Settlement Class Certification and the Declaration of Richard E. Spoonemore, in addition to the pleadings and records in this case. Pursuant to Federal Rule of Civil Procedure 23(e)(2)(B), the Court finds that it "will likely be able to . . . certify the class for purposes of judgment" on the parties Settlement proposal and GRANTS Plaintiffs' Motion for Settlement Class Certification. The Court further appoints class counsel and class representatives as set forth below:

**A.    The Proposed Class Meet the Requirements of FRCP 23(a).**

With respect to FRCP 23(a)(1), the Court finds that the proposed settlement class can reasonably be expected to be so numerous that joinder is impracticable. Both parties concede that the class numbers in the thousands.

The commonality requirement under FRCP 23(a)(2) is also met, as there are common questions of law and fact that affect all members of the class. For purposes of facilitating this settlement only, the Defendants have not opposed the Plaintiffs' motion, accordingly, the Plaintiffs' proposed common question relevant to the class is unopposed and is: Does Kaiser's administration of a categorical exclusion of hearing aids and related hearing treatment violate ACA's non-discrimination statute and the Washington Law Against Discrimination? In light of the specific circumstances of this unopposed motion, the Court finds the answer to this common question would result in a class-wide adjudication of the claims in this action.

For the same reasons, the claims of the Plaintiffs are typical to those of the Class as required by FRCP 23(a)(3). In pursuing their claims, Plaintiffs will necessarily advance the interests of the Class.

ORDER GRANTING PLAINTIFFS' MOTION
FOR SETTLEMENT CLASS CERTIFICATION – 2
[Case No. 2:17-cv-01611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

The Court also finds that the named plaintiffs Andrea Schmitt, Elizabeth Mohundro and O.L., by and through her parents, J.L. and K.L., are adequate class representatives who have chosen counsel experienced in class actions of this nature. There are no conflicts between the named plaintiffs and the Class members. The named plaintiffs and their counsel meet the requirement of adequate representation under FRCP 23(a)(4).

**B.      Certification of the Class Under FRCP 23(b)(3).**

The Court finds that the Class also meets the requirements of FRCP 23(b)(3) which permits certification of a class when (1) questions of law or fact common to the class members predominate over questions affecting individual members, and (2) such an action is superior to other available methods of adjudicating the controversy. Both requirements are satisfied.

Predominance is satisfied here because the global question in the case impacts all class members and dominates over any individualized questions.

A class action is superior here because the cost of litigation far exceeds the claims of any individual seeking hearing aid coverage. There is little difficulty in managing a class action when it has reached the settlement stage. *See Amchem Products, Inc. v. Windsor*, 521 U. S. 591, 623, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997); *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009). "The Rule 23(b)(3) predominance inquiry asks the court to make a global determination of whether common questions prevail over individualized ones." *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016)

**C.      Class Definition.**

NOW, THEREFORE, IT IS HEREBY ORDERED that the following Settlement Class is certified for all claims brought in this case:

ORDER GRANTING PLAINTIFFS' MOTION
FOR SETTLEMENT CLASS CERTIFICATION – 3
[Case No. 2:17-cv-01611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

All individuals who:

(1) were insured at any time during the Settlement Class Period under a Washington health insurance plan that has been, is or will be delivered, issued for delivery, or renewed by Kaiser Foundation Health Plan of Washington and Kaiser Foundation Health Plan of Washington Options (collectively, "Kaiser"), excluding Medicare Advantage plans and plans governed by Federal Employee Health Benefits Act that did not cover Hearing Aids and Associated Services and

(2) have required, require or will require treatment for hearing loss other than treatment associated with cochlear implants, or with Bone Anchored Hearing Aids (BAHAs).

The Settlement Class Period is defined as October 30, 2014 through December 31, 2023, inclusive.  The Settlement Class will be dissolved in the event the Settlement Agreement between the parties is not finally approved by this Court.

D. **Appointment of Class Representative and Class Counsel.**

The Court APPOINTS Plaintiffs Andrea Schmitt, Elizabeth Mohundro, O.L. by and through her parents J.L. and K.L., as the class representatives, and Ms. Hamburger, Mr. Spoonemore and Mr. Gross of Sirianni Youtz Spoonemore Hamburger are appointed as class counsel.

Dated this 11th day of December, 2023.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFFS' MOTION
FOR SETTLEMENT CLASS CERTIFICATION – 4
[Case No. 2:17-cv-01611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

Presented by:

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC

   */s/ Richard E. Spoonemore*
Eleanor Hamburger (WSBA #26478)
Richard E. Spoonemore (WSBA #21833)
Daniel S. Gross (WSBA #23992)
3101 Western Avenue, Suite 350
Seattle, WA  98121
Tel.  (206) 223-0303; Fax (206) 223-0246
Email: ehamburger@sylaw.com
       rspoonemore@sylaw.com
       dgross@sylaw.com

Attorneys for Plaintiffs

ORDER GRANTING PLAINTIFFS' MOTION
FOR SETTLEMENT CLASS CERTIFICATION – 5
[Case No. 2:17-cv-01611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246