UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREA SCHMITT; ELIZABETH MOHUNDRO; and O.L. by and through her parents, J.L. and K.L., each on their own behalf, and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN OF WASHINGTON; KAISER FOUNDATION HEALTH PLAN OF WASHINGTON OPTIONS, INC.; KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST; and KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>Defendants. | NO.  2:17-cv-01611-RSL<br><br>AMENDED ORDER:<br><br>(1) PRELIMINARILY APPROVING SETTLEMENT AGREEMENT;<br><br>(2) APPROVING CLASS NOTICE PACKAGE; AND<br><br>(3) ESTABLISHING A FINAL SETTLEMENT APPROVAL HEARING AND PROCESS |

Upon consideration of Plaintiffs' motion pursuant to Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the settlement of this action ("Motion for Preliminary Approval") and in accordance with the Parties' Settlement

ORDER PRELIMINARILY APPROVING SETTLEMENT
AGREEMENT, ETC. – 1

Agreement dated as of December 5, 2023, (the "Agreement"), and the Court having read and considered the Agreement, orders as follows:[1]

1. Based on the record before it, the Court tentatively finds, pursuant to Federal Rule of Civil Procedure 23(e), that the Agreement attached as Appendix 1 to the Motion for Preliminary Approval, is fair, reasonable, and adequate. The Court finds that: (a) the Agreement resulted from extensive arm's length negotiations; (b) there is no evidence at this stage of the proceedings of fraud, collusion, or overreaching or that the rights of absent Class Members were disregarded; and (c) counsel has sufficient experience in similar litigation to propose the Agreement. The Court's preliminary approval is subject to change pending the outcome of the final settlement approval hearing ("Fairness Hearing") established herein.

2. The Court finds that the proposed Class Notice, attached as Appendix 2, meets the requirements of Federal Rule of Civil Procedure 23, due process, and the applicable law in that it fairly and adequately describes the terms of the Agreement, including the attorneys' fees and costs sought by Class Counsel and Named Plaintiffs' ability to seek Incentive Awards; gives notice of the time and place of the Fairness Hearing; and describes how a Class Member may comment on, object to, or support the Agreement. The Court also finds that the postcard notice attached as Appendix 3 fairly and reasonably apprises potential class members of the action, and directs them to a webpage and/or phone number to receive copies of the full notice and claims package.

3. The Court appoints Epiq to act as the Notice and Claims Processor with the powers and responsibilities set forth in Sections 1.2, 2.2.3 and 6 of the Agreement.

4. The Court authorizes and directs Defendants Kaiser Foundation Health Plan of Washington, Inc., Kaiser Foundation Health Plan of Washington Options, Inc.,

---

[1] The initial capitalization of terms used in this Order and not defined herein shall have the meanings assigned to them in the Agreement.

ORDER PRELIMINARILY APPROVING SETTLEMENT
AGREEMENT, ETC. – 2

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

Kaiser Foundation Health Plan of the Northwest Inc., and Kaiser Foundation Health Plan, Inc. or a designated agent to transmit the names, addresses and email addresses (where known) of the Class Notice Recipients located after a reasonable search to the Notice and Claims Processor within 40 days of the entry of this Order. This Order is intended to satisfy 45 C.F.R. § 164.512(e)(1)(i).

5. With respect to Class Notice Recipients whose email address is supplied by Kaiser, the Court directs the Notice and Claims Processor to email the Class Notice and short-form postcard notice explaining how to access the Class Notice and Claim Form Materials.

6. With respect to Class Notice Recipients who previously made a claim for hearing aid(s) and/or associated services during the class period, the Notice and Claims Processor is directed to mail and email a long-form notice, pre-populated claim form and supplemental claim form along with instructions on how to perfect a claim.

7. With respect to Class Notice Recipients who did not previously make a claim, and whose email address was not supplied by Kaiser, the Class Notice and Claims Processor is directed to mail the short-form postcard notice.

8. The Notice and Claims Processor shall complete its emailing and mailing within 30 days after receipt of the names, mailing addresses and, if available, email addresses of the Class Notice Recipients. The Notice and Claims Processor will submit a declaration to the Court confirming its compliance with the class notice procedures contained in this Order within 45 days of the date of this Order.

9. Class Counsel and/or the Notice and Claims Processor shall establish a settlement web page available to the public within 30 days of the date of this order. The web page shall, at minimum, contain the Settlement Agreement, long form notice, claims forms, claim form instructions, a description of the action, deadlines and key pleadings

ORDER PRELIMINARILY APPROVING SETTLEMENT
AGREEMENT, ETC. – 3

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

(including, without limitation, the motions for approval and orders certifying the settlement class and preliminarily approving the agreement) as described in Section 2.2.3.2 of the Agreement.

