The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREA SCHMITT; ELIZABETH MOHUNDRO; and O.L. by and through her parents, J.L. and K.L., each on their own behalf, and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN OF WASHINGTON; KAISER FOUNDATION HEALTH PLAN OF WASHINGTON OPTIONS, INC.; KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST; and KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>Defendants. | NO. 2:17-cv-1611-RSL<br><br>CLASS COUNSEL'S MOTION FOR ATTORNEY FEES, COSTS AND CASE CONTRIBUTION AWARDS<br><br>**Note on Motion Calendar:**<br>  April 18, 2024 at 11:00 a.m. |

CLASS COUNSEL'S MOTION FOR ATTORNEY FEES, COSTS AND CASE CONTRIBUTION AWARDS
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

## I. INTRODUCTION

Class counsel secured a settlement that is expected to pay class member claims at or near 100%. This remarkable result was not easily obtained. This case has been pending for six years and was effectively dead when it was dismissed in 2018. But Class counsel persevered and their legal theory proved correct when the Ninth Circuit Court of Appeals held, for the first time, that the Affordable Care Act permits disabled insureds to challenge health plan benefit designs that discriminate against them. *See Schmitt v. Kaiser Found. Health Plan of Wash.*, 965 F.2d 945, 954-55 (9th Cir. 2020) ("[T]he ACA allows a claim for discriminatory benefit design notwithstanding that, under [*Alexander v.*] *Choate,* [469 U.S. 287 (1985)], the Rehabilitation Act does not"). This case has not only resulted in direct benefits to class members, but to health insureds across the country who experience disability discrimination due to the benefit design of their health plan. This was no cookie-cutter case. Rather, Class counsel developed, advanced and funded the lawsuit with their time and money in the absence of any controlling authority. Class counsel's risk-taking to benefit individuals who suffer from disability discrimination at the hands of health insurers should be rewarded. For these and other reasons, Class counsel seeks an award of one-third of the $3,000,000 settlement amount. Class counsel further seeks approval of its litigation costs (including Class counsel's advance of $178,166.00 to the Claims Administrator for the cost of class notice) totaling $374,137.63. They also move for a case contribution award of $15,000 for each of the named Plaintiffs.

CLASS COUNSEL'S MOTION FOR ATTORNEY FEES, COSTS
AND CASE CONTRIBUTION AWARDS – 1
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

## II. LAW AND ARGUMENT[1]

**A.   The Requested Fees Are Reasonable and Should Be Awarded.**

**1.   Attorney Fees of 33 1/3% of the Common Fund Should Be Awarded.**

When a class action settlement creates a common fund, a court has discretion to choose either the percentage-of-the-fund or the lodestar method in calculating a fee award. *Vizcaino v. Microsoft Corp.*, 290 F. 3d 1043, 1047 (9th Cir. 2002); *Stetson v. Grissom*, 821 F. 3d 1157, 1165 (9th Cir. 2016). Typically, courts apply the percentage-of-the-fund method where the settlement involves a common fund. *Kinney v. Nat'l Express Transit Servs. Corp.*, 2018 U.S. Dist. LEXIS 10808, *11 (E.D. Cal. Jan. 22, 2018); *Hester v. Vision Airlines*, Inc. 2014 U.S. Dist. LEXIS 97172, *31-32 (D. Nev. July 17, 2014) (in a common fund case "[t]he percentage method [of calculating a fee award] is favored."); *Gerstein v. Micron Tech., Inc.* 1993 U.S. Dist. LEXIS 21215, *14 (D. Idaho Sept. 10, 1993). *Accord*, MANUAL FOR COMPLEX LITIGATION (4th), §14.121 ("[T]he factor given the greatest emphasis is the size of the fund created, because 'a common fund is itself the measure of success … [and] represents the benchmark from which a reasonable fee will be awarded.'").

