1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREA SCHMITT; ELIZABETH MOHUNDRO; and O.L. by and through her parents, J.L. and K.L., each on their own behalf, and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN OF WASHINGTON; KAISER FOUNDATION HEALTH PLAN OF WASHINGTON OPTIONS, INC.; KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST; and KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>Defendants. | NO. 2:17-cv-1611-RSL<br><br>ORDER:<br><br>(1) FINALLY APPROVING SETTLEMENT AGREEMENT;<br><br>(2) APPROVING DISBURSEMENTS PURSUANT TO THE SETTLEMENT AGREEMENT;<br><br>(3) APPROVING PAYMENT OF ATTORNEY FEES, LITIGATION COSTS AND CASE CONTRIBUTION AWARDS;<br><br>(4) ESTABLISHING A LATE CLAIM DEADLINE; AND<br><br>(5) ORDERING FINAL REPORT |

This matter comes before the Court on class counsel's unopposed "Motion for Attorney Fees, Costs and Case Contribution Awards" (Dkt. # 175) and the class's unopposed "Motion for Final Approval of Settlement Agreement" (Dkt. # 178).

## I.  BACKGROUND AND PROCEDURAL POSTURE OF THE CASE

On December 11, 2023, this Court certified a settlement class and preliminarily approved an agreement for a class-wide settlement of claims ("Settlement Agreement") against Defendants Kaiser Foundation Health Plan of Washington, Kaiser Foundation

ORDER FINALLY APPROVING SETTLEMENT
AGREEMENT, ETC. – 1
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

Health Plan of Washington Options, Inc., Kaiser Foundation Health Plan of the Northwest; and Kaiser Foundation Health Plan, Inc. (collectively, "Kaiser"). Dkt Nos. 170 and 171. This Court issued an Amended Order Approving Settlement Agreement on December 13, 2023. Dkt. No. 173.

The Settlement Agreement resolves all claims against Kaiser on behalf of a class of present or former Kaiser members with disabling hearing loss who paid for hearing aids and associated care during the class period. The Settlement Agreement creates a common settlement fund of $3,000,000 out of which class members' valid claims submitted in compliance with the settlement procedures will be paid. Dkt. No. 167-1, at § 6. The Settlement Agreement also allowed the Plaintiffs to seek an attorney fee award of up to 35% of the settlement amount, reimbursement of actual litigation costs, and a case contribution award of up to $15,000 for each of the named Plaintiffs, subject to the Court's review and approval and paid from the Settlement Fund. *Id.*, at § 10.  Settlement-related costs of class notice, claims administration, and taxes will be paid out of the Settlement Fund as well.  *Id.*, at § 6.3.

With the Court's Order preliminarily approving the settlement agreement, the Court directed the Claims Processor to issue notice to the Settlement Class.  Dkt. No. 173, ¶¶3-8.  Both the Claims Processor and class counsel established settlement webpages consistent with the Court's Order.  *Id.*, ¶9.  Class counsel's website directed class members to the website maintained by the Claims Processor, which included class counsel's Motion for Attorney Fees, Litigation Costs and Case Contribution Award.  *See* https://www.kphearingaidsettlement.com/Content/Documents/Motion%20for%20Attorney%20Fees.pdf.  Defendant Kaiser provided the required notice under the Class Action Fairness Act ("CAFA").  Spoonemore Decl., ¶3, *Exh. 2*.

The Order also provided that class members who wished to comment on or object to the proposed Agreement were required to do so by April 4, 2024. Dkt. No. 173, ¶13.

ORDER FINALLY APPROVING SETTLEMENT
AGREEMENT, ETC. – 2
[Case No. 2:17-cv-1611-RSL]

Class members were informed of their rights and of this deadline in the notices that were mailed to them, and on the websites of both the Claims Processor and class counsel. Spoonemore Decl., ¶4.