10. The Court concludes that direct notice by email, where email addresses are available, and by direct U.S. mail as described above to the Class Notice Recipients, in addition to web-based notice, is the best notice practicable under the circumstances and complies with the requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable law.

11. Not more than five (5) days after the date of this Order, Defendants shall provide any notices and materials that may be required under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1715(b).

12. A Fairness Hearing to consider whether the proposed Agreement is fair, reasonable, and adequate and should be finally approved is scheduled for April 18, 2024 at 11:00 a.m. at the United States Courthouse, 700 Stewart Street, Suite 13206, Seattle, WA 98101.

13. A Class Member who wishes to comment on or object to the Agreement must submit written comments and/or objections to the Court no later than April 4, 2024.

14. A Class Member who wishes to appear at the Fairness Hearing may do so if he or she submits written notice to the Court, with copies to counsel, that he or she intends to appear in person or through counsel. In that written notice to appear, the Class Member must describe the nature of his or her comment or objection. Written notice of intent to appear must be filed with the Court and mailed to counsel by April 4,2024.

15. A Motion for Final Approval of the Agreement, together with any supporting declarations or other documentation, must be filed no later than April 11,

ORDER PRELIMINARILY APPROVING SETTLEMENT
AGREEMENT, ETC. – 4

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

2024. Class Counsel shall also mail and, if an address is available, email the Motion for Final Approval to all Class Members who object to the Agreement or file written notice with the Court that they intend to appear at the Fairness Hearing.

16. Claims by Class Members must be received by the Notice and Claims Processor no later than April 4, 2024.

17. Class Counsel shall file any motion for an award of attorneys' fees or reimbursement of expenses or costs and any motion for an Incentive Award on behalf of a Named Plaintiff no later than March 7, 2024. Class Counsel shall post this motion on the web page within three days of its filing with the Court.

18. The Notice and Claims Processor shall establish a trust account into which Defendants shall cause that portion of the Settlement Amount as described in Section 6.2.1 of the Agreement to be paid within 30 days of the date of this Order. The trust account shall constitute a "qualified settlement fund" within the meaning of Internal Revenue Code § 468B and Treas. Reg. § 1.468B-1, et seq. The Qualified Settlement Fund shall remain subject to the jurisdiction of the Court, until such time as the Settlement Amount is distributed pursuant to the Agreement and/or further order(s) of the Court. In order to fund notice, the Notice and Claims Processor, with advance notice to each party, may withdraw from the Qualified Settlement Fund amounts to pay its invoices as provided under 6.2.1 of the Settlement Agreement prior to final approval.

19. Neither Defendants nor Defendants' counsel shall have any responsibility for the distribution of the Qualified Settlement Fund, or any application for attorneys' fees or reimbursement of expenses or for a Case Contribution Award for any Named Plaintiff submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Agreement.

ORDER PRELIMINARILY APPROVING SETTLEMENT
AGREEMENT, ETC. – 5

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

20. All reasonable expenses incurred by the Notice and Claims Processor in sending the Class Notice, as well as administering the Qualified Settlement Fund, shall be paid as set forth in Section 6.2 of the Agreement.

21. Pending final determination of whether the Agreement should be approved, (a) all proceedings in this Action unrelated to the Agreement shall be stayed, and (b) neither Named Plaintiffs nor any Class Member, either directly, representatively, derivatively, or in any other capacity, shall commence or prosecute against any of the Releasees any action or proceeding in any court or tribunal asserting any of the Class Released Claims.

22. The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to Class Members, and it retains jurisdiction to consider all further applications arising out of or connected with the Agreement. The Court may approve the Agreement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Class Members.

Dated this 13th day of December, 2023.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER PRELIMINARILY APPROVING SETTLEMENT AGREEMENT, ETC. – 6

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

Presented by:

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC

　　*/s/ Richard E. Spoonemore*
Eleanor Hamburger (WSBA #26478)
Richard E. Spoonemore (WSBA #21833)
Daniel S. Gross (WSBA #23992)
3101 Western Avenue, Suite 350
Seattle, WA  98121
Tel.  (206) 223-0303; Fax (206) 223-0246
Email: ehamburger@sylaw.com
　　　　rspoonemore@sylaw.com
　　　　dgross@sylaw.com

Attorneys for Plaintiffs

ORDER PRELIMINARILY APPROVING SETTLEMENT
AGREEMENT, ETC. – 7

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246