In the Ninth Circuit, 25% of the settlement amount is commonly referred to as the "benchmark" percentage applied to the settlement fund amount in class action common fund cases to determine the attorney fee award. That figure is, however, only a "starting point for analysis," and "selection of the rate must be supported by findings that take into account all of the circumstances of the case." *Vizcaino*, 290 F. 3d at 1048. In "most common fund cases the award exceeds that [25%] benchmark." *Brown v. Papa Murphy's Holdings Inc.*, 2022 U.S. Dist. LEXS 9209, *5-6 (W.D. Wash. May 2, 2022). *See also Kinney*,

---

[1] Class counsel incorporate by reference the description of the Settlement Agreement located at Dkt. No. 167, pp. 3-10.

CLASS COUNSEL'S MOTION FOR ATTORNEY FEES, COSTS
AND CASE CONTRIBUTION AWARDS – 2
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

2018 U.S. Dist. LEXIS 10808, at *11 (*citing Johnson v. General Mills, Inc.,* 2013 U.S. Dist. LEXIS 90338, at *20 (C.D. Cal. June 17, 2013) (*quoting Vasquez v. Coast Valley Roofing, Inc.,* 266 F.R.D. 482, 491 (E.D. Cal. 2010)).

Selection of the percentage of the fund to award as attorney fees must be supported by findings that take into account all the circumstances of the case. *Vizcaino*, 290 F. 3d at 1048. Factors that the court should consider in selecting the rate include the results obtained for the class, the risk counsel undertook in pursuing the case, the complexity of the issues, and benefits generated for the class beyond the cash settlement fund. *Vizcaino*, 290 F. 3d at 1048-1049. A fee award above 25% is often appropriate and sometimes presumptively correct. *See, e.g., Vasquez v. Coast Roofing, Inc.,* 255 F.R.D. 482, 491-92 (E.D. Cal. 2010) ("'in most common fund cases, the award exceeds the benchmark.'"). The "typical range" of acceptable attorney fee awards in the Ninth Circuit has been characterized as 20%-33% of the total settlement value. *Id.* at 491; *Barbosa v. Cargill Meat Solutions Corp.,* 297 F.R.D. 431, 448 (E.D. Cal. 2013). Other courts have held that "nearly all common fund awards range around 30%"). *In re Activision Sec. Litig.,* 723 F. Supp. 1373, 1377-78 (N.D. Cal. 1989); *see also, Mauder v. Aurora Loan Servs., LLC,* 2015 U.S. Dist. LEXIS 8123, *4 (N.D. Cal. Jan. 21, 2015) (finding 30% fee award reasonable in a mortgage workout class action lawsuit); *In re Pac. Enters. Secs. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (approving attorney fee award of 33 1/3%); *Morris v. Lifescan, Inc.,* 54 Fed. Appx. 663, 664 (9th Cir. Jan. 16, 2003) (approving 33% award).

A higher percentage is often awarded when the amount of the fund created is relatively small, or less than $10 million. *Miller v. CEVA Logistics USA, Inc.,* Case No. 2:13-cv-01321-TLN-CKD, 2015 U.S. Dist. LEXIS 104704, *18 (E.D. Cal. Aug. 10, 2015) (finding fees of 33 1/3% of a total settlement amount of less than $10 million reasonable); *Craft v. County of San Bernardino,* 624 F. Supp. 2d 1113, 1127 (C.D. Cal. 2008) ("[C]ases of under $10 million will often result in fees above 25%"); *Hitt v. Cardinal Health 100,* 2017

CLASS COUNSEL'S MOTION FOR ATTORNEY FEES, COSTS
AND CASE CONTRIBUTION AWARDS – 3
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

U.S. Dist. LEXIS 235022, *4 (C.D. Cal. Aug. 14, 2017) ("[I]n meal and rest break cases with total settlement amounts less than $10 million, courts routinely approve percentages at or near 33 per cent."); *Armes v. Hot Pizzas, LLC,* 2017 U.S. Dist. LEXIS 89920, *18-19 (D. Ariz. June 9, 2017) (Fee awards between 30-50 percent generally involve common funds of less than ten million dollars).