The Order further scheduled a final settlement hearing, to be held on April 18, 2024, at 11:00 a.m. PT, to consider objections and comments by class members and to determine whether the proposed Agreement is fair, reasonable, adequate, and should be approved by the Court. Dkt. No. 173, ¶15.

Consistent with the Court's Order, class counsel filed a motion for an award of attorney fees, litigation costs, and case contribution payments on March 7, 2024.  Dkt. No. 173, ¶17; Dkt. No. 175.

Having reviewed the papers submitted and having heard from counsel, the Court finds as follows:

## II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.    *The Settlement Agreement Should Be Finally Approved.***

1.     The parties reached a Settlement Agreement resolving claims brought in this lawsuit after approximately seven years of litigation.

2.     The Settlement Agreement provides for a $3,000,000 fund from which payments will be made for class members' valid and approved claims for uncovered hearing aids and associated services during the class period.  Dkt. No. 167-1, ¶¶1.20, 6.2.1.   The Settlement Fund will also pay for class notice, the cost of claims administration, attorney fees and litigation costs, case contribution awards, and if there are any remaining funds, a *cy pres* distribution agreed upon by the parties. *Id.*, ¶6.

3.     If there are insufficient funds for payment of all valid and approved claims in full, after attorney fees, costs, case contribution awards and specified expenses are paid, then class members will receive a *pro rata* distribution of the approved claim amount.  *Id.*

4.      In return for the benefits under the Settlement Agreement, the Settlement provides for releases by Plaintiffs O.L. and Mohundro and unnamed class members of any and all claims brought or that could have been brought in this litigation against Defendants relating to coverage of or benefits for hearing aids and related services through December 31, 2023.  Claims after that date are not released.  *Id.,* ¶¶1.4, 1.15, 1.16, 3.1- 3.4. The same requirements apply to Plaintiff Schmitt, except that her release extends through December 31, 2024.  *Id.*

5.      The Court preliminarily approved the proposed settlement on December 13, 2023.  Dkt. No. 173.

6.      The Court's Preliminary Approval Order appointed Epiq Class Action & Claims Solutions, Inc. ("Epiq") as Claims Processor and directed the parties to work with Epiq to email and mail the approved Notice(s) to Settlement Class Members. *Id.,* ¶3.

7.      Starting on or about February 21, 2024, Epiq emailed and mailed the court-approved Notice(s) as described in the Settlement Agreement and the Court's Amended Order.  *See* Dkt. No. 174.  Ultimately, Epiq believes that it reached approximately 78% of the email addresses provided for Notice.  *Id.,* ¶15.  For other Notice Recipients, Epiq mailed short- form postcard Notices (237,748) or long-form, prepopulated Notices (586). *Id.,* ¶¶17-22.  In addition, twelve class notice recipients asked to be mailed a Claims Package, which Epiq provided.  *Id.*

8.      On or about December 14, 2023, Defendants timely provided notices and materials required under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b). Spoonemore Decl., ¶3, *Exh. 2.*

9.      No class members objected to the Settlement Agreement. *Id.,* ¶2. Only five individuals opted out of the Settlement Agreement, and it is not clear that these individuals were class members, since there is no indication that they had purchased

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

hearing aids and associated services during the class period. *Id.*, ¶2. No comments or concerns were received from any of the state attorney general offices. *Id.*

10.   Class counsel received numerous calls and emails inquiring about the settlement and the claims process. *Id.*, ¶5. Class counsel reports that none of the comments were negative. *Id.*

11.   A total of 913 unique claims were received by the Claims Processor by April 4, 2024. The total value of these claims, after Epiq's initial review, is $2,695,629.29.

12.   Some additional claims were received by the Claims Processor after April 4, 2024, through April 10, 2024 ("Late Claims"). The total value of these Late Claims, after removing duplicates and plainly ineligible claims, is $29,767.94. Based upon the timely and Late Claims received through April 10, 2024, class counsel estimates that claimants will recover at least 44%-45% of their submitted claims, if not more. Spoonemore Decl., ¶7.