The factors identified in *Vizcaino* justify increasing the award from the overall benchmark of 25% to 33 1/3% or $1,000,000:

*First*, Class counsel obtained an excellent result for the class in this case by concluding this settlement with Kaiser. Class counsel anticipates that approved and valid class claims will be compensated at or very near to 100%. Dkt. No. 168, ¶3. Indeed, there may well be additional funds remaining for a *cy pres* distribution, even after accounting for payment of $1,000,000.00 in attorney fees and other costs. *Id.* The settlement was vigorously negotiated over the course of months and represents the best possible result for the class from defendants. *Id.* ¶¶2, 5.

Additionally, Class counsel ensured not just that the substantive results for Class members who submit valid claims will be excellent. Class counsel also included procedures into the notice and claims process that make it substantially easier for Class members who previously submitted claims to Kaiser that were denied, to renew those claims to obtain payment under the Settlement. Specifically, Class members with previously denied claims will not be required to submit documentation to support their claims but will receive a form prepopulated with the relevant information they previously provided Kaiser and will only be required to verify the out-of-pocket expenses they actually incurred for hearing aids and associated services during the class period. *Id.* ¶3, Dkt. No. 167-1, §6.1.5.2(b). They can confirm this information online or by postage prepaid return mail. Dkt. No. 168, ¶3; *see* https://www.kphearingaidsettlement.com/. This is particularly valuable, given the low

CLASS COUNSEL'S MOTION FOR ATTORNEY FEES, COSTS
AND CASE CONTRIBUTION AWARDS – 4
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

response rates typically observed in class actions. Additionally, the Settlement offers reimbursement not just for Class members who previously submitted claims but also for those who never submitted claims but who incurred out-of-pocket expenses for hearing devices and services they obtained during the class period. Dkt. No. 168, ¶4.

*Second*, Class counsel undertook significant risk in pursuing these claims. They agreed to pursue the lawsuit on a contingency basis, with no guarantee of success. Hamburger Decl., ¶11.b. They have paid costs and expenses out-of-pocket for which they would have received no reimbursement absent a recovery for the Class. *Id.* They have litigated this case since 2017, including a successful appeal to the Ninth Circuit with no compensation. *Id.* By any measure, this was a highly risky case.

*Third*, this case is complex and required a great deal of skill in achieving the settlement. This lawsuit involved issues of first impression in the country. *Id.*, ¶11.c. Although Plaintiffs believe that they would ultimately prove that the hearing loss exclusion was a form of discriminatory benefit design that violates state and federal law, they knew that Defendants had the financial capacity to defend vigorously against these claims and against any class treatment, and that, even after the years of litigation that had already transpired, it might well take several more years before any recovery could be made. *Id.*, ¶11.b.

*Fourth*, Class counsel anticipates that the settlement fund is sufficient to award $1,000,000.00 in attorney fees, payment of all litigation costs and other expenses, while still paying claims at or near their approved valid amounts. Should sufficient valid claims be submitted that would result in a significant *pro rata* reduction, Class counsel will re-evaluate this fee request before submitting their reply briefing. Hamburger Decl., ¶7.

CLASS COUNSEL'S MOTION FOR ATTORNEY FEES, COSTS
AND CASE CONTRIBUTION AWARDS – 5
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

**2.     The Requested Fee Award Represents a *15% Reduction* from Class Counsel's Lodestar.**

After applying the percentage-of-the-fund approach to award attorney fees in class action cases, district courts then sometimes use the lodestar method as a cross-check on the reasonableness of the proposed percentage figure. *Vizcaino*, 290 F. 3d at 1043, 1050 n.5. To be clear, "[t]he Court is not required to conduct a lodestar cross-check." *Benson v. Doubledown Interactive, LLC*, 2023 U.S. Dist. LEXIS 97758, *8 (W.D. Wash. June 1, 2023) (*citing Farrell v. Bank of Am. Corp., N.A.*, 827 F. Appx. 628, 631 (9th Cir. 2020)). But if it does, the "primary basis of the fee award remains the percentage method" while the cross-check is simply a "reasonableness" perspective on that percentage. *Vizcaino,* 290 F.3d at 1050.