13.   Rule 23(e) provides that "a class action shall not be dismissed or compromised without the approval of the court…." Compromise and arbitration of complex litigation is encouraged and favored by public policy. *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999).

14.   A presumption of fairness and adequacy attaches to a class action settlement reached in arm's-length negotiations by experienced class counsel after meaningful discovery. *See, e.g., Officers for Justice v. Civil Service Com.*, 688 F.2d 615, 625 (9th Cir. 1982); *Pickett v. Holland Am. Line-Westours, Inc.*, 145 Wn.2d 178, 209, 35 P.3d 351 (2001).

15.   The following factors are generally considered when determining whether a settlement is fair, adequate, and reasonable: the likelihood of success by plaintiff; the amount of discovery or evidence; the settlement terms and conditions; recommendation and experience of counsel; future expense and likely duration of litigation;

ORDER FINALLY APPROVING SETTLEMENT
AGREEMENT, ETC. – 5
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

recommendation of neutral parties, if any; number of objectors and nature of objections; and the presence of good faith and absence of collusion. *Officers for Justice,* 688 F.2d at 625.

16.     Based upon these factors, the Court finds that the Agreement is fair, reasonable, and in the best interests of the class. The requirements of Fed. R. Civ. P. 23 have been satisfied. Under the Settlement Agreement, Claimants whose claims are not approved, in full or in part, will have the opportunity to (a) submit a timely appeal to the Claims Processor and (b) participate in arbitration, such that due process is also satisfied.

17.     Specifically, the Court concludes that the Agreement was the result of arm's-length bargaining. It was reached after sufficient discovery and other litigation activity, and after a day-long mediation with Judge Charles Burdell (King Cty. Sup. Ct., Ret.). Although the Plaintiffs believed that their claims had a strong likelihood of success, the litigation likely involved complex questions of federal and state anti-discrimination law and insurance regulation, damages calculations, and class certification issues. Given that many of these issues are of first impression, there was a significant risk that even if Plaintiffs were successful before the trial court, they would face significant delay as these novel issues were decided on appeal.  The Court finds that there is no evidence of collusion between the parties, and the Settlement Agreement was reached in good faith.

18.     The Class was provided with adequate notice, and due process has been satisfied in connection with the distribution of the Class Notice. No objections to the proposed Agreement were received by the Court or any of the parties.

**B.     *Class Counsel's Requested Fees Are Reasonable.***

Where a class action settlement creates a common fund, as has been done here, the Court has discretion to choose either the percentage-of-the-fund or lodestar method in calculating the fee award. *Vizcaino v. Microsoft Corp.,* 290 F. 3d 1043, 1047 (9th Cir.

ORDER FINALLY APPROVING SETTLEMENT
AGREEMENT, ETC. – 6
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

2002). Typically, however, courts apply the percentage-of-the-fund method where the settlement involves a common fund. *Kinney v. Nat'l Express Transit Servs. Corp.*, Case No. 2:14-cv-01615-TLN-DB, 2018 U.S. Dist. LEXIS 10808, *11 (E.D. Cal. Jan. 22, 2018); *Gerstein v. Micron Tech., Inc.* 1993 U.S. Dist. LEXIS 21215, *14 (D. Idaho Sept. 10, 1993). *Accord*, MANUAL FOR COMPLEX LITIGATION (4th), § 14.121 ("[T]he factor given the greatest emphasis is the size of the fund created, because 'a common fund is itself the measure of success … [and] represents the benchmark from which a reasonable fee will be awarded.'"). The Court adopts the percentage-of -the-fund method here, and finds that allocating 33⅓% of the common fund towards attorney fees is reasonable. *See In Re: Heritage Bond Litig.*, 2005 U.S. Dist. LEXIS 13555, *60 (C.D. Cal. June 10, 2005) (awarding 33⅓% because of "exceptional result" in obtaining a settlement for just 23% of class members' losses and citing cases awarding 33⅓% or more for recoveries ranging from 10% to 17% of class members' losses). In finding 33⅓% to be a reasonable percentage, the Court has considered the following facts:

1. ***An Award of Attorney Fees Amounting to 33⅓% of the Settlement Fund is Reasonable.***

   (a)   <u>The Settlement's Highly Beneficial Results</u>.  Class counsel obtained an excellent result. The Settlement provides a substantial monetary benefit for the Class by creating a $3 million fund for the reimbursement of class members' claims for their out-of-pocket expenditures on hearing aids and related services over an approximately 9-year period. Dkt. No. 167-1, § 6. The Settlement offers such reimbursement regardless of whether an otherwise eligible class member previously made a claim to Kaiser for coverage of services related to hearing loss. *Id*. Significantly, the Settlement provides a streamlined process for filing a claim, sending prior claimants pre-populated claim forms they can verify online. *Id.*, at § 6.5.1.2.

ORDER FINALLY APPROVING SETTLEMENT
AGREEMENT, ETC. – 7
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

(b)   <u>Risk in Taking on the Litigation</u>.   Class counsel undertook a significant risk in bringing this class action lawsuit on a contingent basis. The case was novel and unique and was heavily litigated by both parties for over six years, during which class counsel paid substantial expenses out of pocket and devoted similarly substantial work on the Class's behalf, for which counsel would not be entitled to reimbursement absent a recovery.

(c)   <u>Complexity of the case</u>.   This case is complex, turning on issues of first impression regarding the extent to which Sec. 1557 of the Affordable Care Act and Washington State anti-discrimination law provide claims and rights of action to remediate potentially discriminatory health insurance benefit designs. *See, e.g., Schmitt, et. al. v. Kaiser Found. Health Plan of Wash.,* 965 F.2d 945, 954-55 (9th Cir. 2020). The case required a concomitant great deal of skill in achieving the settlement.

Based on these factors, the Court finds that a 33⅓% allocation of funds from the common fund towards class counsel's attorney fees is reasonable. *See Vizcaino*, 290 F.3d at 1048-1049 (listing factors for consideration in making a reasonableness determination).

## 2.   *The Lodestar Cross-Check Supports a Fee Award of 33⅓% of the Common Fund.*

The Court also finds that 33⅓% of the common fund constitutes reasonable attorney fees even after performing and considering a lodestar cross-check. A lodestar cross-check is not required by governing law or the Settlement Agreement. *See Benson v. Doubledown Interactive, LLC*, 2023 U.S. Dist. LEXIS 97758, *8 (W.D. Wash. June 1, 2023) (*citing Farrell v. Bank of Am. Corp., N.A.*, 827 F. Appx. 628, 631 (9th Cir. 2020)); *see generally* Dkt. No. 167, *App. 1.* However, it can provide a useful perspective on the reasonableness of fees otherwise resulting from a percentage of the common fund calculation. *Vizcaino*, 290 F.3d at 1050.

ORDER FINALLY APPROVING SETTLEMENT
AGREEMENT, ETC. – 8
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

The lodestar is determined by "multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate." *McCown v. City of Fontano Fire Dept.*, 565 F.3d 1097, 1102 (9th Cir. 2009).  Based on class counsel's declaration and fee ledgers, the lodestar amount is $1,185,268.75.  That lodestar rate is then compared to the percentage fee award amount, in this case, $1,000,000. The percentage award sought by class counsel represents a 15% reduction from their lodestar, further endorsing the reasonableness of the percentage-based calculation of class counsel's fees.

**C.      *Payment of Litigation Costs.***

Litigation costs are recoverable in a class action settlement. *Staton v. Boeing Co.*, 327 F.3d 938, 974-75 (9th Cir. 2003); *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996). The Settlement in this matter specifically authorizes the award of litigation costs, subject to court review and approval. Dkt. No. 167-1, § 10.2. Class counsel has provided a ledger of the costs they paid out of pocket on this litigation, amounting to $374,137.63. The Court has reviewed the costs and finds them to constitute reasonable expenditures for the items and services on which they were incurred, as well as reasonable overall.