*a.     Class Counsel's Hourly Rates Are Reasonable.*

The lodestar is determined by "multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate." *McCown v. City of Fontano Fire Dept.,* 565 F.3d 1097, 1102 (9th Cir. 2009). Actual rates charged by lawyers constitute strong evidence of reasonableness. *Rosie D. v. Patrick*, 593 F.Supp.2d 325, 330 (D. Mass. 2009); *see also Tomazzoli v. Sheedy*, 804 F.2d 93, 98 (7th Cir. 1986). The current hourly rates for partners Mr. Spoonemore (32 years of experience) and Ms. Hamburger (31 years of experience), and John Waldo (36 years of experience) are $750/hour. The hourly rates for Ann Merryfield and Daniel Gross, both with 30 years or more of experience, are $695/hour. *See* Hamburger Decl., ¶¶3-4. These rates are well in line with the rates for Seattle attorneys with similar experience. *Id.*

The reasonableness of Class counsel's rates is confirmed by Wolters Kluwer's "Real Rate Report," which is an analysis of actual law firm rates, trends, and practices. *See* Hamburger Decl., *Exh. C.* Due to its extensive database, its reports are recognized as being the best guideposts for legal rates. *Sarabia v. Ricoh United States, Inc.*, 2023 U.S. Dist.

CLASS COUNSEL'S MOTION FOR ATTORNEY FEES, COSTS AND CASE CONTRIBUTION AWARDS – 6
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

LEXIS 85742, at *23–24 (C.D. Cal., May 1, 2023).[2] According to the Real Rate Report, Class counsel's normal hourly rates, ranging from $695 to $750, are well within a reasonable range (between the median and third quartile) given that all Class counsel have 30 or more years of experience. Hamburger Decl., *Exh. C;* Dkt. No. 91, ¶¶2-31.

### b. Class Counsel's Hours Worked Were Reasonable.

When calculating counsel's lodestar, the hours spent on the case include time "reasonably expended in pursuit of the ultimate result achieved in a manner that an attorney traditionally is compensated by a fee-paying client for all time reasonably expended on a matter." *Hensley v. Eckerhart,* 461 U.S. 424, 431 (1983). As a general rule, "the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento,* 534 F.3d 1106, 1112 (9th Cir. 2008); *Campbell v. Catholic Cmty. Servs.,* 2012 U.S. Dist. LEXIS 190096, *12 (W.D. Wash. Aug. 8, 2012).

When performing the lodestar cross-check, detailed cataloging of hours spent is not necessary, and declarations from attorneys attesting to their experience and qualifications, their hourly rates, and the hours expended have been found sufficient. *In re Immune Response Sec. Litig.,* 497 F. Supp. 2d 1166, 1176 (S.D. Cal. 2007), citing *In re Rite Aid Corp. Sec. Litig.,* 396 F.3d 294, 306-07 (3d Cir. 2005) ("The lodestar cross-check calculation need entail neither mathematical precision nor bean-counting."); *Schiller v. David's Bridal, Inc.,* 2012 U.S. Dist. LEXIS 80776, *57 (E.D. Cal. June 11, 2012) (an

---

[2] "Courts have found that the Real Rate Report is "a much better reflection of true market rates than self-reported rates in all practice areas." *Hicks v. Toys 'R' Us-Del., Inc., No.,* 2014 U.S. Dist. LEXIS 135596, at *4 (C.D. Cal. Sept. 2, 2014); *Eksouzian v. Albanese,* 2015 U.S. Dist. LEXIS 189545, at *8 (C.D. Cal. Oct. 23, 2015) (Real Rate Report is a "much better barometer of the reasonable rates").

CLASS COUNSEL'S MOTION FOR ATTORNEY FEES, COSTS AND CASE CONTRIBUTION AWARDS – 7
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

"exhaustive cataloging and review of counsel's hours" is not necessary when performing a lodestar cross-check*).*

For purposes of the lodestar cross-check here, Class counsel has provided its time and expense ledgers for the Lawsuit, redacted for attorney-client privilege and work product confidentiality, and submitted with this Motion. Hamburger Decl., *Exh. A*. Class counsel has also already submitted declarations attesting to their experience and qualifications. *See* Dkt. No. 91, ¶¶2-31. The total amount of time documented by Class counsel is slightly more than 1600 hours. *See* Hamburger Decl., ¶2, *Exh. A*.