**D.      *The Requested Case Contribution Awards Are Reasonable.***

Case  contribution awards are typical in class action cases, *Rodriguez v. West Publ'g Corp.*, 563 F. 3d 948, 958-959 (9th Cir. 2009), and are in the court's discretion to award. *In re Mego Fin. Corp. Sec. Litig.*, 213 F. 3d 454, 463 (9th Cir. 2000). The Settlement agreement authorizes an award of $15,000 to each of the named Plaintiffs, for a total of $45,000. Dkt. No. 167, *App. 1*, § 10.3. Plaintiffs and the class seek an award of $15,000 for each class representative.

In determining whether to approve a case contribution award, courts may consider the following factors: (1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by

ORDER FINALLY APPROVING SETTLEMENT
AGREEMENT, ETC. – 9
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation. *Van Vranken v. Atl. Richfield Co.,* 901 F. Supp. 294, 299 (N.D. Cal. 1995).

The Plaintiffs' proposed incentive awards satisfies these criteria. Each of the class representatives made a significant contribution in time (and intrusion into their lives) toward the prosecution of this case for years, and its eventual settlement. Dkt. No. 176, ¶9.  The class representatives have been actively involved in every aspect of the case, throughout its years-long lifespan. *Id.*; Dkt. No. 168, ¶5. They each agreed to pursue the defendants here on behalf of a class, even though they might have reached a better result for themselves had they pursued their claims individually. They each understood and signed agreements recognizing that they owed a fiduciary duty to all other class members, and were responsible for monitoring the litigation, communicating with class counsel, and acting in the best interests of the class. Dkt. Nos. 93–96 (Declarations of Plaintiffs Schmitt, Mohundro, J.L. and K.L. in support of Motion for Class Certification). Indeed, Plaintiff Schmitt agreed to a special release related to her future claims in order to get the settlement finalized.  *See* Dkt. No. 167-1, § 1.16.

Additionally, courts often consider the relative size of a case contribution award compared with the common fund from which it is drawn to determine the incentive award's reasonableness. *See Sandoval v. Tharaldson Employee Management,* No. EDCV 08-482-VAP, 2010 U.S. Dist. LEXIS 69799 (C.D. Cal. June 15, 2010) (noting that incentive award not exceeding 1% of total settlement was fair and reasonable); *Acosta v. Evergreen Moneysource Mortg. Co.,* No. 2:17-cv-00466-KJM-DB, 2019 U.S. Dist. LEXIS 198728, *53 (E.D. Cal. Nov. 14, 2019) (awarding named plaintiff $10,000 incentive award that represented 2.85% of gross settlement amount). Class counsel's proposed total award of

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

$45,000 between all three class representatives would amount to 1.5% of the Settlement Fund, supporting a finding of its reasonableness.

Based on the caselaw governing such awards, the sizable efforts the named Plaintiffs reasonably expended in this manner on behalf of themselves and the Class, and the relatively modest amount requested as incentive awards compared with the total Settlement Fund, the Court finds that the requested $15,000 case contribution payment for each of the named Plaintiffs is reasonable and should be awarded to them.

### III.  APPROVAL OF DISBURSEMENTS AND PAYMENTS TO CLASS MEMBERS

27.     To facilitate payments from the Settlement Fund, class counsel is authorized to delegate authority to the Claims Processor to make all necessary distributions from the Settlement Fund required pursuant to this Order and/or the Settlement Agreement.

28.     Upon the occurrence of the conditions set forth in Section 2 of the Settlement Agreement, the Court authorizes the payment of valid and approved class member claims. The Court authorizes the disbursement of these funds from the Settlement Fund and authorizes the Claims Processor, in consultation with class counsel, to make disbursements until all of the funds are distributed, consistent with the terms of the Settlement Agreement.