This amount of time spent on the litigation by Class counsel was reasonable. The lodestar includes time spent researching the facts and issues, reviewing documents and publicly available information, communicating with the Class Representatives, drafting and amending complaints and related motions (e.g., motions and replies on motions to amend), opposing Kaiser's multiple motions to dismiss, drafting appellate briefing and participating in appellate argument, drafting and opposing motions for summary judgment, preparing discovery requests, analyzing issues and strategy, assisting plaintiffs' expert witnesses and deposing Kaiser's experts, mediating and negotiating with Kaiser, drafting and revising the terms of settlement and the ultimate settlement agreement, moving for class certification and approval of the settlement, and communicating with class members, including working with the claims administrator to create web pages that inform members of the efforts to obtain recovery from the defendants and how to submit a claim for reimbursement under the Settlement. *Id.*

The time reported does not include the considerable time Class counsel will spend in seeking final approval of the settlement, submitting a reply brief in support of this motion, and overseeing the distribution of the settlement fund. Moreover, Class counsel has already received and responded to calls or emails from dozens of class members in response to the class notice, and they anticipate they will have to spend additional time

CLASS COUNSEL'S MOTION FOR ATTORNEY FEES, COSTS
AND CASE CONTRIBUTION AWARDS – 8
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

assuring the payment of claims to class members. *See* Hamburger Decl., ¶¶6, 10. None of this time is included in the lodestar. The work spent by Class counsel on this highly successful class action is thus eminently reasonable.

### c. Calculating and Determining the Reasonableness of a Lodestar Multiplier.

Once a lodestar figure is arrived at, a lodestar multiplier may then be applied to the resulting amount to adjust it up or down, depending on the complexity of the case, the risks involved, and the length of the litigation. *Vizcaino*, 290 F.3d at 1051. A cross-check that is less than four times the lodestar passes the reasonableness test. *Id.* (multiplier of 3.65 is "within the range of multipliers applied in common fund cases"); *Mejia v. Walgreen Co.*, 2021 U.S. Dist. LEXIS 56150, *23–24 (E.D. Cal. March 23, 2021) (multipliers between 3 and 4 routinely approved); *Miller*, 2015 U.S. Dist. LEXIS 104704 at *21 ("Multipliers in the 3-4 range are common in lodestar awards for lengthy and complex class action litigation.") Indeed, the Ninth Circuit has approved multipliers of up to seven. *Steiner v. Am. Broad Co.*, 248 Fed. Appx. 780, 783 (9th Cir. Aug. 29, 2007). No multiplier is obtained here; rather the lodestar cross-check reveals that the percentage of the fund approach results in a **15% reduction** from Class counsel's lodestar. This fact supports the reasonableness of the percentage fee award.

**B.   Litigation Costs of $374,137.63 Should Be Awarded**

Litigation costs are recoverable in a class action settlement. *Staton v. Boeing Co.*, 327 F.3d 938, 974-75 (9th Cir. 2003); *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996) ("Reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit by the settlement."). The prevailing view is that expenses are awarded in addition to the fee percentage. A. Conte, ATTORNEY FEE AWARDS, §§2.08, 2.19 (3d ed. 2012); *In re Businessland Sec. Litig.*, 1991 U.S. Dist. LEXIS 8962, *6 (N.D. Cal.

CLASS COUNSEL'S MOTION FOR ATTORNEY FEES, COSTS
AND CASE CONTRIBUTION AWARDS – 9
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

June 18, 1991) (collecting cases). Reimbursement of the costs is subject to the Court's determination of relevance and reasonableness. *Id.* Costs compensable include "nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Attorneys generally may recover reasonable expenses that would typically be billed to paying clients in non-contingency matters. *Harris v. Marhoefer,* 24 F.3d 15, 19 (9th Cir. 1994). The types of costs awarded in class actions include filing fees, copying, postage, document storage, travel, experts, transcripts, computer research, mediator fees, and the cost of the class administrator. *Carlin v. DairyAmerica, Inc.,* 380 F. Supp. 3d 998, 1024 (E.D. Cal. 2019).