29.     Claimants must negotiate their checks within 90 days of issuance. The Claims Processor may extend this deadline on request from a class member and issue replacement checks for lost checks without further approval of the Court or additional cost to the claimant, provided the cost of replacing the check does not exceed the value of the lost check.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

## IV.  CLASS NOTICE AND CLAIMS ADMINISTRATION COSTS

30.     The Claims Processor is authorized to reimburse itself from the Settlement Fund for the cost of Class Notice and claims administration through April 11, 2024.

31.     The Claims Processor may reimburse itself for the cost of claims administration, taxes, etc. incurred after April 11, 2024, after notifying class counsel regarding such payments at least 14 days in advance.

## V.  AUTHORIZATION OF LATE-FILED CLAIMS

32.     The Claims Processor reports that, through April 10, 2024, claims were filed after the April 4, 2024, deadline for submitting claims ("Late Claims"). The estimated amount of these Late Claims is $29,767.94.  Class counsel and Epiq anticipate that additional late claims may be received.  Adjudication and payment of Late Claims may result in a very slight reduction of the *pro rata* payments to other class members. The Court concludes that this reduction does not unduly prejudice the class members who timely filed their claims. Courts have equitable authority to permit the inclusion of Late Filed claims. *Cf. Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1993).

33.     The Court orders the Claims Processor to accept Late Claims filed through May 4, 2024. The Claims Processor is ordered to adjudicate and pay those claims as if they were timely filed.

## VI.  CLASS COUNSEL'S FINAL REPORT AND DISMISSAL

34.     Class counsel shall submit a final report to the Court regarding claims processing and disbursement of funds from the Settlement Fund by no later than 30 days after the Settlement Fund is fully funded and the Claims Processor has processed and paid all valid and approved claims, including any Late Claims authorized for payment by the Court, and any claims allowed as a result of the arbitration process. The report shall detail the payment of court-awarded attorney fees and litigation costs, case contribution awards, and payment of claims, as well as any other activities necessary to

ORDER FINALLY APPROVING SETTLEMENT
AGREEMENT, ETC. – 12
[Case No. 2:17-cv-1611-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

close the Settlement Fund. At the same time, class counsel shall file a proposed Order of Dismissal.

## VII. ORDER

It is, therefore, ORDERED ADJUDGED AND DECREED that:

1. The Settlement Agreement is approved as fair, reasonable, and adequate under Fed. R. Civ. P. 23, and its terms shall bind all class members, with the exception of the five class members who timely opted out;

2. Class counsel is awarded 33⅓% of the gross amount of the Settlement Fund ($3,000,000) created in this matter as attorney fees. Such fees ($1,000,000) shall be paid from the common Settlement Fund.

3. Class counsel be reimbursed $374,137.63 in costs to be paid from the common Settlement Fund.

4. The Claims Processor is ordered to accept, adjudicate, and pay all late-filed claims and emailed claims received by May 4, 2024, as if the claims were timely received.

5. The Claims Processor is ordered to make payments and distribute checks to class members and the named plaintiffs in accordance with the Agreement and this Order, as approved by the Claims Processor or on appeal by the Arbitrator, in whole or in part based upon the distributions to be made. These amounts are authorized to be paid from the Settlement Fund.

6. Class Representatives Andrea Schmitt, Elizabeth Mohundro, and O.L., by and through their parents J.L. and K.L., are awarded $15,000 each, or $45,000 total, as case contribution awards, to be paid from the common Settlement Fund.

7. Class counsel is ordered to submit a Final Report in accordance with the Agreement and this Order.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

      8.      Upon Kaiser's payment of the Settlement Amount minus deduction of the amount previously paid by Kaiser pursuant to Section 6.2.1 of the Settlement Agreement, the parties shall file a request that this matter be dismissed with prejudice.

      DATED this 18th day of April, 2024.

.

_MM S Lasnik_
Robert S. Lasnik
United States District Judge

ORDER FINALLY APPROVING SETTLEMENT
AGREEMENT, ETC. – 14
[Case No. 2:17-cv-1611-RSL]