Counsel in this case have incurred a total of $374,137.63 in out-of-pocket expenses in the lawsuit. Hamburger Decl., ¶8. This amount includes filing fees, cost of service of summons, expert witness fees, deposition expenses, the cost of the mediator, and advancing a portion of the class notice costs to the claims administrator among other costs. Each of these costs was necessary to arrive at the common fund settlement and should be reimbursed from the common fund.

### C.  A Case Contribution of $15,000 For Each Class Representative Is Appropriate and Should Be Awarded.

Case Contribution awards—also called "enhancement" or "incentive" awards—are typical in class action cases, *Rodriguez v. West Publ'g Corp.,* 563 F. 3d 948, 958-959 (9th Cir. 2009), and are in the court's discretion to award. *In re Mego Fin. Corp. Sec. Litig.,* 213 F. 3d 454, 463 (9th Cir. 2000). "Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit." *Cook v. Niedert,* 142 F.3d 1004, 1016 (7th Cir. 1998) (affirming a $25,000 incentive award). *See also*, *Louie v. Kaiser Found. Health Plan, Inc.,* No. 08-cv-0795-IEG-RBB, 2008 U.S. Dist. LEXIS 78314, *18 (S.D. Cal. Oct. 6, 2008) (preliminary approval of a $25,000 incentive award where named plaintiffs "have protected the interests of the class and exerted considerable time and effort by

CLASS COUNSEL'S MOTION FOR ATTORNEY FEES, COSTS AND CASE CONTRIBUTION AWARDS – 10
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

maintaining three separate lawsuits, conducting extensive informal discovery, hiring experts to analyze discovered data and engaging in day-long settlement negotiations with a respected mediator").

In determining whether to approve a case contribution award, courts may consider the following factors: (1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation. *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995) (awarding $50,000 to class representative). Incentive awards are especially appropriate in health care class actions because named plaintiffs not only invest their time and effort to support the litigation, but they also sacrifice their "personal and medical privacy" for the benefit of the class. *McCoy v. Health Net, Inc.*, 569 F. Supp. 2d 448, 479-480 (D.N.J. 2008) (awarding each representative plaintiff $60,000); *Roches v. Cal. Physicians'* 2018 U.S. Dist. LEXIS 250754, *19 (N.D. Cal. July 5, 2018) (case contribution awards of $20,000 to each named plaintiffs).

Contribution awards of $5,000 per plaintiff are presumptively reasonable, but higher amounts may well be granted depending on the facts. *Richardson v. THD At-Home Servs.*, 2016 U.S. Dist. LEXIS 46784 (E.D. Cal. April 5, 2016) (awarding $15,000 to named plaintiff). *See also*, *Chu v. Wells Fargo Invs., LLC,* No. C05-4526 MHP, 2011 U.S. Dist. LEXIS 15821, *14 (N.D. Cal. Feb. 15, 2011) ($10,000 enhancement award to each named plaintiff was within the acceptable range for a settlement amount of $6.9 million and 2,752 noticed class members); *Reed v. Balfour Beatty Rail, Inc.*, 2023 U.S. Dist. LEXIS 128546, *24 (C.D. Cal. June 22, 2023) (awarding $10,000 service fee to a named plaintiff who risked suffering reputational risks by placing his criminal history at issue).

CLASS COUNSEL'S MOTION FOR ATTORNEY FEES, COSTS
AND CASE CONTRIBUTION AWARDS – 11
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

Courts also consider what percentage of the common fund would be taken up by a proposed case contribution award in determining whether the award is reasonable. *See Sandoval v. Tharaldson Employee Management,* 2010 U.S. Dist. LEXIS 69799 (C.D. Cal. June 15, 2010) (noting that incentive award not exceeding 1% of total settlement was fair and reasonable); *Acosta v. Evergreen Moneysource Mortg. Co.,* 2019 U.S. Dist. LEXIS 198728, *53 (E.D. Cal. Nov. 14, 2019) (awarding named plaintiff $10,000 incentive award that represented 2.85% of gross settlement amount); *Kater v. Churchill Downs, Inc.,* 2021 U.S. Dist. LEXIS 26734, *7 (W.D. Wash. Feb. 11, 2021) (approving incentive awards of $10,000 each to two named plaintiffs and $50,000 to a third whose contributions went much beyond those usually offered by a class representative); *Ikuseghan v. MultiCare Health Sys.*, 2016 U.S. Dist. LEXIS 109417, *7 (W.D. Wash. Aug. 16, 2016) (ordering $15,000 incentive award and finding it reasonable).

Each of the Class Representatives made a significant contribution in time toward the settlement in this case. Throughout the course of the litigation, the Class Representatives have been actively involved. Dkt. No. 168, ¶5. They each agreed to pursue the defendants here on behalf of a class, even though they might have reached a better result for themselves had they pursued their claims individually. They each understood and signed agreements recognizing that they owed a fiduciary duty to all other class members, and were responsible for monitoring the litigation, communicating with Class counsel, and acting in the best interests of the class. Dkt. Nos. 93-96 (Declarations of Plaintiffs Schmitt, Mohundro, J.L. and K.L. in support of Motion for Class Certification).

They each scoured their files, emails, and papers and provided Class counsel with relevant documents and information to assist in the drafting of the complaints. Dkt. No 168, ¶5; Hamburger Decl., ¶9. They reviewed the complaints and provided feedback. *Id.*; Dkt. No 168, ¶5. Plaintiffs Schmitt, Mohundro and J.L. were each subjected to lengthy

CLASS COUNSEL'S MOTION FOR ATTORNEY FEES, COSTS AND CASE CONTRIBUTION AWARDS – 12
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

depositions that required time off from work. Hamburger Decl., ¶9. They each provided assistance in responding to and opposing the various dispositive motions. *Id.* They each were on call to participate in the mediation. Dkt. No 168, ¶5. They each carefully considered the proposed settlement terms and executed the initial settlement term sheet and the final long form Settlement Agreement with Kaiser. *Id*.

Indeed, the Class Representatives went above and beyond what is typically required in this kind of litigation. Hamburger Decl., ¶9. Plaintiffs called in from camping trips, overseas vacations and took time off from work, repeatedly, in order to support the case. *Id.* At all relevant times, these named plaintiffs thought carefully and conscientiously about the impact of the settlement on absent class members; they each did their best to alert their own formal and informal networks about the settlement claims process, and were ideal plaintiffs at every stage of the litigation. *Id.*

Finally, the total Case Contribution request here for all Class Representatives—$45,000—is just 1.5% of the settlement fund, well within the amounts found by courts to be reasonable. *See Sandoval,* 2010 U.S. Dist. LEXIS 69799 at *26-27, and *Acosta*, 2019 U.S. Dist. LEXIS 198728 at *53 above (finding, respectively, that 1% and 2.85% of the settlement amount was reasonable). The proposed case contribution awards of $15,000 to each named Plaintiff should be ordered by the Court.

### III. CONCLUSION

The Court should award attorney fees of $1,000,000, litigation costs of $374,137.63 to Class counsel, and award $15,000 in Case Contribution awards to Andrea Schmitt, Elizabeth Mohundro, and O.L. by and through her parents J.L. and K.L.

CLASS COUNSEL'S MOTION FOR ATTORNEY FEES, COSTS
AND CASE CONTRIBUTION AWARDS – 13
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

DATED: March 7, 2024.

*I certify that the foregoing contains 4,155 words, in compliance with the Local Civil Rules.*

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC

   */s/ Eleanor Hamburger*
Eleanor Hamburger (WSBA #26478)
Richard E. Spoonemore (WSBA #21833)
Daniel Gross (WSBA #23992)
3101 Western Avenue, Suite 350
Seattle, WA 98121
Tel. (206) 223-0303; Fax (206) 223-0246
Email: ehamburger@sylaw.com
       rspoonemore@sylaw.com
       dgross@sylaw.com

Attorneys for Plaintiffs

CLASS COUNSEL'S MOTION FOR ATTORNEY FEES, COSTS
AND CASE CONTRIBUTION AWARDS – 14
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246